**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

Attorneys for the Plaintiff and Proposed
Settlement Class

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARRIE COUSER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**<br><br>                    **PLAINTIFF,**<br>**V.**<br><br>**COMENITY BANK,**<br><br>                    **DEFENDANT.** | **Case No.: 12-CV-02484-MMA-BGS**<br><br>**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |

## DECLARATION OF ABBAS KAZEROUNIAN

**I, ABBAS KAZEROUNIAN, declare:**

1. I am one of the attorneys for the plaintiff in this action, Carrie Couser ("Ms. Couser" or "Plaintiff"). I am over the age of 18 and am fully competent to make this declaration. I was admitted to the State Bar of California in 2007 and have been a member in good standing ever since that time. I have litigated cases in both state and federal courts in California, Washington, Ohio, Nevada, Tennessee, Illinois, Colorado and Texas. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the Ninth Circuit Court of Appeals and the United States Supreme Court. I am also licensed to practice law in all state courts of Texas. If called as a witness, I would competently testify to the matters herein from personal knowledge.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against defendant, Comenity Bank ("Comenity Bank" or "Defendant").

4. This action was commended on October 12, 2012, against Comenity Bank, by filing a putative class action complaint asserting causes of action for: (1) negligent violation of Section 227(b)(3)(B) of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 et seq., and (2) willful violation of Section 227(b)(3)(B) of the TCPA.

5. Comenity Bank filed an Answer on December 20, 2012.

6. Counsel for Plaintiff and Defendant appeared before Judge Skomal on February 1, 2013, for a telephonic attorneys-only Early Neutral Evaluation

Kazerouni Law Group, APC
Costa Mesa, California

Conference ("ENE").

7. A Case Management Conference ("CMC") was held before Judge Skomal on March 20, 2013.

8. Following the ENE and CMC, Plaintiff and Defendant (collectively the "Parties") engaged in further extensive settlement discussions and negotiations regarding this Action, including discussions regarding the methodology, databases used, and technical details of the database searches and other issues related to the parameters of the Settlement Class. As a result of this process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

9. The Parties to the Action participated in three (3) mediation sessions before the Honorable Leo S. Papas (Ret.), which helped the Parties progress towards a settlement on a class basis.

10. In an attempt to put the settlement details in writing, and in projecting the implementation of its terms, the Parties negotiated for a few additional months after mediation before agreeing on how the Settlement details would be resolved, including how best to identify the persons in the Settlement Class and the amount of the Settlement Fund. The Parties agreed to settle on the terms in the Settlement Agreement as set forth therein, on behalf of a Settlement Class of approximately 4.3 millions person called on their cell phones using an automated dialer or prerecorded voice for debt collection purposes without consent. Plaintiff's counsel is satisfied the information provided about the number of persons in the Settlement Class and the number of cell phones called is correct.

11. Conformed written confirmatory discovery and two Fed. R. Civ. P. 30(b)(6) depositions of a representative of Comenity Bank conformed the efficacy of

Kazerouni Law Group, APC
Costa Mesa, California

the processes and methodology used by Comenity Bank to assemble the data and determining the estimated number of Class Members.

12. Plaintiff has also conducted information and formal discovery regarding Plaintiff's claims and Defendant's defenses.

13. Pursuant to the Settlement Agreement (the "Agreement"), those persons in the Settlement Class will receive a pro rata distribution from the Settlement Fund after payment of administration costs, attorneys' fees, costs of litigation, and any incentive payment. Attached hereto as **Exhibit 1** is a true and correct copy of the executed Settlement Agreement. Also, **Exhibits A** through **D** to the Settlement Agreement are true and correct copies of those documents as described in the Settlement Agreement itself.

14. As part of that Agreement, Defendant will make a Maximum Payment of $8,475,000 as the settlement benefits (the "Settlement Fund") for all approved claims. Defendant will also pay all attorneys' fees and expenses, and costs of notice and claims administration from the Settlement Fund. Further, Defendant will pay for the Class Action Fairness Act Notice.

15. It is my opinion that the Class as defined satisfies the requirements of Rule 23 because all persons in the Settlement Class are persons with names associated with cellular telephone numbers that Defendant called at least once using an automatic telephone dialing system and/or prerecorded voice during the Class Period for debt collection purposes. I also believe the Settlement is fair and reasonable.

16. The Settlement Class Members for whom address information is known will be sent a direct mail notice in the form of a postcard explaining they are entitled to make a claim and how to file such claim. They are part of the members of the Class and are entitled to a monetary payment.

17. The claims administrator shall establish and maintain a Settlement Website that (i) enables Class Members to submit a claim and access and download

Kazerouni Law Group, APC
Costa Mesa, California

the Class Notice and Claim Form, (ii) provides contact information for Class Counsel, (iii) and provides access to relevant documents. Such documents shall include the Settlement Agreement and Class Notice, the Preliminary Settlement Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the Complaint, a list of frequently asked questions and answers, and when filed, the Final Settlement Approval Order. The Class Notice shall include the address (URL) of the Settlement Website. The claims administrator shall maintain the Settlement Website until at least 30 days following Final Approval of the Settlement. Class Members will be permitted to submit a claim via the Settlement Website by downloading, completing and submitting electronically a Claim Form.

18. By the date required by the Court to send out notice, the claims administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. Class Members will not be permitted to submit a claim by calling the toll-free telephone number established by the claims administrator. After that time, and for a period of ninety (90) days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related settlement website.

## CLASS DEFINITION

19. The Class or Settlement Class Members refers to:

> All persons whose cellular telephone number's were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent,

Kazerouni Law Group, APC
Costa Mesa, California

1   from August 1, 2010 through May 26, 2014, excluding
2   those persons whose cellular telephone number/s were
3   marked with a "wrong number" code in Defendant's
    database (which personas are included in the putative
4   class in Picchi v. World Financial Network Bank, et al.,
    Case No.: 11-CV-61797, currently pending in the
5   Southern District of Florida.

6   Agr. § 2.08.

7   20.  The Settlement will be terminable at the option of the Parties if written
8        notice of his, their, or its election to do so is provided to all other Parties
9        hereto within ten (10) calendar days of any of the following occurrences:
10            A.     The Court rejects, materially modifies, materially amends or
11       changes, or declines to preliminary or finally approve the Settlement
12       Agreement;
13            B.     An appellate court reverses the Final Approval Order, and the
14       Settlement Agreement is not reinstated without material change by the Court
15       on remand;
16            C.     Any court incorporates into, or deletes or strikes from, or
17       modifies, amends, or changes, the Preliminary Approval Order, Final
18       Approval Order, or the Settlement Agreement in a way that Plaintiff or
19       Defendant reasonably considers material, unless such modification or
20       amendment is accepted in writing by all Parties;
21            D.     The Effective Date does not occur; or
22            E.     Any other ground for termination provided for elsewhere in this
23       Agreement occurs.
24  21.  After approval of Preliminary Approval of Settlement, the pertinent cellular
25       telephone numbers will be disclosed by Defendant to the claims
26       administrator approved by the Court to create the Notice Database.
27  22.  The Parties propose that Kurtzman Carlson Consultants ("KCC") be
28

Kazerouni Law Group, APC
Costa Mesa, California

appointed as claims administrator. KCC specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.

### ADEQUACY OF SETTLEMENT

23. Defendant shall provide class benefits for a maximum of $8,475,000. The Settlement Class Members stand to receive a cash payment from the Settlement Fund in the form of a check per Approved Claim on a pro rata basis after deducting Settlement Costs.

24. Costs of litigation, notice, claims administration and attorneys' fees are being paid by the Defendant from the Settlement Fund.

25. Any incentive payment awarded to the Representative Plaintiff, Ms. Couser, any attorneys' fees and costs awarded to Class Counsel and certain expenses including Claims Administration Costs, are to be paid from the Settlement Fund by Defendant as follows:

   a. Administration Expenses and payment of notice, estimated by KCC is $2,092,278;

   b. Attorneys' fees and costs to Class Counsel, as approved by the Court, up to $2,118,750;

   c. Incentive/Service Award to Representative Plaintiff in an amount up to $1,500; and,

   d. Payment of reasonable and appropriate costs of litigation (to be itemized), and not to exceed $25,000.

26. Defendant will be permitted to maintain that they deny liability. If the claims administrator approved by the Court determines that a Settlement Class Member's cell phone number was not called because it is not on the list of called cell phone numbers according to the information to be provided

Kazerouni Law Group, APC
Costa Mesa, California

by Defendant to the claims administrator, that person will not be entitled to file a claim for a monetary payment.

27. The costs of notice by mail and claims administration will be paid as part of the Settlement Fund.

28. The proposed Settlement contemplates that Class Counsel will request an incentive award in the amount of $1,500 to Ms. Couser, as proposed by Class Counsel, subject to Court approval.  Defendant has agreed not to oppose a request for such incentive award in the agreed-upon amount.

29. The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees, costs, and expenses to be paid from within the Settlement Fund. Defendant has agreed not to oppose an application by Class Counsel for an award of attorneys' fees up to $2,118,750 from the Settlement Fund, which represents 25% of $8,475,000. I believe the excellent results of this Settlement warrant attorneys fees in this amount. Class Counsel also intend to request that the costs of litigation and any costs of Notice and Claims administration, to be paid from the Settlement Benefits. Class Counsel further intend to also ask for costs of litigation not to exceed $25,000 to be paid from the Settlement Benefit.

30. The attorneys' fees and costs application will be prepared solely by Class Counsel, and any attorneys' fees and costs shall be paid to all counsel through Class Counsel.

31. As Defendant does not necessarily have address information for all Settlement Class Members called by Defendant, Class Notice is to be provided by mail to persons in the class for which Defendant has addresses and via publication notice to those Settlement Class Member's for which Defendant does not have address information. Defendant has represented that it has address information for all of the Class Members who are entitled

Kazerouni Law Group, APC
Costa Mesa, California

to make claims are entitled to a monetary payment except for 8,497 persons, which is less then 1% of the Class.

32. The $8,475,000 in Settlement Fund shall pay for the Settlement. Class Counsel have prepared a direct mail notice (Exhibit B to Settlement Agreement) and also a formal lengthy Notice in a Question & Answer format (Exhibit D to Settlement Agreement) to be posted on the Settlement Website that will be created upon preliminary approval of this class action settlement by the Court. Plaintiff will also provide notice by national publication in USA Today (Exhibit C to the Settlement Agreement). Those notices adequately inform the Settlement Class Members about the settlement and their rights to opt out or object to the Settlement. I believe the proposed notice complies with any notice requirements. KCC, the Parties' proposed claims administrator, will use the Class List from Defendant containing all Class Members' names and addresses, to send out the direct mail notice within thirty (30) days of preliminary approval, where possible.

33. The claims process requires that the members of the Settlement Class: (i) provide his or her name and current address to which the compensation may be sent; and (ii) provide the telephone number on which he or she received the allegedly unlawful call. Claims may be rejected at Defendant's option if the cell number does not match a number actually called by or on behalf of Defendant. Claims may be submitted via mail or the Settlement Website.

34. I am unaware of any conflict of interest between Plaintiff and any putative class member or between Plaintiff and Plaintiff's attorneys.

35. I am unaware of any competing litigation apart from the case entitled *Picchi v. World Financial Network Bank*, 11-CV-61797 ("*Picchi* Action"); however, the Class here has been crafted in such a manner to exclude the persons that are covered by the class definition in the *Picchi* Action.

///

Kazerouni Law Group, APC
Costa Mesa, California

### RISKS OF CONTINUED LITIGATION

36. Taking into account the burdens, uncertainty and risks inherent in this litigation, Class Counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

37. The named Plaintiff and her counsel believe that the claims asserted in the action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in any subsequent appeal, they believe that it is desirable that the action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. Class Counsel have concluded that with the Settlement Benefit and with the deterrent effects of the this Settlement, Class Counsel believe the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

38. Additionally, further developments in case law under the TCPA show substantial risks that these types of cases may not be certified. *See Smith v. Microsoft Corp.*, 2014 U.S. Dist. LEXIS 12799 (Class certification denied); *Connelly v. Hilton Grand Vacations Co.*, LLC, 2013 U.S. Dist. LEXIS 157951 (Class certification denied).

39. A settlement was finalized, agreed upon by all Parties and counsel and a formal Settlement Agreement was executed. This motion for preliminary approval of class action settlement followed, which Defendant has agreed in the Settlement Agreement not to oppose.

40. The Plaintiff and the Class will provide a global release to the Released Parties as outlined in the Agreement. Agr. § 16.01, pp. 31-34.

### CLASS COUNSEL'S EXPERIENCE

41. Kazerouni Law Group, APC, Hyde & Swigart, and The Law Offices of Todd M. Friedman, P.C. seek appointment as Class Counsel in this Action. As will be reflected in both my declaration and the declaration to be submitted by Joshua B. Swigart and Todd M. Friedman, I am informed and believe that Class Counsel are qualified and able to conduct this litigation as a class action. It is my understanding that Hyde & Swigart and the Law Offices of Todd M. Friedman, P.C. are submitting separate declarations with this unopposed submission in support of their adequacy to continue to serve as Class Counsel.

42. I am an attorney admitted to practice in the State of California and am a partner at Kazerouni Law Group, APC ("KLG"), which has been retained to represent Plaintiff Carrie Couser in the above-captioned matter. I am a Partner of the law firm of Kazerouni Law Group, APC, co-counsel of record for Plaintiff.

43. Since my admission to the California bar in 2007, I have been engaged exclusively in the area of consumer rights litigation, primarily in the area of fair debt collections, the defense of debt collection lawsuits, and class action litigation under the Telephone Consumer Protection Act and California's invasion of privacy statutes, under Penal Code § 630 et seq.

44. My firm, Kazerouni Law Group, APC, in which I am a principal, has litigated over 1000 cases in the past six years. My firm has three offices in Orange County, California, San Luis Obispo, California and Las Vegas, Nevada. Kazerouni Law Group, APC has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically

Kazerouni Law Group, APC
Costa Mesa, California

under California's invasion of privacy statutes and Telephone Consumer Protection Act.

### EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT

45. I have filed and litigated numerous other class actions based on the Telephone Consumer Protection Act in the past three years. The following is a non-exhaustive list of other TCPA class actions which I am or have been personally involved in:

a. *Lemieux v. EZ Lube, LLC, et al.,* 12-CV-01791-JLS-WYG (S.D. Cal.) (Currently serving as co-lead counsel; motion for preliminary approval of class action settlement filed on February 27, 2014);

b. *Malta, et al. v. Wells Fargo Home Mortgage, et al.,* 10-CV-1290-IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

c. *Conner v. JPMorgan Chase Bank, et al.,* 10-CV-1284 GPC (BGS) (S.D. Cal.) (Currently serving as co-lead counsel for the settlement class of borrowers in connection with residential loans and TCPA violations stemming from the collection of those accounts – the case was preliminarily approved on May 30, 2014 for $11,268,058.00);

d. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation,* 11-md-2286 MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

e. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation,* 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead

action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

f.  *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (Nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA at the time: $24.15; final approval granted in 2012);

g.  *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (Achieving one of the highest class member payouts in a TCPA action of $1,331.25 per claimant; final approval granted in 2012);

h.  *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00 per claimant; final approval granted in 2013);

i.  *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC (KSC) (S.D. Cal.) (Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; preliminary approval granted for over $1,000,000);

j.  *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) – (preliminarily approved for $39,975,00);

k.  *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

l.  *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

m.  *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS);

n.  *In Re Jiffy Lube International, Inc.*, MDL No. 2261 (Finally approved);

o.  *Jaber v. NASCAR*, 11-CV-1783 DMS (WVG) (S.D. Cal.);

p.  *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

q.  *Ryabyshchuk v. Citibank (South Dakota) N.A., et al,* 11-CV-1236 IEG (WVG);

Kazerouni Law Group, APC

Costa Mesa, California

r.  *Sherman v. Kaiser Foundation Health Plan, Inc*., 13-CV-0981-JAH (JMA) (S.D. Cal.);

s.  *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal);

t.  *Karayan v. Gamestop Corp.,* 3:12-CV-01555-P;

u.  *Foote v. Credit One Bank, N.A. et al.*, 13-cv-00512-MWF-PLA (C.D. Cal.);

v.  *Abdeljalil v. GE Capital Retail Bank*, 12−CV−02078−JAH−MDD (S.D. Cal) (motion for class certification filed; decision pending); and

w.  *Webb v. Healthcare Revenue Recovery Group*, 13-cv-00737−RS (N.D. Cal.).

x.  *Gehrich v. Chase bank USA, N.A.,* 1:12-CV-5510 (N.D. IL) – (preliminarily approved for $34,000,000).

46. Many of the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars.  The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Kazerouni Law Group, APC, in successfully prosecuting complex class actions.

### KAZEROUNI LAW GROUP, APC'S OTHER CONSUMER RELATED EXPERIENCE AND RESULTS

47. Kazerouni Law Group, APC has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act and other related consumer statutes.  A brief summary of a non-inclusive list of notable published decisions are as follows:

a.  *Knell, et al. v. FIA Card Services, N.A*., 13-CV-01653-AJB-WVG (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy.  Settlement resulted in a common fund in the amount of $2,750,000; preliminarily approved in January 2014);

b. *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; preliminary approval set for February 18, 2014);

c. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

d. *Olney v. Progressive Casualty Insurance Company*, 13-CV-2058-GPC-NLS, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.) (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA); and,

e. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (The court denied Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS).

### ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS

48. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I attended:

a. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;

b. Three-day National Consumer Law Center Conference; Portland, OR - 2008;

Kazerouni Law Group, APC
Costa Mesa, California

**Kazerouni Law Group, APC**
Costa Mesa, California

   c.  Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

   d.  Three-day National Consumer Law Center Conference; Seattle, WA - 2011;

   e.  Three-day CAALA Conference; Las Vegas, NV – 2009;

   f.  Three-day CAALA Conference; Las Vegas, NV – 2013;

   g.  Three-day CAALA Conference; Las Vegas, NV – 2014;

   h.  Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA – 2013; and

   i.  Speaker at the ABA TCPA National Webinar (Consumer Protection, Privacy & Information Security, Private Advertising Litigation, and Media & Technology Committees) – September 2013.

   j.  Scheduled to speak at the 2014 ACA Conference in November 2014.

49. As one of the main plaintiff litigators of consumer rights cases in the Southern of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights. These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of Southern California, Irvine, and California Western School of Law. I was the principle anchor on Time Television Broadcasting every Monday night, as a consultant on consumer law for over a year in 2012.

50. I am an adjunct professor at California Western School of Law where I teach a three credit course in consumer law.

51. I have been repeatedly named to the annual California Super Lawyers list (2013 & 2014) by Super Lawyers Magazine and in 2012 I was named a Rising Star by the San Diego Daily Transcript.

Kazerouni Law Group, APC
Costa Mesa, California

52. I am a member in good standing of the following local and national associations:

    a.  National Association of Consumer Advocates;

    b.  Federal Bar Association;

    c.  American Association for Justice;

    d.  Orange County Bar Association;

    e.  California Attorneys Association of Los Angeles;

    f.  Iranian American Bar Association (President for 2008 and 2009);

    g.  Consumer Attorneys of California.

53. I have been appointed class counsel in several class actions brought under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (TCPA). My practice involves significant TCPA litigation and I am or have been counsel in significant national TCPA class actions including, but not limited to, class actions against Bank of America, Chase and Wells Fargo, to mention a few.

54. In addition to my class action experience, I have experience in commercial litigation and large-scale products liability litigation including a $2.5 million dollar settlement in *Mei Lu Hwei, et al v. American Honda Motor Co., Inc.*, et al. (Case No. BC401211 in Superior Court of California for County of Los Angeles). I have regularly litigated cases in state and federal courts, and have reached numerous confidential seven-figure settlements against internationally known companies.

### EXHIBITS 2 AND 3

55. Attached hereto as **Exhibit 2** is a true and correct copy of excerpts from the transcript for the deposition of Daniel Gervais that was commenced on January 21, 2014 and resumed on August 21, 2014.

56. Attached hereto as **Exhibit 3** is a true and correct copy of Defendant's Response to Interrogatories as part of confirmatory discovery conducted by Plaintiff in this Action.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on September 4, 2014.

By: /s/ Abbas Kazerounian
Abbas Kazerounian