# PLAINTIFF'S EXHIBIT 1

## Settlement Agreement and Release

---

*In The Case Of*

*Carrie Couser, On Behalf of Herself and All Others Similarly Situated*

*v.*

*Comenity Bank et al.*

*3:12-CV-02484-MMA-BGS*

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, SUITE D1, COSTA MESA, CALIFORNIA 92626**
**(800) 400-6808**

Exhibit 1

## AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is effective as of August 27, 2014, and is entered into by Plaintiff Carrie Couser ("Plaintiff"), individually and on behalf of the Settlement Class members, and by Comenity Bank ("Defendant") and the "Released Parties" as defined below.   Plaintiff and Defendant are referred to collectively in this Agreement as the "Parties."

## RECITALS

1.01.    On October 12, 2012, Carrie Couser filed a Complaint in the United States District Court for the Southern District of California (the "Court") entitled *CARRIE COUSER V. COMENITY BANK*, Case No. 3:12-cv-02484 MMA-BGS (the "Couser Action") in the United States District Court for the Southern District of California, (hereinafter referred to as the "Action").   The Complaint in the *Couser* Action alleges that Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by using an automatic telephone dialing system or an artificial or prerecorded voice to call cellular telephones without the prior express consent of Plaintiff and the putative class members.

1.02.    Defendant in the *Couser* Action denies all material allegations of the Complaint.   Defendant specifically disputes that it placed any calls to Plaintiff or the putative class members without their consent and that it violated the TCPA, or that Plaintiff and the putative class members are entitled to any relief from Defendant. Defendant further contends that the *Couser* Action would not be amenable to class

certification if class certification were sought by Plaintiff and opposed by Defendant. Nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, Defendant has agreed to settle this "Action" on the terms set forth in this Agreement, subject to Court approval.

1.03.    This Agreement resulted from good faith, arm's length settlement negotiations over many months, including an Early Neutral Evaluation Conference and a telephonic Case Management Conference before Magistrate Judge Bernard G. Skomal, and three (3) days of mediation before Honorable Judge Leo Papas (retired). Prior to those conferences, the Parties engaged in both formal and informal discovery surrounding Plaintiff's claims and Defendant's defenses. Defendant provided Plaintiff with information concerning the claim, including data regarding the number of putative class member's called.   Such information was analyzed by a third party expert engaged by Plaintiff. The Parties also participated in direct discussions about possible resolution of this litigation including numerous telephonic conferences and several in-person meetings. Certain information provided by Defendant is subject to confirmatory discovery by Plaintiff as a condition of this Settlement.  As of the date of this Agreement, Plaintiff is in the process of conducting confirmatory discovery to verify the representations made by Defendant as a result of initial discovery and information exchanged during the course of mediation.

Exhibit 1

1.04.    Based on the investigation and negotiations described above, and under the assumption that the information currently known to Plaintiff is confirmed through the additional confirmatory discovery to be conducted as described in Section 15.01 below, Class Counsel have concluded, taking into account the sharply contested issues involved, the risks, uncertainties, and costs of further prosecution of this litigation, and the substantial benefits to be received by class members pursuant to this Agreement, that a settlement with Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class Members.

1.05.    The Parties understand, acknowledge, and agree that the execution of this Agreement constitutes the Settlement and compromise of disputed claims. This Agreement is inadmissible as evidence against any party except to enforce the terms of the Agreement and is not an admission of wrongdoing or liability on the part of any party to this Agreement. It is the Parties' desire and intention to effect a full, complete, and final settlement and resolution of all existing disputes and claims as set forth herein.

1.06.    The settlement contemplated by this Agreement is subject to preliminary and final approval by the court, as set forth herein. This Agreement is intended by the Parties to fully, finally, forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions herein.

Exhibit 1

# DEFINITIONS

2.01.    "Action" means the *CARRIE COUSER V. COMENITY BANK*; Case No. 3:12-cv-02484-MMA-BGS, in the United States District Court for the Southern District of California.

2.02.    "Agreement" or "Settlement" means this Settlement Agreement and Release.

2.03.    "Approved Claims" means claims that have been timely submitted and approved for payment.

2.04.    "CAFA Notice" means the notice required by 28 U.S.C. Section 1715(b).

2.05.    "Claims Deadline" means ninety (90) days from the Settlement Notice Date.

2.06.    "Claim Period" means the 75-day period that begins on the date on which the Publication Notice is published as set forth in Section 9.03.

2.07.    "Claims Administrator" shall mean KCC Class Action Administrators.

2.08.    The "Class" or "Class Members" means the following:

    A. The Class consists of:

All persons whose cellular telephone number/s were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent,

Exhibit 1

from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which persons are included in the putative class in Picchi v. World Financial Network Bank, et al., Case No.: 11-CV-61797, currently pending in the Southern District of Florida).

B.      Excluded from the Class are Defendant, their parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned, and any member of those judges' staffs and immediate families, as well as persons who validly request exclusion from the Settlement Class.

2.09.   The "Class List" means the list of Class Member cell phone numbers prepared by Defendant and provided as part of the settlement process to the Claims Administrator and Class Counsel.

2.10.   "Class Counsel" means Joshua B. Swigart of Hyde & Swigart and Abbas Kazerounian of the Kazerouni Law Group, A.P.C., and Todd M. Friedman of the Law Offices of Todd M. Friedman.

2.11.   "Class Period" means August 1, 2010 through May 26, 2014.

2.12.   "Class Representative" means Plaintiff Carrie Couser.

2.13.    "Court" shall mean the United States District Court for the Southern District of California, and the U.S. District Judge to which the *Couser* Action is assigned.

2.14.    "Effective Date" means the date when the Judgment has become final as provided in Section 14.01.

2.15.    "Final Approval Hearing" or "Fairness Hearing" means the hearing held by the Court to determine whether to finally approve the Settlement set forth in this Agreement as fair, reasonable and adequate.

2.16.    "Final Approval Order" means the Court's Order entered in connection with the Final Approval Hearing, substantially in the form attached hereto as Exhibit E.

2.17.    "Final Distribution Date" means the date set forth in Section 8.05(f).

2.18.    "Final Judgment" means the Judgment entered by the Federal District Court at the Final Approval Hearing

2.19.    "Funding Date" means the date which is no later than ten (10) business days after the Effective Date, on which Defendant shall cause a payment to be made into the Settlement Fund Account pursuant to Section 8.04.

2.20.    "Maximum Payment" means the all-in, non-reversionary payment of Eight Million Four Hundred Seventy-Five Thousand Dollars ($8,475,000.00), which shall be made by Defendant to resolve this

Exhibit 1

litigation. As set forth in this Agreement, this amount shall be used for all Settlement Costs, including administration expenses, taxes and tax-related expenses incurred by or on connection with the creation of the Settlement Fund, and any incentive awards ordered by the court to be paid to the Class Representatives, any attorneys' fees, costs or expenses ordered by the Court to be paid to Class Counsel, and all amounts to be paid to Settlement Class Members under this Agreement. Under no circumstances shall Defendant be required to pay any amount in excess of the $8,475,000 Maximum Payment for any purpose in order to resolve the Action.

2.21.   "Notice" means the notices to be provided to Class Members as set forth in Section 9, including, without limitation, the Direct Mail Notice, the Publication Notice, the Q & A Form Notice to be posted on the website and the Internet Notice process described in Sections 9.01 through 9.08. The forms of the Direct Mail Notice, the Publication Notice, and the Q & A Form Notice are attached hereto as Exhibits A, B, and C respectively.

2.22.   "Notice Database" means the database containing Class Members' information to be provided by Defendant pursuant to Section 8.02.

2.23.   "Objection Deadline" means ten (10) days after the end of the Claims Period.

Exhibit 1

2.24.    "Opt-Out Deadline" means ten (10) days after the end of the Claims Period.

2.25.    "Preliminary Approval Order" means the Court's Order entered in connection with the Preliminary Approval Hearing, substantially in the form attached as Exhibit D.

2.26.    "Q & A Form Notice" means the long-form Question & Answer Form Notice containing questions and answers relating to the terms of the Settlement, which will be made available on the Settlement Website as described in Section 9.05, the form of which is attached hereto as Exhibit C.

2.27.    "Qualified Class Member" means a Settlement Class Member who submits a claim for monetary relief which is approved pursuant to Section 10.03.

2.28.    "Released Claims" means those claims released in Section 16.

2.29.    "Released Parties" means Defendant Comenity Bank, ADS Alliance Data Systems, Inc., Alliance Data Systems Corporation, Comenity Servicing, LLC, Comenity Capital Bank, Comenity, LLC, and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives,

predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

2.30.    The "Settlement Class" or "Settlement Class Members" means those persons who are members of the Class, as set forth in the Class definition in Section 2.08 above, and who do not timely and validly request exclusion from the Settlement Class.

2.31.    "Settlement Costs" means all costs incurred in the litigation by the Class and their attorneys, including but not limited to Plaintiff's attorneys' fees, their costs of suit, Plaintiff's expert or consultant fees, any incentive payments paid to Couser, notice costs, costs of claims administration and all other costs of administering the Settlement.

2.32.    "Settlement Fund" shall mean the funds to be paid by Defendant pursuant to Sections 5.01 and 5.02 below.

2.33.    "Settlement Notice" means the notice of settlement on the form attached hereto as Exhibit A, or as otherwise approved by this Court.

2.34.    "Settlement Notice Date" shall mean the date the Settlement Notices are required by the Court to be mailed to all Settlement Class Members.

2.35.    "Settlement Website" means the Internet website operated by the Claims Administrators as described in Section 9.05.

2.36.     "TCPA" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.,* and any regulations or rulings promulgated under it.

2.37.     "Comenity Bank" or "Defendant" means Comenity Bank.

## BOTH SIDES RECOMMEND APPROVAL
## OF THE SETTLEMENT

3.01.     Defendant's Position on the Conditional Certification of Settlement Class.  Defendant disputes that a class would be manageable or that common issues predominate over individual ones, and denies that a litigation class properly could be certified on the claims asserted in the *Couser* Action. However, solely for purposes of avoiding the expense and inconvenience of further litigation, Defendant does not oppose, and agrees to, certification of the Class defined in Section 2.08, for *settlement purposes only,* pursuant to Fed. R. Civ. P. 23(b)(3). Preliminary certification of the Class for settlement purposes shall not be deemed a concession that certification of a litigation class is appropriate, nor would Defendant be precluded from challenging class certification in further proceedings in the *Couser* Action or in any other action if the Settlement is not finalized or finally approved. If the Settlement is not finally approved by the Court for any reason whatsoever, the certification of the Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in a proceeding involving Defendant. No agreements made by or entered into by Defendant in

connection with the Settlement may be used by Plaintiff, any person in the Class, or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in the *Couser* Action or any other judicial proceeding.

3.02.    Plaintiff's Belief in the Merits of Case.   Plaintiff believes that the claims asserted in the *Couser* Action have merit and that the evidence developed to date support those claims. This Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff that there is any infirmity in the claims asserted by Plaintiff, or that there is any merit whatsoever to any of the contentions and defenses that Defendant has asserted.

3.03.    Plaintiff Recognizes the Benefits of Settlement.   Plaintiff recognizes and acknowledges, however, the expense and amount of time which would be required to continue to pursue the Action against Defendant, as well as the uncertainty, risk, and difficulties of proof inherent in prosecuting such claims on behalf of the Class. Plaintiff has concluded that it is desirable that the *Couser* Action and any Released Claims be fully and finally settled and released as set forth in this Settlement. Plaintiff and Class Counsel believe that the agreement set forth in this Settlement confers substantial benefits upon the Class and is in the best interests of individual Class Members.

## CLASS COUNSEL AND CLASS REPRESENTATIVES

4.01.    <u>Class Representative And Class Counsel Appointment</u>. For settlement purposes, and subject to Court approval, Carrie Couser is appointed as the Class Representative for the Class. The law firms that are appointed to Class Counsel for the Settlement Class are as follows: Hyde & Swigart, Kazerouni Law Group, APC, and the Law Offices of Todd M. Friedman, PC.

## SETTLEMENT TERMS AND BENEFITS
## TO THE SETTLEMENT CLASS

5.01.    <u>Total Payment</u>.    Comenity Bank shall pay $8,475,000 Maximum Payment, as a common fund, to settle the *Couser* Action and obtain a release of all Released Claims in favor of Defendant as set forth herein.   The Maximum Payment will be used to pay Approved Claims and any Settlement Costs and administration fees and costs of any kind. Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims.

5.02.    <u>Amount Paid Per Claim</u>.   The amount paid per Approved Claim shall be divided among the approved claimants on a *pro rata* basis from the amount remaining in the Settlement Fund after deducting the Settlement Costs from the $8,475,000 Maximum Payment.

5.03.    <u>Qualifying for Payment</u>.   Settlement Class Members shall be entitled to submit a claim for a monetary payment if their name is on the Notice Database and Class List, as provided by Defendant, as a

Exhibit 1

person whose cellular telephone number was called by or on behalf of Defendant or the Released Parties, using an automatic telephone dialing system or prerecorded voice message, who is not a putative class member in *Picchi v. World Financial Network Bank, et al.,* Case No.: 11-CV-61797, during the Class Period.

5.04.    <u>The Class Size and Data</u>.   The class will consist of approximately 4.3 million persons, but is not expected to exceed 4.4 million persons.  Defendant will provide confirmation of the number as part of its effort to deliver the class data to the Claims Administrator. Defendant will produce data to the Claims Administrator consisting of identifying information: names, addresses, and telephone numbers for all Class Members, except those that may be unavailable.    Claims Administrator will maintain such information confidentially.

5.05.    <u>Notice</u>.   Notice will include an effort by the Claims Administrator to make a single mailing to the best address derived from the Notice Database or Class List. Additionally, one nationwide publication in USA Today, and an Internet publication will be conducted.

## ATTORNEYS' FEES, COSTS AND PAYMENT TO CLASS REPRESENTATIVES

6.01.    <u>Attorneys' Fees and Costs</u>.  Class Counsel shall move the Court for an award of attorneys' fees and expenses to be paid from the Settlement Fund. Defendant will not object to any request by Class

Counsel for attorneys' fees in an amount not exceeding twenty-five percent (25%) of the Settlement Fund, nor object to any request for the costs incurred by Class Counsel in litigating the *Couser* Action, in an amount not exceeding $25,000. The amount of attorneys' fees and costs approved by the Court shall be paid from the Settlement Fund, and not in addition thereto.  Within five (5) days of the Effective Date and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Class Counsel the amount of attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel.

6.02.   <u>Payment to Class Representatives</u>.   Plaintiff/Class Representative will also ask the Court to award her incentive payments for the time and effort she has personally invested in this Action. Defendant shall not object to such incentive payments to be paid to Couser from the Settlement Fund provided it does not exceed One Thousand Five Hundred Dollars ($1,500) subject to Court approval. Within five (5) days of the Effective Date and after receipt of payees' completed W-9 forms, the Claims Administrator shall pay to Plaintiff's counsel the amount of incentive payments awarded by the Court, and Plaintiff's counsel shall disburse such funds.

6.03.   <u>Settlement Independent of Award of Fees, Costs and Incentive Payments</u>.   The payment of attorneys' fees, costs, and incentive payments set forth in Sections 6.01 and 6.02 are subject to and

dependent upon the Court's approval as fair, reasonable, adequate and in the best interests of Settlement Class Members. However, this Settlement is not dependent upon the Court's approving Plaintiff's requests for such payment or awarding the particular amount sought by Plaintiff. In the event the Court declines Plaintiff's request or awards less than the amount sought, this Settlement shall continue to be effective and enforceable by the Parties.

## PRELIMINARY APPROVAL

7.01. <u>Order of Preliminary Approval</u>. As soon as practicable after the execution of this Agreement, Plaintiff shall move the Court for entry of the Preliminary Approval Order in substantially the form attached as Exhibit D. Pursuant to the motion for preliminary approval, the Plaintiff will request that:

A. The Court conditionally certify the Class for settlement purposes only and appoint Class Counsel as counsel for the Class for settlement purposes only;

B. The Court preliminarily approve the Settlement and this Agreement as fair, adequate, and reasonable, and within the reasonable range of possible final approval;

C. The Court approve the form of Notice and find that the notice program set forth herein constitutes the best notice practicable under the circumstances, and satisfies due process and Rule 23 of the Federal Rules of Civil Procedure;

D.    The Court set the date and time for the Final Approval Hearing, which may be continued by the Court from time to time without the necessity of further notice; and

E.    The Court set the Claims Deadline, the Objection Deadline, and the Opt-Out Deadline.

## ADMINISTRATION AND NOTIFICATION PROCESS

8.01.    <u>Third-Party Claims Administrator</u>.    The Claims Administrator, shall be responsible for all matters relating to the administration of this Settlement, as set forth herein. Those responsibilities include, but are not limited to, giving notice, obtaining new addresses for returned mail, setting up and maintaining the Settlement Website and toll-free telephone number, publishing one nationwide publication in USA Today, fielding inquiries about the Settlement, processing claims, acting as a liaison between Class Members and the Parties regarding claims information, approving claims, rejecting any claim where there is evidence of fraud, directing the mailing of settlement payments to Settlement Class Members, and any other tasks reasonably required to effectuate the foregoing. The Claims Administrator will provide weekly updates on the claims status to counsel for both Parties.

8.02.    <u>Notice Database</u>.    To facilitate the notice and claims administration process, Defendant will provide to the Claims Administrator and to Class Counsel, in an electronically searchable and

Exhibit 1

readable format, a Notice Database which shall include the names, last known mailing address, and cellular telephone numbers for all known Class Members, as such information is contained in the reasonably available computerized account records Defendant maintains. Defendant will provide this information to the Claims Administrator and to Class Counsel no later than eight (8) business days after the date of the Preliminary Approval Order.   The names and addresses shall be maintained along with the cell phone number and any other demographic information available for any Class Member in a single electronic file ("The Notice Database"). Defendant represents for settlement purposes that the estimated size of the class is 4.3 million persons, but is not expected to exceed 4.4 million persons. If any of the terms of this Settlement relating to the Claims Administrator's services would unreasonably hinder or delay such processes or make them more costly, the Claims Administrator shall so advise the Parties, and the Parties will accommodate the Claims Administrator to the extent necessary to carry out the intent of this Settlement Agreement. Any personal information relating to Class Members provided to the Claims Administrator or Class Counsel pursuant to this Settlement, and the Notice Database, shall be provided solely for the purpose of providing notice to Class Members and allowing them to recover under this Settlement; shall be kept in strict confidence; shall not be disclosed to any third party; and, shall not be used for any other purpose.

8.03.   Payment of Notice and Claims Administration Costs. Defendant shall pay the reasonable costs of Notice and settlement administration which is incurred prior to the creation of the Settlement Fund, and Defendant will be given credit for any such payments in funding the Settlement Fund. The Claims Administrator shall provide an estimate of the amount of costs required to mail notice, establish the Settlement website, publish a nationwide notification in USA Today, and establish a toll-free telephone number, as well as any other initial administration costs to the Parties. The Parties shall have the right to review and approve the estimate prior to payment. If the estimate is not approved, the Parties may consider alternate administrators. Upon approval, Defendant shall pay the estimated amount to the Claims Administrator to be held in trust within ten (10) days after the entry of the Preliminary Approval Order. After that upfront payment of administration costs by Defendant, the Claims Administrator shall submit final billing to the Court at the final approval stage to request any additional expenses incurred as part of the administration to be paid out of the Settlement Funds.   In addition, the Claims Administrator shall provide weekly billing updates.   Any amounts paid by Defendant for the estimated costs of administration which are not incurred by the Claims Administrator shall be used for other administration costs, or shall be deducted from future billings by the Claims Administrator. The Claims Administrator shall maintain detailed records of the amounts spent on

Exhibit 1

the administration of the Settlement and shall provide those to the Parties weekly.  At such time that Defendant funds the Settlement Fund, all amounts previously paid to the Claims Administrator by Defendant shall be deducted from the Maximum Payment, which Defendant is required to pay to create the Settlement Fund. After Defendant has created the Settlement Fund and paid out the Maximum Payment required under this Settlement, Defendant shall have no further obligation to pay any amount under this Settlement, and any additional Settlement Costs shall be paid out of the Settlement Fund.

8.04.   <u>Payment for Approved Claims and Remaining Settlement Costs</u>.  Within 10 business days after the Effective Date, Defendant shall provide funds to the Claims Administrator in an amount equal to the difference between what has been paid to that date and the full amount of the $8,475,000 Maximum Payment, subject to the terms of this Agreement.  The Settlement Fund shall be maintained in an interest bearing account at Comenity Bank.

8.05.   <u>Distribution of the Settlement Fund</u>.   The Claims Administrator shall distribute the funds in the Settlement Fund in the following order and within the time period set forth with respect to each such payment:

(a)   First, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay taxes and tax-related expenses, if any, or, at the Claims Administrator's

discretion, it shall reserve an amount of the Settlement Fund sufficient to pay taxes and tax-related expenses as described in Section 19;

(b)     Second, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay to the Class Representative any incentive award ordered by the Court, as described in Section 6.02;

(c)     Third, no later than five (5) business days after the Funding Date, the Claims Administrator shall pay to Class Counsel any award of attorney's fees, costs, or expenses ordered by the Court, as described in Section 6.01;

(d)     Fourth, no later than twenty (20) days after the Funding Date, the Claims Administrator shall be paid for any unreimbursed costs of administration;

(e)     Fifth, no later than thirty (30) days after the Funding Date, the Claims Administrator shall pay the Settlement Awards to Qualified Class Members pursuant to Section 10;

(f)     Finally, on the Final Distribution Date, which is the earlier of: (i) the date as of which all the checks for the Settlement Awards have been cashed; or, (ii) two-hundred ten (210) days after the date on which the last check for a Settlement Award was issued, the Claims Administrator shall pay any amount remaining in the Settlement Fund Account from

uncashed Settlement checks to one or more *cy pres* recipients which are agreed upon by the Parties and approved by the Court.

## NOTICES

9.01.   <u>Mailing of Settlement Notice</u>.  The Claims Administrator shall send the Settlement Notice to each Class Member via first class mail within thirty (30) days after entry of the Preliminary Approval Order, or as soon as practicable thereafter. The Claims Administrator shall use the Notice Database to obtain each Class Member's last known address. If, and to the extent deemed necessary by Class Counsel, the last known address of Class Members may be subject to confirmation or updating as follows:

(a)    The Claims Administrator may check each address against the United States Post Office National Change of Address Database before the initial mailing;

(b)    The Claims Administrator may conduct a reasonable search to locate an updated address for any Class Member whose Settlement Notice is returned as undeliverable;

(c)    The Claims Administrator shall update addresses based on any forwarding information received from the United States Post Office; and

(d)    The Claims Administrator shall update addresses based on any requests received from Class Members.

9.02.    Re-Mailing of Returned Settlement Notices.  Any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address.

9.03.    Publication Notice.  No later than thirty (30) days after entry of the Preliminary Approval Order, or as soon as practicable thereafter, the Claims Administrator shall cause a Publication Notice, substantially in the form attached hereto as Exhibit B, to be published once on a nationwide basis, in a national edition of USA Today on any day from Monday through Thursday, and to be published on the Settlement Website on the same date, and retained on the website thereafter.

9.04.    Question and Answer Formal Notice.   The Claims Administrator shall also post on the website a formal Question and Answer Notice ("Q & A Form Notice"), substantially in the form attached hereto as Exhibit C, which shall set forth in a question and answer format, the details of the Settlement and the rights of Class Members to participate in the Settlement, exclude themselves or object to the Settlement.

9.05.    Website Notice.   By the Settlement Notice Date, the Claims Administrator shall maintain and administer a dedicated settlement website containing class information and related documents, along with information necessary to file a claim, and an electronic

version of the Claim Form members can download, complete, and submit electronically. At a minimum, such documents shall include the Settlement Agreement and Exhibits, the Notice, the Q & A Form Notice, the Preliminary Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the operative complaint, and when filed, the Final Approval Order.

9.06.   Toll-Free Telephone Number.   By the Settlement Notice date, the Claims Administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. After that time, and for a period of ninety (90) days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related settlement website.

9.07.   CAFA Notice.   Class Administrator shall be responsible for serving the Class Action Fairness Act ("CAFA") notice required by 28 U.S.C. § 1715 within ten (10) days of entry of the order granting the Preliminary Approval.

## CLAIMS PROCESS

10.01.   Potential Claimants.   Each Class Member who does not timely and validly request exclusion from the Settlement as required in this Agreement shall be a Settlement Class Member and entitled to make

a claim. Each Settlement Class Member shall be entitled to make only one claim per cellular telephone number, regardless of the number of calls received by each of cellular telephone number.

10.02.   How to Make a Claim. In order to make a claim, a Settlement Class Member must either:

(a)   Submit a claim by calling the toll-free number;

(b)   Submit a claim online at the Settlement website; or,

(c)   Submit the completed Claim Form received in the mail, or downloaded from the Settlement website, to the Claims Administrator by mail or otherwise.

All claims must be submitted by the Claims Deadline as set forth in the Settlement Notice.   Any Claim Form postmarked after the Claims Deadline shall be deemed untimely and an invalid claim.

10.03.   How a Claim is Approved.   The claims process shall require only that the Settlement Class Member provide his or her name, a Claim Identification Number assigned to each Direct Mail Notice, if available, and cellular telephone number. If the claimant's name and/or cellular telephone number matches the Notice Database or Class List generated from Defendant's records, that claim will be approved, subject to the limitation that only one claim will be paid to each Settlement Class Member. If a Settlement Class Member submits a claim and qualifies for a monetary payment, he or she is a "Qualified Class Member".   Except as necessary to resolve issues related to denied

Settlement Claims, or to evaluate requests for exclusion and/or respond to objections, the Claims Administrator shall not provide to Defendant, their counsel or any of their agents any identifying information obtained from the Class Members for purposes of facilitating the Class Notice, Settlement Awards, or claims administration, other than the names of person submitting Settlement Claims.

**CLAIMS REVIEW PROCESS**

11.01.   <u>Review of Approved or Denied Claims</u>.  Each Settlement Class Member who does not exclude himself or herself from the Class and who makes a timely claim shall have their claim reviewed by the Claims Administrator. The Claims Administrator shall review the claims and advise the Parties on a weekly basis, at minimum, of the claims that are approved and denied.  Class Counsel shall be entitled to contest the denial of any claims, first through meeting with the Claims Administrator, and if they are unable to resolve such issues, they may seek assistance of the Court to resolve the issues at the earliest possible date, and to attempt to have a resolution before the fairness hearing. However, if those issues are unresolved at the time of the fairness hearing, that will not prevent the fairness hearing from going forward, with the issues to be resolved at a later date but within sixty (60) days of the entry of any order regarding the fairness hearing, including any order for final approval of the Settlement.

Exhibit 1

11.02.   <u>Mailing of Settlement Check</u>.  Settlement checks shall be sent to Qualified Class Members by the Claims Administrator via U.S. mail no later than thirty (30) days after the Effective Date. If any Settlement checks are returned, the Claims Administrator shall attempt to obtain a new mailing address for that Settlement Class Member by taking the steps described in Section 9.01. If, after a second mailing, the Settlement check is again returned, no further efforts need be taken by the Claims Administrator to resend the check. The Claims Administrator shall advise Class Counsel and counsel for Defendant, of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each Settlement check will be negotiable for one hundred eighty (180) days after it is issued. Any funds not paid out as the result of uncashed Settlement checks shall be paid out as a *cy pres* award, to a recipient agreed to by the Parties and approved by the Court, as set forth in Section 8.05(f).

## OPT-OUTS AND OBJECTIONS

12.01.   <u>Opting-Out of the Settlement</u>.  Any Class Members who wish to exclude themselves from the Settlement Class ("opt-out") must advise the Claims Administrator in writing of that intent, and their opt-out request must be postmarked no later than the Opt-Out Deadline. The Claims Administrator shall provide the Parties with copies of all opt-out requests it receives, and shall provide a list of all Class Members who timely and validly opted-out of the Settlement in their declaration filed

with the Court. Settlement Class Members who do not properly and timely submit an opt-out request will be bound by this Agreement and the judgment, including the releases in Section 16 below. If more than three thousand (3,000) of the Class Members opt-out, Defendant has the option of voiding this Settlement and proceeding with the litigation, as provided in Sections 17.02 and 17.03 below.

      A.    In the written request for exclusion, the Class Member must state his or her full name, address, and telephone number. Further, the Class Member must include a statement in the written request for exclusion that he or she wishes to be excluded from the Settlement.

      B.    Any Class Member who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement.

12.02.   <u>Objections</u>.  Any Settlement Class Member who intends to object to the fairness of this settlement must file a written objection with the Court and provide a copy to Class Counsel and counsel for Defendant by the Objection Deadline.

      A.    In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, the reasons for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel. Any documents supporting the objection must also be attached to the Objection.

B.     Any Settlement Class Member who objects may appear at the Fairness Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must: (a) file a notice of appearance with the Court no later than ten (10) days prior to the Fairness Hearing, or as the Court may otherwise direct; and (b) serve a copy of such notice of appearance on all counsel for all Parties. Any Settlement Class Member who fails to comply with the provisions of this Section 12.02 shall waive and forfeit any and all rights to appear separately and/or to object, and shall be bound by all the terms of this Settlement, and by all proceedings, orders, and judgments in the litigation.

## FINAL JUDGMENT AND ORDER

13.01.   No later than fourteen (14) calendar days prior to the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on counsel for all Parties, a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order.

13.02.   If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, no later than fourteen (14) calendar days prior to Final Approval Hearing:

Exhibit 1

A.    The Parties shall both request, individually or collectively, that the Court enter the Final Approval Order in substantially the form attached as Exhibit E, with Class Counsel filing a memorandum of points and authorities in support of the motion; and,

B.    Counsel for the Class and Defendant may file a memorandum addressing any objections submitted to the Settlement.

13.03.   At the Final Approval Hearing, the Court will consider and determine whether the provisions of this Agreement should be approved, whether the Settlement should be finally approved as fair, reasonable and adequate, whether any objections to the Settlement should be overruled, whether the fee award and incentive payments to the Class Representatives should be approved, and whether a judgment finally approving the Settlement should be entered.

13.04.   This Agreement is subject to and conditioned upon the issuance by the Court of a Final Approval Order which grants final approval of this Agreement and:

A.    Finds that the Notice provided satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

B.    Finds that Settlement Class Members have been adequately represented by the Class Representatives and Class Counsel;

C.    Finds that the Settlement Agreement is fair, reasonable and adequate to the Settlement Class, that each Settlement Class Member shall be bound by this Agreement, including the releases in

Section 16, and the covenant not to sue in Section 16.02, and that this Settlement Agreement should be and is approved;

D.     Dismisses on the merits and with prejudice all claims of the Settlement Class Members asserted against Defendant in the *Couser* Action;

E.     Permanently enjoins each and every Settlement Class Member from bringing, joining, or continuing to prosecute any Release Claims against Defendant or the Released Parties; and,

F.     Retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

## FINAL JUDGMENT

14.01.   The Judgment entered at the Final Approval Hearing shall be deemed final:

A.     Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the judgment; or,

B.     If any such document is filed, then five (5) days after the date upon which all appellate and/or other proceedings resulting from such documents have been fully terminated in such a manner as to permit the judgment to take effect in substantially the form described in Section 13.04.

## CONFIRMATORY DISCOVERY

15.01. Class Counsel shall be entitled to conduct limited discovery to confirm the accuracy of the information provided to them during the course of the litigation and the Parties' settlement negotiations. The purpose of that discovery shall be to confirm the total number of Class Members and the process used to determine that number. This discovery is to be used solely for purposes of finalizing this Settlement and, consistent with Section 17.03 below, may not be used for any other purpose in the event this Agreement is terminated, or is otherwise not fully and finally approved by the Court.

15.02   The Settlement provides for confirmatory discovery to be conducted during the approval process. Plaintiff reserves the right to void the Settlement if this confirmatory discovery reveals any substantial variance from previous discovery or other factual representations made by Defendant and relied upon by Plaintiff as the basis for the Settlement.

## RELEASE OF CLAIMS

16.01. <u>Released Claims.</u> Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, representatives, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Settlement Class Members further agree that they will not institute any action of cause of action (in law, in equity, or administratively), suits, debts, liens, or

Exhibit 1

claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.  The release does not apply to class members who timely opt-out of the Settlement.

      A.    "Released Claims" means any and all claims, causes of actions, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorney's fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, and regulatory promulgation (including, but not limited to, an opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or related in any way to the Released Parties' use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members, to the fullest extent that those terms are used, defined, or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.,* relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the Telephone Consumer Protection

Act, 47 U.S.C. § 227, *et seq.,* and any other statutory or common law claim arising from the use of an automatic telephone dialing system and/or artificial or prerecorded voice calls to cellular telephones, or pagers.

B.   <u>Waiver of Unknown Claims.</u> Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitations as to any other applicable law, under Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers under California Civil Code Section 1542 and similar federal and state statutes, case law, rules or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or

believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever, all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be, and remain in effect, notwithstanding the discovery or existence of any such additional or difference facts.

16.02.   <u>Covenant Not To Sue.</u> Plaintiff agrees and covenants, and each Settlement Class Member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

## TERMINATION OF AGREEMENT

17.01.   <u>Either Side May Terminate the Agreement.</u> Plaintiff and Defendant shall each have the right to unilaterally terminate this Agreement by providing written notice of his, their, or its election to do so ("Termination Notice"), to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

A.   The Court rejects, materially modifies, materially amends or changes, or declines to preliminary or finally approve the Settlement Agreement;

B.     An appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

C.     Any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiff or Defendant reasonably considers material, unless such modification or amendment is accepted in writing by all Parties;

D.     The Effective Date does not occur; or

E.     Any other ground for termination provided for elsewhere in this Agreement occurs.

17.02.   Termination if Large Number of Opt-Outs.   If, at the conclusion of the Opt-Out deadline, more than three thousand (3,000) of the Settlement Class Members have opted-out of the Settlement, the Defendant shall have, at their sole and absolute discretion, the option to terminate this Agreement within ten (10) days after the Opt-Out Deadline.

17.03.   Revert to Status Quo.   If either Plaintiff or Defendant terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed, and any orders entered by the Court in connection with this Agreement shall be vacated.   However, any payments made to

the Claims Administrator for services completed and rendered to the date of termination shall not be refunded to Defendant.

## NO ADMISSION OF LIABILITY

18.01.   Defendant denies any liability or wrongdoing of any kind associated with the alleged claims in the operative complaints. Defendant has denied and continues to deny each and every material factual allegation and all claims asserted against them in the *Couser* Action.  Nothing herein shall constitute an admission by Defendant of wrongdoing, or liability, or of the truth of any allegations in the *Couser* Action. Nothing herein shall constitute an admission by Defendant that the *Couser* Action is properly brought on a class or representative basis, or that classes may be certified in those actions, other than for settlement purposes. To this end, the settlement of the Action, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of the Settlement: (i) are not and shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendant, or of the truth of any of the allegations in the *Couser* Action; (ii) are not and shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendant in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and shall not be

deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification.

18.02.   Pursuant to Federal Rules of Evidence 408 and California Evidence Code Sections 1119 and 1152, and any similar provisions under the laws of other states, either this agreement not any related documents filed or created in connection with this Agreement shall be admissible in evidence in any proceeding, except as necessary to approve, interpret or enforce this Agreement.

## TAXES

19.01.   <u>Qualified Settlement Fund.</u> The Parties agree that the account into which the Settlement Fund is deposited is intended to be and will at all times constitute a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. The Claims Administrator shall timely make such elections as necessary or advisable to carry out the provisions of Section 13, including, if necessary, the "relation back election" (as defined in Treas. Reg. §1.468B-1(j)(2)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under §1.468B of the Internal Revenue Code of 1986, as amended (the "Code"). It shall be the responsibility of the Claims Administrator to cause the timely and proper preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

19.02.    Claims Administrator is "Administrator".    For the purpose of §1.468B of the Code and the Treasury regulations thereunder, the Claims Administrator shall be designated as the "Administrator" of the Settlement Fund. The Claims Administrator shall cause to be timely and properly filed all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns shall reflect that all taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

19.03.    Taxes Paid by Administrator. All taxes arising in connection with income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Defendant or any of the other Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes shall be paid by the Claims Administrator from the Settlement Fund.

19.04.    Expenses Paid from Fund. Any expenses reasonably incurred by the Claims Administrator in carrying out the duties described in Section 20, including fees of tax attorneys and/or accountants, shall be paid by the Claims Administrator from the Settlement Fund in accordance with Section 8.

Exhibit 1

19.05.    Responsibility for Taxes on Distribution. Any person or entity that receives a distribution from the Settlement Fund pursuant to Section 8 (except for a distribution of taxes), shall be solely responsible for any taxes or tax-related expenses owed or incurred by that person or entity by reason of that distribution. Such taxes and tax-related expenses shall not be paid from the Settlement Fund.

19.06.    Defendant Is Not Responsible. In no event shall Defendant, or any of the other Released Parties have any responsibility or liability for taxes or tax-related expenses arising in connection with the payment or distribution of the Settlement Fund to Plaintiff, Class Members, Class Counsel or any other person or entity, and the Settlement Fund shall indemnify and hold Defendant and the other Released Parties harmless for all such taxes and tax-related expenses (including, without limitation, taxes and tax-related expenses payable by reason of any such indemnification).

## MISCELLANEOUS

20.01.    Entire Agreement. This Agreement and the exhibits hereto constitute the entire agreement between the Parties. No representations, warranties or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

20.02.    Governing Law. This Agreement shall be governed by the laws of the State of California.

Exhibit 1

20.03.     Non-Waiver Of Debts/Obligations Owing By Class Members. The Parties understand and agree that this Settlement Agreement and any terms herein shall not affect in any regard any debt or obligation owed by Plaintiff or Settlement Class Member to Defendant and/or their clients, principals and their related or affiliated entities. This Settlement Agreement does not operate to waive, extinguish, terminate, reduce or affect any debt or obligation owed by Plaintiff or Class Members, and shall not impair or limit any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to Defendant and their clients, principals and their related or affiliated entities.

20.03.     Jurisdiction. The Court shall retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class members, for purposes of the administration and enforcement of this Agreement.

20.04.     No Construction Against Drafter. This Agreement was drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any Party based upon the contention that this Agreement or a portion of it was purportedly drafted or prepared by that Party.

20.05.     Resolution of Disputes. The Parties shall cooperate in good faith in the administration of this Settlement. Any unresolved

dispute regarding the administration of this Agreement shall be decided by the Court, or by a mediator upon agreement of the Parties.

20.06.    Counterparts. This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

20.07.    Time Periods. The time periods and dates described herein are subject to Court approval and may be modified upon order of the Court or written stipulation of the Parties.

20.08.    Authority. Each person executing this Settlement Agreement on behalf of any of the Parties hereto represents that such person has the authority to so execute this Agreement.

20.09.    No Oral Modifications. This Agreement may not be amended, modified, altered or otherwise changed in any manner, except by a writing signed by a duly authorized agent of Defendant and Plaintiff, and approved by the Court.

20.10.    Notices. Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and may be sent by electronic mail, fax or hand delivery, postage prepaid, as follows:

Exhibit 1

If to Class Counsel:

     Joshua B. Swigart, Esq.
     Hyde & Swigart
     2111 Camino Del Rio South, Suite 101
     San Diego, CA 92108
     Telephone: (619) 233-7770
     josh@westcoastlitigation.com

     Abbas Kazerounian, Esq.
     The Kazerouni Law Group, APC
     245 Fischer Avenue, Unit D1
     Costa Mesa, CA 92626
     Telephone: (800) 400-6808 Ext: 2
     ak@kazlg.com


If to counsel for Settling Defendant:

     David J. Kaminski, Esq.
     Carlson & Messer, LLP
     5959 W. Century Boulevard, Suite 1214
     Los Angeles, California 90045
     Telephone: (310) 242-2204
     KaminskiD@cmtlaw.com

Exhibit 1

_____

Carrie Couser, Plaintiff and Class Representative


Defendant Comenity Bank


By: _____

     John J. Coane, President


ADS Alliance Data Systems, Inc.

By: _____

     Melisa Miller, Executive Vice President and
     President Retail Services

By: _____

     Edward Heffernan, President and CEO


APPROVED AS TO FORM:

Attorneys for Plaintiff Carrie Couser and the Settlement Class


_____

Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA  92108
Telephone:     (619) 233-7770

Exhibit 1

_____

Carrie Couser, Plaintiff and Class Representative


Defendant Comenity Bank


By: _____
    John J. Coane, President


ADS Alliance Data Systems, Inc.


By: _____
    Melisa Miller, Executive Vice President and
    President Retail Services


By: _____
    Edward Heffernan, President and CEO


APPROVED AS TO FORM:

Attorneys for Plaintiff Carrie Couser and the Settlement Class

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA  92108
Telephone:    (619) 233-7770

Exhibit 1

_(signature)_

Carrie Couser, Plaintiff and Class Representative

Defendant Comenity Bank

By: _____
    John J. Coane, President

ADS Alliance Data Systems, Inc.

By: _____
    Melisa Miller, Executive Vice President and
    President Retail Services

By: _____
    Edward Heffernan, President and CEO

APPROVED AS TO FORM:

Attorneys for Plaintiff Carrie Couser and the Settlement Class

_____
Joshua B. Swigart, Esq.
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA  92108
Telephone:    (619) 233-7770

Exhibit 1

_____
Abbas Kazerounian, Esq.
The Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808


_____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Drive, #725
Beverly Hills, California 90211
Telephone: (888) 595-9111


Attorneys for ADS Alliance Data Systems, Inc.,
and Defendant Comenity Bank


_____
David J. Kaminski, Esq.
Carlson & Messer, LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
Telephone: (310) 242-2200

Exhibit 1

Abbas Kazerounian, Esq.
The Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Drive, #725
Beverly Hills, California 90211
Telephone: (888) 595-9111

Attorneys for ADS Alliance Data Systems, Inc.,
and Defendant Comenity Bank

David J. Kaminski, Esq.
Carlson & Messer, LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
Telephone: (310) 242-2200

Exhibit 1

Abbas Kazerounian, Esq.
The Kazerouni Law Group, APC
245 Fischer Avenue, Unit D1
Costa Mesa, California 92626
Telephone: (800) 400-6808

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
369 South Doheny Drive, #725
Beverly Hills, California 90211
Telephone: (888) 595-9111

Attorneys for ADS Alliance Data Systems, Inc.,
and Defendant Comenity Bank

David J. Kaminski, Esq.
Carlson & Messer, LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
Telephone: (310) 242-2200

Exhibit 1

# PLAINTIFF'S EXHIBIT A

## Post Card Notice / Claim Form

---

*In The Case Of*

***Carrie Couser, On Behalf of Herself and All Others Similarly Situated***

***v.***

***Comenity Bank et al.***

***3:12-CV-02484-MMA-BGS***

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, SUITE D1, COSTA MESA, CALIFORNIA 92626**
**(800) 400-6808**

LEGAL NOTICE OF PROPOSED CLASS ACTION
SETTLEMENT AND FAIRNESS HEARING

**If you received a telephone call from or on behalf of Comenity Bank on your cell phone that was made using an automatic telephone dialing system, between August 1, 2010 and May 26, 2014 without your prior permission, you may be entitled to get a cash payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

File your Claim on or before XXXX, XX, 201X at www.XXXXXX.com or 1- XXX-XXX- XXXX.

CYC

*Couser v. Comenity Bank*
Claims Administrator
P.O. Box XXXXXX
XXXXXXXXX, XX XXXXXX

First-Class
Mail
US Postage
Paid
Permit #___

«Barcode»

Postal Service: Please do not mark barcode

Claim #: CYC- «ClaimID» - «MailRec»
«First1» «Last1»
«co»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

---

Carefully separate this Claim Form post card at the perforation



«Barcode» Claim #: CYC-«ClaimID»    «First1» «Last1»

You may be eligible for a cash payment from this class action settlement. To complete this Claim Form, provide the cell phone number called between August 1, 2010 and May 26, 2014 by the automatic telephone dialing system, **sign** and **date** the form and mail it by XXXX XX, 201X.

## Cellular Number (Required):  ( _ _ _ ) - _ _ _ - _ _ _ _

I attest under penalty of perjury that my cellular telephone number(s) were called by Comenity Bank, released parties, or a third party dialing company on behalf of Comenity Bank or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014.

Signature: _____ Date: _____

Mail this Claim Form on or before **XXXX XX, 201X**.

    CYCCRD01



Telephone Consumer Protection Act ("TCPA") by calling or allowing other companies to call people on their cell phones with an automatic telephone dialing system ("ATDS") or artificial or prerecorded voice between August 1, 2010 and May 26, 2014 ("class period") without their prior express consent. The court did not decide in favor of Plaintiff or Comenity. Comenity denies any violation. However, to settle the case, Comenity will provide a Settlement Fund of up to $8,475,000.

Comenity's records indicate that you are included in the Settlement as a Settlement Class Member because it called you on your cell phone using an ATDS or artificial or prerecorded voice during the class period.

People receiving this Notice are entitled to make a claim for a cash payment from this Settlement. To receive a payment you must complete and mail the attached Claim Form by XXXX, XX, 201X. Claims may also be submitted: online at www.XXXXXX.com; downloaded from www.XXXXXX.com, printed and mailed to the Claims Administrator; or by calling 1- XXX-XXX- XXXX. If the Court approves the Settlement, people who submit a valid Claim Form will be paid an equal distribution from the Settlement Fund—after deducting the costs of litigation, notice, claims administration, attorneys' fees and incentive award—depending on the number of Claims submitted. Payment amounts will vary based on the total number of valid Claim Forms received. The Class is believed to consist of 4.3 million to 4.4 million Settlement Class Members. Potential damages under the TCPA are $500 for each negligent violation and up to $1,500 for each willful violation, plus injunctive relief.

If you don't want to be legally bound by the Settlement or receive a payment from it, you must exclude yourself from it by XXXX, XX, 201X. Unless you exclude yourself, you will be bound by the terms of this Settlement Agreement, including but not limited to, its release. If you stay in the Settlement (i.e., don't exclude yourself), you may object to it or you may ask for permission for you or your own lawyer to appear and speak at the hearing—at your own cost—but you do not have to. Objections and requests to appear are due by XXXX XX, 201X. More information is in the detailed notice and Settlement Agreement available at www.XXXXXX.com.

The court will hold a Fairness Hearing on XXXX, XX, 201X, at X:XX a.m. at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, in Courtroom 3A to decide whether to approve: (1) the Settlement, (2) attorneys' fees of up to 25% of the $8,475,000 Settlement Fund, and costs of up to $25,000, and (3) a $1,500 payment to the Class Representative (Carrie Couser).

_____
_____
_____

**CYC**

First-Class
Postage
Required

*Couser v. Comenity Bank*

Claims Administrator

P.O. Box XXXXX

XXXXXXXX, XX XXXXX-XXXX

# PLAINTIFF'S EXHIBIT B

## Publication Notice

---

*In The Case Of*

**Carrie Couser, On Behalf of Herself and All Others Similarly Situated**

**v.**

**Comenity Bank et al.**

**3:12-CV-02484-MMA-BGS**

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, SUITE D1, COSTA MESA, CALIFORNIA 92626**
**(800) 400-6808**

<u>LEGAL NOTICE</u>

**If you received a cellular telephone call from or on behalf of Comenity Bank using an automatic telephone dialing system or an artificial or prerecorded voice you may be entitled to receive a payment and your rights may be affected by this class action settlement.**

A Settlement has been reached in a class action lawsuit alleging that Comenity Bank ("Comenity" or "Defendant") violated the Telephone Consumer Protection Act ("TCPA"), by calling or allowing other companies to call cell phone numbers using an automatic telephone dialing system ("ATDS") and/or an artificial or prerecorded voice between August 1, 2010 and May 26, 2014, without prior express consent. The Court did not decide in favor of Plaintiffs or Comenity. Comenity denies any violation or liability. To settle the case, Comenity will provide a Settlement Fund of up to $8,475,000. The case is known as *Couser v. Comenity Bank*, Case No. 3:12-cv-02484 MMA-BGS (S.D. Cal.).

The "Class" includes all persons whose cellular telephone numbers were called by Comenity, released parties, or a third party dialing company on behalf of Comenity or the released parties, using an automatic telephone dialing system, without consent, from August 1, 2010 through May 26, 2014. Persons whose cellular telephone numbers were marked with a "wrong number" code in Comenity's database are <u>not</u> included in the Class (these persons are included in the putative class in *Picchi v. World Financial Network Bank*, Case No.: 11-CV-61797, currently pending in the Southern District of Florida).

Subject to final Court approval, each Settlement Class Member who received one of these calls and submits a valid Claim Form will be paid an equal distribution from the Settlement Fund—after deducting the costs of litigation, notice, claims administration, attorneys' fees and incentive award—depending on the number of Claims submitted. Payment amounts will vary based on the total number of valid Claim Forms received. The Class is believed to consist of 4.3 million to 4.4 million Settlement Class Members. Potential damages under the TCPA are $500 for each negligent violation and up to $1,500 for each willful violation.  To make a claim, call [1-000-000-0000], go to www.XXXXXXX.com, or download and print a Claim Form from www.XXXXXXX.com and mail it to Couser Settlement Claims Administrator, P.O. Box [XXXX], Providence, RI #####-####]. Claim Forms are due by [**Month 00, 0000**].

If you do not want to be a part of the Settlement, you must exclude yourself by writing to the Claims Administrator postmarked no later than [**Month 00, 0000**].  Unless you exclude yourself, you will be bound by any final judgment in the action, including the release of Comenity and others from any claims arising out of or related to this Settlement.

If you want to object to the Settlement, you must file an objection with: (1) U.S. District Court, 221 West Broadway, San Diego, CA 92101; (2) Abbas Kazerounian, KAZEROUNI LAW GROUP, APC, 245 Fischer Avenue, Suite D1, Costa Mesa, CA 92626; and (3) David J. Kaminski, CARLSON & MESSER LLP, 5959 W. Century Blvd., Suite 1214 Los Angeles, CA 90045, postmarked no later than [**Month 00, 0000**].

At your own expense, you may have your own lawyer appear in Court for you if you like. If you hire your own lawyer, that lawyer must send a Notice of Intention to Appear postmarked no later than [**Month 00, 0000**] to all three addresses above.

The Court has scheduled a Fairness Hearing for [Month 00, 0000], at [__:__ _.m.], in Courtroom 3A of the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101 to decide: (1) whether to approve the Settlement; (2) Class Counsel's request for fees of up to 25% of the $8,475,000 Settlement Fund and costs up to $25,000; and (3) a $1,500 payment to the Class Representative (Carrie Couser). Upon final approval, the action will be dismissed with prejudice and the Settlement Class Members who do not request exclusion will be deemed to release Comenity and related entities as detailed in the Settlement Agreement (available at www.XXXXXXX.com).

For more information: www.XXXXXXX.com or call 1-XXX-XXX-XXXX.

# Plaintiff's Exhibit C

## Long Form Notice

---

*In The Case Of*

**Carrie Couser, On Behalf of Herself and All Others Similarly Situated**

*v.*

**Comenity Bank et al.**

**3:12-CV-02484-MMA-BGS**

**Kazerouni Law Group, APC**
**245 Fischer Avenue, Suite D1, Costa Mesa, California 92626**
**(800) 400-6808**

Couser v. Comenity Bank
3:12-cv-02484-MMA-BGS (S.D. Cal)
United States District Court
Southern District of California
[www._____.com]

Frequently Asked Questions

**1.** *Why did I get a postcard?*

**2.** *What if I did not get a postcard?*

**3.** *What is this lawsuit about?*

**4.** *Are you included in the Settlement class?*

**5.** *What are the terms of the Settlement?*

**6.** *How can I make a claim for monetary payment?*

**7.** *What is the deadline to submit a claim?*

**8.** *When would I get my payment?*

**9.** *In return for Settlement benefits, what am I giving up?*

**10.** *How do I get out of the Settlement?*

**11.** *If I do not exclude myself, am I bound by the Settlement?*

**12.** *Do I have a lawyer in this case?*

**13.** *How will the lawyers be paid?*

**14.** *How do I tell the Court that I do not like the Settlement?*

**15.** *What is the difference between "objecting" and "excluding" yourself?*

**16.** *When and where is the fairness hearing?*

**17.** *Do I have to attend to the hearing?*

**18.** *What if I do nothing at all?*

**19.** *Are there more details about the Settlement?*


**1.** *Why did I get a postcard?*

      Comenity Bank's records indicate that you may have been called on a cell phone, either with an automatic telephone dialing system ("ATDS") or by a prerecorded voice message, by Comenity Bank between August 1, 2010 through May 26, 2014 (the "Class Period"). Comenity Bank's records list the cell

phone numbers that were called during the Class Period, but do not necessarily include the names of the persons associated with the cell phone numbers that were called.  Therefore, the postcard notice has been sent to all persons associated with accounts with cell phone numbers that were called during the Class Period.  If you believe you may have been called on your cell phone number by Comenity Bank during the Class Period, you may contact the Claims Administrator to confirm whether your cell phone number was called.  If your cell phone number matches one of the cell phone numbers called, you may be entitled to receive a payment.  If your cell number was not called during the Class period, you are not eligible to make a claim. If, however, your telephone number was marked in Comenity Bank's records as a "wrong number," you will not be entitled to receive a payment because there is a different lawsuit, entitled, *Picchi v. World Financial Network Bank, et al.*, Case No.: 11-CV-61797 (Southern District of Florida), that involves such wrong number calls by Comenity Bank.

### 2. *What if I did not get a postcard?*

If you did not receive a postcard regarding the class action settlement in this case, it is likely because Comenity Bank does not have address information for you or the address information is incomplete or inaccurate. However, if your cell phone number was called by Comenity Bank during the Class Period, you may still contact the Claims Administrator to confirm whether your cell phone number was called.  If your cell phone number matches one of the cell phone numbers called, you may be entitled to receive a payment.  If your cell number was not called during the Class period, you are not eligible to make a claim. Again, if your telephone number was marked in Comenity Bank's records as a "wrong number," you will not be entitled to receive a payment because there is a different lawsuit, entitled, *Picchi v. World Financial Network Bank, et al.*, Case No.: 11-CV-61797 (S.D. Fl.), that involves such number calls by Comenity Bank.

### 3. *What is this lawsuit about?*

Carrie Couser, the Plaintiff in this lawsuit, alleges that Comenity Bank, the Defendant in this lawsuit, violated the Telephone Consumer Protection Act ("TCPA") by calling persons on their cell phones with either an automated telephone dialing system or by an artificial or prerecorded voice message, without the person's prior express consent. The lawsuit is entitled Carrie Couser v. Comenity Bank, case no. 3:12-cv-02484-MMA-BGS (Southern District of California) (the "Lawsuit"). The TCPA provides that a plaintiff may seek statutory damages of up to $500 for each call placed, or up to $1,500 for each call placed willfully.  Comenity Bank denies that it violated the TCPA.  This settlement provides class members less than what they might have received if they took an individual case to judgment. Also, the TCPA does not provide for the recovery of attorneys' fees.

### 4. *Are you included in the Settlement class?*

Those persons in the Settlement Class are defined in the Settlement Agreement as:

All persons whose cellular telephone number/s were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which persons are included in the putative class in *Picchi v. World Financial Network Bank, et al.*, Case No.: 11-CV-61797, currently pending in the Southern District of Florida).

### 5. *What are the terms of the settlement?*

The Court did not decide in favor of either side.  Instead, both sides have voluntarily agreed to a settlement before any trial, which provides for several benefits:

"Settlement Fund" means an all-in, non-reversionary payment of Eight Million Four Hundred Seventy-Five Thousand Dollars ($8,475,000.00).  The Settlement Fund shall pay for: (1) first, notice and

Settlement Administration Costs, (2) second, attorneys' fees and costs to Class Counsel, as approved by the Court, (3) third, an incentive award, if any, to named Plaintiff (Ms. Couser), and (4) fourth, a Class recovery on a pro rata basis to Class Members who submit a Valid Claim Form.  An exact estimated pro rata distribution amount paid per class member is determined based on the number of claims filed.  The estimated class size is 4,329,064 persons.  If all class members filed a valid and timely claim, each class member would receive $_____.   Based on statistical claims rate, it is Class Counsel's best estimate that each claiming class member will receive between $_____ and $_____.

**6. *How can I make a claim for monetary payment?***

> You may make a claim for monetary payment in a number of ways:

> (1) Calling the Claims Administrator, KCC Class Action Services, LLC, at its toll-free number, 1-[        ], between the hours of 7:00 a.m. and 5:00 p.m. PST.  You will need to provide your cell phone number and/or claim number (if you receive a postcard), which the Claims Administrator will check against the list of class members and cell phone numbers called.  If your number is on the Class List, you may file a claim for payment;

> (2) Submitting a claim online at the website:
> www._____.com; or

> (3) Submitting a claim in writing by completing the claim form received by mail or downloaded from the settlement website and mailing the completed claim form to the Claims Administrator by the Claims Deadline.

> You must include your:
> a.  name;
> b.  claim number, if you received a the postcard sent to you about the Settlement;
> c.  cell phone number on which you may have been called;
> d.  current address for receipt of the Settlement payment, if different from the postcard notice address; and
> e.  the last four digits of your social security number.

After your claim is submitted, if the Claims Administrator determines that your cell phone number is on the list, your claim will be processed. Only one claim may be submitted per cellular telephone number called by Comenity Bank. If the Claims Administrator determines that your cell phone number is not on the list, or if your claim is incomplete, you will receive a deficiency notice from the Claims Administrator.

> Written requests must be submitted to the following address:

> Couser Settlement
> KCC Class Action Services, LLC
> P.O. Box [XXX]
> El Segundo, CA 90245

**7. *What is the deadline to submit a claim?***

> All calls or online claims must be made on or before close of business [date].  If you submit your claim by mail, your claim must be **postmarked** on or before this date.

**8. *When would I get my payment?***

> The Court will hold a Final Approval or Fairness Hearing on _____, 20__, which may be rescheduled by the Court, to decide whether to grant final approval of the Settlement.  If

Judge Anello grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty days from the date of the ruling, or it will become final on the date of entry of the ruling if there is no person with standing to appeal. The Claims Administrator will attempt to pay all claims within 60 days of the date the ruling becomes final. Also, there may be appeals. If so, the approval order does not take effect until those appeals are resolved. It is always uncertain whether and when appeals would be resolved, and payment under this Settlement cannot be made until the approval order is final.

**9. *In return for Settlement benefits, what am I giving up?***

Unless you exclude yourself, you will be bound by the terms of this Settlement Agreement, including but not limited to, its release. The full terms of this Release are contained in the Settlement Agreement available here, on the settlement website, or at the public court records on file in this lawsuit. You will release (give up) any claim against Comenity Bank arising out of or related in any way to the facts alleged in this case, including the allegation that Comenity Bank called your cellular telephone number with an automatic telephone dialing system or prerecorded voice message without your prior express consent, during the Class Period. Individual calls that violate the TCPA could be worth up to $500 for negligent violation and $1,500 for willful violations. It also means that all of the Court's orders will apply to you and legally bind you. By staying in the Class, you agree to release any claims, known and unknown, arising from the facts alleged in this lawsuit. The full text of the Release of Claims sections of the Settlement Agreement are set forth in the Appendix at the end of this Notice on pages 7 and 8.

You are releasing those "Released Claims" against the "Released Parties", which means Defendant Comenity Bank, ADS Alliance Data Systems, Inc., Alliance Data Systems Corporation, Comenity Servicing, LLC, Comenity Capital Bank, Comenity, LLC, and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives, directly or indirectly involved in the Lawsuit. As mentioned above, you may receive less money from this settlement than if you file your own lawsuit.

**10. *How do I get out of the Settlement?***

If you do not want to participate in this Settlement, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Class.

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in Couser v. Comenity Bank, Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, 20__ to the Claims Administrator at the following address:

Couser Settlement
KCC Class Action Services, LLC
P.O. Box [XXX]
El Segundo, CA 90245

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You also will not be legally bound by anything that happens in the Lawsuit.

### 11. *If I do not exclude myself, am I bound by the Settlement?*
Yes.

### 12. *Do I have a lawyer in this case?*
The Court appointed the law firms of Kazerouni Law Group, APC, Hyde & Swigart, and Law Offices of Todd M. Friedman, P.C. to represent you and other Settlement Class Members. Their contact information is below. These lawyers are called Class Counsel. If you want your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

### 13. *How will the lawyers, class representative and administrator be paid?*
At the final approval hearing Class Counsel will seek attorneys' fees that will not exceed 25% of the $8,475,000 maximum settlement amount and actual litigation costs not to exceed $25,000. In addition, Class Counsel will seek a service award not to exceed $1,500 for Plaintiff Carrie Couser (the Class Representative), and class notice and administrative costs estimated at $_____.

### 14. *How do I tell the Court that I do not like the Settlement?*
If you are a Settlement Class Member, and you want to object to the settlement if you do not like any part of it, the deadline to object is _____. To object, you must send a letter saying that you object to the settlement in Couser v. Comenity Bank, Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.). Be sure to include your name, address, telephone number, your signature, the reason/s you object to the Settlement and any supporting documents. Mail the objection to each of the following addresses no later than _____, 20__.

| Clerk of the Court | Class Counsel | Defense Counsel |
|---|---|---|
| U.S. District Court | KAZEROUNI LAW GROUP APC | CARLSON & MESSER LLP |
| Southern District of California | Abbas Kazerounian, Esq. | David J. Kaminski, Esq. |
| 221 West Broadway, Ste. 3130 | 245 Fischer Ave., Suite D1 | 5959 West Century Blvd., |
| San Diego, CA 92101 | Costa Mesa, CA 92626 | Suite 1214 |
|  |  | Los Angeles, CA 90045 |

You may also ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Couser v. Comenity Bank, Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.)." Be sure to include your name, address, telephone number, and your signature. **Your Notice of Intention to Appear must be postmarked no later than _____, 20__, and be sent to the Court, Class Counsel and Defense Counsel at the above addresses.**

You cannot object or speak at the hearing if you "excluded yourself" from the Class.

### 15. *What is the difference between "objecting" and "excluding" yourself?*
Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class, which you must do if you want to file your own lawsuit against Comenity Bank. If you exclude yourself, you have no basis to object because the case no longer affects you.

### 16. *When and where is the fairness hearing?*
The Court will hold a final fairness hearing at _____.m. on _____, 20__ at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 3A, before the Honorable Michael M. Anello. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. If

anyone has asked to speak at the hearing, Judge Anello will listen to them at that time.  The Court will decide after the hearing whether to approve the Settlement as fair and reasonable, to give final approval to the amount of attorneys' fees and costs of notice and claims administration to be paid from the Settlement Fund, and to the incentive payments from the Settlement Fund to be provided to the Class representative for bringing and litigating this Lawsuit.  We do not know how long these decisions will take.

### 17. *Do I have to come to the hearing?*

No.  Class Counsel will answer questions Judge Anello may have that are directed to the Class. But you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.

### 18. *What if I do nothing at all?*

If you do nothing, you will be part of the Class and you will receive the benefits detailed above, including the monetary payment if you make a valid and timely claim.

You will also be precluded from being part of any other lawsuit against Comenity Bank or any other released party relating to the Released Claims in this case.  It also means that all of the Court's orders will apply to you and legally bind you.

### 19. *Are there more details about the Settlement?*

This Notice summarizes the proposed Settlement, and more details are in a Settlement Agreement, which can be downloaded [*here*] and is part of the Court's file, a public record.  Many of the court papers, including the Settlement Agreement, are also posted on the Settlement website www. _____ .com.  You can get a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case, *Couser v. Comenity Bank,* Case No. 3:12-cv-02484MMA-BGS (S.D. Cal.) at the Clerk's office at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 3A. The clerk's office has the ability to make copies of any such public documents for you.  Also, all filed documents in the case, including the Settlement documents, are available for viewing online for a fee through the Court's PACER document review system.

Important Dates

| Date: | Deadline: |
|---|---|
| Deadline to submit claim | |
| Deadline to opt-out | |
| Deadline to object | |
| Final Fairness Hearing | |

Your Options
- To participate in the Settlement, download a [*claim form*]

# Appendix

"Released Parties" means Defendant Comenity Bank, ADS Alliance Data Systems, Inc., Alliance Data Systems Corporation, Comenity Servicing, LLC, Comenity Capital Bank, Comenity, LLC, and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

Released Claims.  Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, representatives, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Settlement Class Members further agree that they will not institute any action of cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to class members who timely opt-out of the Settlement.

A. "Released Claims" means any and all claims, causes of actions, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorney's fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, and regulatory promulgation (including, but not limited to, an opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or related in any way to the Released Parties' use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members, to the fullest extent that those terms are used, defined, or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of an automatic telephone dialing system and/or artificial or prerecorded voice calls to cellular telephones, or pagers.

B. Waiver of Unknown Claims.  Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitations as to any other applicable law, under Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers under California Civil Code Section 1542 and similar federal and state statutes, case law, rules or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with

respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever, all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be, and remain in effect, notwithstanding the discovery or existence of any such additional or different facts.

# PLAINTIFF'S EXHIBIT D

## Preliminary Approval Order

---

*In The Case Of*

*Carrie Couser, On Behalf of Herself and All Others Similarly Situated*

*v.*

*Comenity Bank et al.*

*3:12-CV-02484-MMA-BGS*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1, COSTA MESA, CALIFORNIA 92626
(800) 400-6808

1
2
3
4
5
6
7
8
9
10
11
12
13
14

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| **CARRIE COUSER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | **Case No.: 12-CV-02484-MMA-BGS** |
| **PLAINTIFF,** | **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| **V.** | |
| **COMENITY BANK,** | **JUDGE**: Hon. Michael M. Anello |
| **DEFENDANT.** | |

16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Carrie Couser ("Ms. Couser" or "Plaintiff") filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit"). The Preliminary Approval Motion was unopposed by Defendant Comenity Bank ("Comenity Bank" or "Defendant").

The Court has read and considered the Settlement Agreement (the "Agreement"), the Preliminary Approval Motion, and the record in this case.

NOW, THEREFORE IT IS HEREBY ORDERED:

I.  JURISDICTION:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.  All capitalized terms used herein have the meanings defined herein and / or in the Agreement.

II.  PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT:  The Court preliminarily finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and the exhibits thereto, is in all respects fundamentally fair, reasonable, adequate and in the best interests of the Settlement Class Members, taking into consideration the benefits to Settlement Class members; the strength and weaknesses of Plaintiff's case; the complexity, expense and probable duration of further litigation; and the risk and delay inherent in possible appeals.  The Court finds that notice of the Settlement should be given to persons in the Settlement Class and a full hearing should be held on approval of the Settlement.

III.  CAFA NOTICE:  In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and as set forth in the Agreement, Comenity Bank is ordered to serve written notice of the proposed settlement on the U.S. attorney general and the attorney general of each state, unless written notice has already been served by Comenity Bank.

///

IV.   <u>CLASS MEMBERS</u>:   Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following class members:

1.  The Class or Settlement Class Members consists of:

> All persons whose cellular telephone number's were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which persons are included in the putative class in Picchi v. World Financial Network Bank, et al., Case No.: 11-CV-61797, currently pending in the Southern District of Florida.)

2.  Excluded from the Class is Defendant, its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of those judges' staffs and immediate families, as well as persons who validly request exclusion from the Settlement Class.

V.   <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>: For purposes of the Court considering preliminary approval, the Court appoints Plaintiff Carrie Couser as the Class Representative and Joshua B Swigart of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. as Class Counsel.

VI.   <u>NOTICE AND CLAIMS PROCESS</u>: The Court approves the form and method of notice set forth in the Agreement.  Comenity Bank shall provide

the Notice Database and Class List for those Settlement Class Members who can be identified from its databases to the Claims Administrator, KCC Class Action Administrators ("KCC"), and Class Counsel. KCC shall mail a postcard-type Notice to each known Settlement Class Member at their last known address as provided by Comenity Bank. Any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. The postcard and the published notice shall reference a website established for this Settlement, and that website shall contain the full details of the Settlement and permit the filing of claims on the website. The mailed and published notices shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and also make a claim over the telephone. At least ten (10) days prior to the Final Approval Hearing, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement. The Court finds that the form and method of notice set forth in the Agreement satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances.

VII.   SETTLEMENT AND CLAIMS PROCESS: The Court preliminarily approves the $8,475,000.00 settlement benefits ("Settlement Fund") as fair, reasonable and adequate for members of the Class. The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Settlement Fund on a pro rata basis, after deducting claims administration costs, attorneys fees, litigation costs, and any incentive payment ("Settlement Costs").

///

///

VIII.  CLASS CERTIFICATION:  The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for purposes of settlement only.

IX.  EXCLUSIONS:  Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than ten (10) days after the last date to file claims.  The Claims Administrator's address shall be provided in the notice mailed to the Class Members and also shall be posted on the website.  The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the Final Approval Hearing.  A copy of that list will be filed with the Motion for Final Approval of the Class Action Settlement.

X.  To be effective, a written request for exclusion must contain the Class Member's full name and address and be signed by the Class Member.  The request must also state generally that the person wishes to be excluded from the Settlement.

XI.  Any Class Member who submits a valid and timely request for exclusion shall not be a member of the Settlement Class, and shall not be bound by the Agreement or Settlement.

XII.  OBJECTIONS:  Any Settlement Class Member who intends to object to the fairness of the Settlement must file a written objection with the Court, at United States District Court, Southern District of California, 221 West Broadway, Suite 3130, San Diego, CA 92101, no later than ten (10) days after the last date to file claims.  Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and Defense Counsel, whose addresses shall be set forth in

the website's notice advising the Settlement Class Members about objections.

XIII. To be considered, the written objection must be signed by the Settlement Class Member and state: the Settlement Class Member's full name, address and telephone number, the reasons for the objection, and whether the objector intends to appear at the Final Approval Hearing on their own behalf or through counsel.  Further, the Settlement Class Member must attach to the written objection any documents supporting the objection.

XIV. Any Settlement Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

XV. <u>FINAL APPROVAL HEARING</u>:   The Court shall conduct a hearing (hereinafter the "Final Approval Hearing") on _____, 201_, at ____ , at 221 West Broadway, Courtroom 3A, San Diego, CA 92101.  The Final Approval Hearing may be rescheduled or continued by the Court without further notice to the Class Members.  At the hearing, the Court will consider the following issues:

A.   Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P 23;

B.   Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Settlement Class Members and should be approved by the Court;

C.   Whether the Final Judgment and Order of Dismissal With Prejudice, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D.   Such other issues as the Court deems appropriate.

XVI. Attendance at the Final Approval Hearing is not necessary.  Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  However, Settlement Class Members wishing to be heard are required to indicate in their written objection whether they intend to appear at the Final Approval Hearing.

XVII. If the Agreement is not finally approved for any reason, then this order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

XVIII. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.


IT IS SO ORDERED.


Dated: _____          _____

THE HON. MICHAEL M. ANELLO
U.S. DISTRICT COURT JUDGE

# PLAINTIFF'S EXHIBIT E

## Final Approval Order

---

*In The Case Of*

**Carrie Couser, On Behalf of Herself and All Others Similarly Situated**

*v.*

*Comenity Bank et al.*

*3:12-CV-02484-MMA-BGS*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CARRIE COUSER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** | **Case No.: 12-CV-02484-MMA-BGS** |
| | **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |
| **PLAINTIFF,** | |
| **V.** | **JUDGE**: Hon. Michael M. Anello |
| **COMENITY BANK,** | |
| **DEFENDANT**. | |

On August 27, 2014, Plaintiff Carrie Couser ("Ms. Couser" or "Plaintiff") and Defendant Comenity Bank ("Comenity Bank" or "Defendant", herein jointly referred to as the "Parties") entered in to a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.  Plaintiff filed a Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (hereinafter referred to as the "Preliminary Approval Motion") in the above-captioned action (the "Lawsuit" or "Action").

On September ___, 2014, Plaintiff filed the Agreement, along with the Plaintiff's Preliminary Approval Motion. The Preliminary Approval Motion was unopposed by Defendant Comenity Bank.

On _____, 201__, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order").

On _____, 201__, the Plaintiff filed her Motion for Final Approval of Class Action Settlement Agreement (hereinafter referred to as the "Final Approval Motion").  Pursuant to their Final Approval Motion, Plaintiff requests final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

On _____, 201__, a Final Approval Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion and the record.  All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

I.  JURISDICTION:  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

II.  SETTLEMENT CLASS MEMBERS:  Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class members:

1.  The Class or Settlement Class Members consists of:

> All persons whose cellular telephone number's were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which persons are included in the putative class in Picchi v. World Financial Network Bank, et al., Case No.: 11-CV-61797, currently pending in the Southern District of Florida.)

2.  Excluded from the Class is Defendant, its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of those judges' staffs and immediate families, as well as persons who validly request exclusion from the Settlement Class.

III.  CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT: Pursuant to Fed. R. Civ. P. 23, Plaintiff Carrie Couser is the Class Representative and Joshua B Swigart of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. are certified as "Class Counsel".

IV. <u>NOTICE AND CLAIMS PROCESS</u>:  Pursuant to the Court's Preliminary Approval Order, the Claims Administrator has complied with the approved notice process as confirmed in its declaration filed with the Court.  The form and method for notifying the Settlement Class Members of the Settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice process was designed to advise the Settlement Class Members of their rights.  Further, the Court finds that Settlement Fund is approved, and the claim process set forth in the Agreement was followed and that the process was the best practicable procedure under the circumstances.

V. <u>FINAL CLASS CERTIFICATION</u>:   The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes.  The Court finds that the Settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members, the strength of the Plaintiff's case, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the class.

VI. <u>SETTLEMENT TERMS</u>:  The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed Settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

1. The Claims Administrator, KCC Class Action Administrators, shall pay each of the _____ claimants that made a timely and valid claim the sum of $_____;

2. The Claims Administrator shall pay from the Settlement Fund the total sum of $1,500 to the Plaintiff Carrie Couser, payable through Class Counsel, as an incentive payment for bringing and participating in this Lawsuit;

3. The Claims Administrator shall be paid from the Settlement Fund the sum of $_____ for its costs and fees incurred for the cost of notice and claims administration and any amounts advanced by Defendant for those purposes shall be credited and refunded to them from the Settlement Fund; and

4. The Claims Administrator shall pay from the Settlement Fund to Class Counsel the sum of $_____ as attorneys' fees and the sum of $_____ as costs incurred in litigating this Lawsuit, in the manner specified in the Agreement.

VII. <u>EXCLUSIONS AND OBJECTIONS</u>:   A total of ____ exclusions were received.  Those persons requesting exclusion are named on Exhibit A to this Order.   The Court hereby excludes these individuals from the Class and Settlement.

VIII. The Settlement Class Members were given an opportunity to object to the settlement.  Only _____ Settlement Class Members filed objections.  After consideration of each of the objections, the Court hereby overrules such objections.

IX. This Order is binding on all Settlement Class Members, except those individuals named on Exhibit A, who validly and timely excluded themselves from the Class.

X.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u>:   The Class Representative, Settlement Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement. Pursuant to the Release contained in the Agreement, the Released Claims are compromised, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

XI.   The Lawsuit is hereby dismissed with prejudice in all respects.

XII.  This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

XIII. Without affecting the finality of this Final Judgment and Order of Dismissal with Prejudice, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Action and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.


IT IS SO ORDERED.


Dated: _____        _____

THE HON. MICHAEL M. ANELLO
U.S. DISTRICT COURT JUDGE