# PLAINTIFF'S EXHIBIT 3

Comenity Bank's Responses To Plaintiff's Written Confirmatory Interrogatories 1-4

_____

*In The Case Of*

*Carrie Couser, On Behalf of Herself and All Others Similarly Situated*

*v.*

*Comenity Bank et al.*

*3:12-CV-02484-MMA-BGS*

**KAZEROUNI LAW GROUP, APC**
**245 FISCHER AVENUE, SUITE D1, COSTA MESA, CALIFORNIA 92626**
**(800) 400-6808**

Exhibit 3

DAVID J. KAMINSKI (SBN: 128509)
KaminskiD@cmtlaw.com
STEPHEN A. WATKINS (SBN: 205175)
WatkinsS@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile
ATTORNEYS FOR
COMENITY BANK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>COMENITY BANK and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.: 3:12-cv-02484-MMA-BGS<br><br>**DEFENDANT COMENITY BANK'S RESPONSES TO PLAINTIFF'S CONFIRMATORY DISCOVERY: INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

PROPOUNDING PARTY:   Plaintiff CARRIE COUSER

RESPONDING PARTY:    Defendant COMENITY BANK

SET NUMBER:          ONE (1)

{00020699;1}

Exhibit 3
RESPONSES TO DISCOVERY
12-cv-02484-MMA-BGS

Pursuant to the *Federal Rules of Civil Procedure*, Defendant COMENITY BANK (hereinafter, "Responding Party" or "Defendant") hereby responds under oath to Plaintiff CARRIE COUSER ("Plaintiff)'s First Set of Discovery Request.

## PRELIMINARY STATEMENT

This Responding Party has not fully completed its investigation of the facts relating to this case, and has not fully completed its discovery in this action, and has not fully completed its preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this Responding Party and disclose only those contentions which presently occur to such Responding Party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes and variations from the contentions herein set forth.

The following responses are given without prejudice to this Responding Party's right to produce evidence of any subsequently discovered fact or facts which this Responding Party may later recall or locate. Responding Party accordingly reserves the right to change any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known but should no way be to the prejudice of Defendant in relation to further discovery, research or analysis.

## GENERAL OBJECTIONS

1. Defendant's General Objections apply to every portion of Plaintiff's Discovery Requests. Defendant's General Objections are incorporated into every response to the individual discovery requests set forth below, even though they will not be restated in the individual responses. The fact that

{00020699;1}

1           Exhibit 3

Defendant has provided information in response to a discovery request is not a waiver of any objection made to the discovery request.

  2. Defendant's objections and responses to Plaintiff's Discovery Requests are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

    a. All questions as to competency, relevancy, materiality, privilege (including but not limited to the attorney-client privilege and attorney work product doctrine), and admissibility as evidence for any purpose of the responses or subject matter thereof, in any subsequent proceeding in or the arbitration of this or any other action:

    b. The right to object on any ground to the use of said responses or the subject matter thereof, in any subsequent proceeding and in the arbitration of this or any other action;

    c. The right to object on any ground at any time to other Requests for Admissions, Interrogatories, document requests, or other discovery procedures involving or relating to the subject of these responses.

  3. Defendant's investigation into this matter is continuing. These answers are based on and, therefore, necessarily limited by, the records and information still in existence, presently recollected, and thus far discovered in the course of preparing these responses. Consequently, Defendant reserves the right to make any changes in these responses if it appears at any time that omissions or errors have been made or that more accurate information is available.

  4. Defendant objects to each and every Discovery Request to the extent it seeks documents or other materials or information protected from disclosure by the attorney client privilege and/or the work-product doctrine.

5. Defendant objects to each and every Discovery Request to the extent it seeks to impose requirements beyond those set forth under the Federal Rules of Civil Procedure and applicable case law.

6. Defendant objects to each and every Discovery Request to the extent it seeks confidential or proprietary information.

7. Defendant objects to each and every Discovery Request to the extent that it calls for information which is not within the possession, custody, or control of Defendant.

8. Defendant objects to each and every Discovery Request to the extent that it is vague, overly broad, unduly burdensome, harassing, not relevant or not reasonably calculated to lead to the discovery of admissible evidence.

9. Defendant objects to each and every Discovery Request to the extent that it calls for information that may be derived or ascertained from records which are in the possession of Plaintiff, or that have been previously identified or produced to Plaintiff, as the burden of deriving or ascertaining the information is substantially the same for Plaintiff as for Defendant.

10. Defendant objects to the Definitions and Instructions to the extent they seek to impose requirements beyond those set forth under the Federal Rules of Civil Procedure governing this action and applicable case law.

11. Without waiving any of its general objections, which are applicable to all of the Discovery Requests, Defendant has set forth responses to these Discovery Requests to the extent that:

    a. Information is presently known and available as a result of reasonable search and inquiry by Defendant.

    b. Information is not subject to the attorney-client privilege or the attorney work-product doctrine; and

    c. Defendant has not further objected to a particular Interrogatory.

{00020699;1}

3                        Exhibit 3

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

As a result of any search or investigation, completed by YOU *prior to answering these discovery questions,* to determine the Class Members, state the number of unique cellular telephone numbers called during the CLASS PERIOD by YOU, on YOUR behalf, including all such numbers called by YOU on behalf of each and all of YOUR respective past, present, and future parents, subsidiaries, affiliated companies and corporations, your related entities or predecessors in interest.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection. The interrogatory is vague, ambiguous, overbroad, and assumes facts not in evidence. Without waiving said objections, responding party responds as follows: Responding party is informed and believes that the number of unique cellular telephone numbers called during the period August 1, 2010 through May 26, 2014, is approximately 4.4 million.

**INTERROGATORY NO. 2:**

In any search or investigation by YOU completed, *prior to responding to these discovery questions,* to identify Class Members called during the CLASS PERIOD, describe and identify the sources YOU reviewed or examined, including but not limited to databases, call logs, dialer records, back-up records, archives of records, spreadsheets, dialing campaigns, and all other records, that were referenced, analyzed, examined or otherwise used in order to determine the identity and number of persons, called on their cell phones, and the cell phone numbers called, and any other identifying information obtained about such cell phone numbers called.

/ / /

/ / /

/ / /

{00020699;1}

4                                    Exhibit 3

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. The interrogatory is vague, ambiguous, overbroad, and assumes facts not in evidence. Without waiving said objections, responding party responds as follows: Responding party represents that Comenity searched its enterprise data warehouse (EDW) database, which is a database on an IBM Netezza platform that sits in a server. It is a database that stores data information, including call dialing information as well as collection data. Within the EDW database is a record of calls launched via a dialer made only for the period September 2012 through May 26, 2014.

With respect to call data for the period August 2010 through August 2012, Comenity reviewed the call data in its collection system to determine which accounts had calls to unique phone numbers because call data did not exist in the EDW before September 2012.

**INTERROGATORY NO. 3:**

Describe and identify all search criteria YOU used in all searches completed, *prior to responding to these discovery questions,* to identify Class Members called during the CLASS PERIOD, to determine the identity and number of persons called on their cell phones, and the cell phone numbers called, and any other identifying information obtained about such cellphone numbers called.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. The interrogatory is vague, ambiguous, overbroad, and assumes facts not in evidence. Without waiving said objections, responding party responds as follows: The search criteria used to identify unique cell phone numbers called by Comenity, generally, during the class period, involved a query of the EDW from September 2012 to the present and a review of all calls made to unique phone numbers via dialing equipment that was not terminated as a wrong number coded call. With regard to calls to unique phone numbers before September 2012, Comenity searched its collection software system because call data did not exist on the EDW before September 2012.

**INTERROGATORY NO. 4:**

For any search and investigation YOU conducted, *prior to responding to these discovery questions,* to identify Class Members, describe and identify the steps YOU used in compiling and analyzing any sources of numbers called, including any outbound dial lists or other referenced sources, of calls made during the CLASS PERIOD, used to determine the identity and number of persons called on their cell phones, and the cell phone numbers called, and any other identifying information obtained about such cellphone numbers called.

**RESPONSE TO INTERROGATORY NO. 4:**

See response to Interrogatory No. 2. In further response to the subject interrogatory, an outbound dial list only exists for the period September 2012 to May 26, 2014 and is stored in the Comenity EDW. No outbound dial lists ever existed before September 2012.

**INTERROGATORY NO. 5:**

For any search and investigation YOU conducted, *prior to responding to these discovery questions,* to identify Class Members, describe and identify the steps YOU used in refining the broad lists of telephone numbers as contained in all of YOUR sources of telephone numbers YOU called in the CLASS PERIOD to narrow the broader lists down to a final list of class Members' cellphones called.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. The interrogatory is vague, ambiguous, overbroad, and assumes facts not in evidence. Without waiving said objections, responding party responds as follows: The steps Comenity took to refine the broad list of calls was as follows: (1) Comenity first reviewed all wrong numbers that terminated in a wrong number code and excluded those numbers from the purview of the search; (2) Comenity gathered all call data to unique phone numbers during the relevant class period, i.e., August 1, 2010 through May 26, 2014; (3) the broad list of unique phone numbers was then analyzed to determine

{00020699;1}