Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional Counsel On Signature Page]

Attorneys for the Plaintiff and Proposed Settlement Class

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARRIE COUSER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED** <br><br>     **PLAINTIFF,** <br> V. <br> **COMENITY BANK,** <br><br>     **DEFENDANT.** | Case No.: 12-CV-02484-MMA-BGS <br><br> **DECLARATION OF JOSHUA B. SWIGART IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |

HYDE & SWIGART
San Diego, California

# DECLARATION OF JOSHUA B. SWIGART

**I, JOSHUA B. SWIGART, declare:**

1. I am one of the attorneys for the plaintiff in this action, Carrie Couser ("Ms. Couser" or "Plaintiff"). I am over the age of 18 and am fully competent to make this declaration. My firm, Hyde & Swigart, in which I am a principal, has litigated over 1,200 cases in the past ten years. My firm has three offices in two states, San Diego, California, Riverside, California and Phoenix, Arizona. Hyde & Swigart has extensive experience in consumer class actions and other complex litigation. My firm has a history of aggressive, successful prosecution of consumer class actions, specifically under the Fair Debt Collection Practices Act and Telephone Consumer Protection Act. I would competently testify to the matters herein from personal knowledge.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against defendant, Comenity Bank ("Comenity Bank" or "Defendant").

4. This action was commended on October 12, 2012, against Comenity Bank, by filing a putative class action complaint asserting causes of action for: (1) negligent violation of Section 227(b)(3)(B) of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 et seq., and (2) willful violation of Section 227(b)(3)(B) of the TCPA.

5. Comenity Bank filed an Answer on December 20, 2012.

6. Counsel for Plaintiff and Defendant appeared before Judge Skomal on February 1, 2013, for a telephonic attorneys-only Early Neutral Evaluation Conference ("ENE").

7. A Case Management Conference ("CMC") was held before Judge Skomal on March 20, 2013.

8. Following the ENE and CMC, Plaintiff and Defendant (collectively the "Parties") engaged in further extensive settlement discussions and negotiations regarding this Action, including discussions regarding the methodology, databases used, and technical details of the database searches and other issues related to the parameters of the Settlement Class. As a result of this process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

9. The Parties to the Action participated in three (3) mediation sessions before the Honorable Leo S. Papas (Ret.), which helped the Parties progress towards a settlement on a class basis.

10. In an attempt to put the settlement details in writing, and in projecting the implementation of its terms, the Parties negotiated for a few additional months after mediation before agreeing on how the Settlement details would be resolved, including how best to identify the persons in the Settlement Class and the amount of the Settlement Fund. The Parties agreed to settle on the terms in the Settlement Agreement as set forth therein, on behalf of a Settlement Class of approximately 4.3 millions person called on their cell phones using an automated dialer or prerecorded voice for debt collection purposes without consent. Plaintiff's counsel is satisfied the information provided about the number of persons in the Settlement Class and the number of cell phones called is correct.

11. Conformed written confirmatory discovery and two Fed. R. Civ. P. 30(b)(6) depositions of a representative of Comenity Bank confirmed the efficacy of the processes and methodology used by Comenity Bank to assemble the data and determining the estimated number of Class Members.

12. Plaintiff has also conducted formal discovery regarding Plaintiff's claims and Defendant's defenses.

13. Pursuant to the Settlement Agreement (the "Agreement"), those persons in the Settlement Class will receive a pro rata distribution from the Settlement Fund after payment of administration costs, attorneys' fees, costs of litigation, and any incentive payment. The settlement is non-reversionay.

14. As part of that Agreement, Defendant will make a Maximum Payment of $8,475,000 as the settlement benefits (the "Settlement Fund") for all approved claims. Defendant will also pay all attorneys' fees and expenses, and costs of notice and claims administration from the Settlement Fund. Further, Defendant will pay for the Class Action Fairness Act Notice, to be deducted from the Settlement Fund.

15. It is my opinion that the Class as defined satisfies the requirements of Rule 23 because all persons in the Settlement Class are persons with names associated with cellular telephone numbers that Defendant called at least once using an automatic telephone dialing system and/or prerecorded voice during the Class Period for debt collection purposes.

16. The Settlement Class Members for whom address information is known will be sent a direct mail notice in the form of a postcard explaining they are entitled to make a claim and how to file such claim. Based on confirmatory discovery it is my belief that approximately 99% of the class will receive direct mail notice. Class Members which are entitled to make claims are entitled to a monetary payment.

17. The claims administrator shall establish and maintain a Settlement Website that (i) enables Class Members to submit a claim and access and download the Class Notice and Claim Form, (ii) provides contact information for Class Counsel, (iii) and provides access to relevant documents. Such documents shall include the Settlement Agreement and Class Notice, the Preliminary Settlement Approval Order, a downloadable Claim Form for anyone wanting to print a hard copy and mail in the Claim Form, the Complaint, a list of frequently asked questions and answers, and when filed, the Final Settlement

Approval Order. The Class Notice shall include the address (URL) of the Settlement Website. The claims administrator shall maintain the Settlement Website until at least 30 days following Final Approval of the Settlement. Class Members will be permitted to submit a claim via the Settlement Website by downloading, completing and submitting electronically a Claim Form.

18. By the date required by the Court to send out notice, the claims administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. Class Members will not be permitted to submit a claim by calling the toll-free telephone number established by the claims administrator. After that time, and for a period of ninety (90) days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related settlement website.

## CLASS DEFINITION

19. The Class or Settlement Class Members refers to:
> All persons whose cellular telephone number's were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which personas are included in the putative class in *Picchi v. World Financial Network Bank, et al.*, Case No.: 11-CV-61797, currently pending in the Southern District of Florida.

Agr. § 2.08.

20. The Settlement will be terminable at the option of the Parties if written notice of his, their, or its election to do so is provided to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

A. The Court rejects, materially modifies, materially amends or changes, or declines to preliminary or finally approve the Settlement Agreement;

B. An appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

C. Any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiff or Defendant reasonably considers material, unless such modification or amendment is accepted in writing by all Parties;

D. The Effective Date does not occur; or

E. Any other ground for termination provided for elsewhere in this Agreement occurs.

21. After approval of Preliminary Approval of Settlement, the pertinent cellular telephone numbers will be disclosed by Defendant to the claims administrator approved by the Court to create the Notice Database.

22. The Parties propose that Kurtzman Carlson Consultants ("KCC") be appointed as claims administrator. KCC specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.

## ADEQUACY OF SETTLEMENT

23. Defendant shall provide class benefits for a maximum of $8,475,000. The Settlement Class Members stand to receive a cash payment from the Settlement Fund in the form of a check per Approved Claim on a pro rata basis after deducting Settlement Costs.

24. Costs of litigation, notice, claims administration and attorneys' fees are being paid by the Defendant from the Settlement Fund.

25. Any incentive payment awarded to the Representative Plaintiff, Ms. Couser, any attorneys' fees and costs awarded to Class Counsel and certain expenses

including Claims Administration Costs, are to be paid from the Settlement Fund by Defendant as follows:

   a. Administration Expenses and payment of notice, estimated by KCC is $2,092,278;

   b. Attorneys' fees and costs to Class Counsel, as approved by the Court, up to $2,118,750;

   c. Incentive/Service Award to Representative Plaintiff in an amount up to $1,500; and,

   d. Payment of reasonable and appropriate costs of litigation (to be itemized), and not to exceed $25,000.

26. Defendant will be permitted to maintain that they deny liability. If the claims administrator approved by the Court determines that a Settlement Class Member's cell phone number was not called because it is not on the list of called cell phone numbers according to the information to be provided by Defendant to the claims administrator, that person will not be entitled to file a claim for a monetary payment.

27. The costs of notice by mail and claims administration will be paid as part of the Settlement Fund.

28. The proposed Settlement contemplates that Class Counsel will request an incentive award in the amount of $1,500 to Ms. Couser, as proposed by Class Counsel, subject to Court approval. Defendant has agreed not to oppose a request for such incentive award in the agreed-upon amount.

29. The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees, costs, and expenses to be paid from within the Settlement Fund. Defendant has agreed not to oppose an application by Class Counsel for an award of attorneys' fees up to $2,118,750 from the Settlement Fund, which represents 25% of $8,475,000. I believe the excellent results of this Settlement warrant attorneys fees in this amount. Class Counsel also intend to request that the costs of litigation and any costs

of Notice and Claims administration, to be paid from the Settlement Benefits. Class Counsel further intend to also ask for costs of litigation not to exceed $25,000 to be paid from the Settlement Benefit.

30. The attorneys' fees and costs application will be prepared solely by Class Counsel, and any attorneys' fees and costs shall be paid to all counsel through Class Counsel.

31. As Defendant does not necessarily have address information for all Settlement Class Members called by Defendant, Class Notice is to be provided by mail to persons in the class for which Defendant has addresses and via publication notice to those Settlement Class Member's for which Defendant does not have address information, which according to representations by Comenity Bank is less than 1%.

32. The $8,475,000 in Settlement Fund shall pay for the Settlement. Class Counsel have prepared a direct mail notice (Exhibit B to Settlement Agreement) and also a formal lengthy Notice in a Question & Answer format (Exhibit D to Settlement Agreement) to be posted on the Settlement Website that will be created upon preliminary approval of this class action settlement by the Court. Plaintiff will also provide notice by national publication in USA Today (Exhibit C to the Settlement Agreement). Those notices adequately inform the Settlement Class Members about the settlement and their rights to opt out or object to the Settlement. I believe the proposed notice complies with any notice requirements. KCC, the Parties' proposed claims administrator, will use the Class List from Defendant containing all Class Members' names and addresses, to send out the direct mail notice within thirty (30) days of preliminary approval, where possible.

33. The claims process requires that the members of the Settlement Class: (i) provide his or her name and current address to which the compensation may be sent; and (ii) provide the telephone number on which he or she received the allegedly unlawful call. Claims may be rejected at Defendant's option if

the cell number does not match a number actually called by or on behalf of Defendant. Claims may be submitted via mail or the Settlement Website.

34. I am unaware of any conflict of interest between Plaintiff and any putative class member or between Plaintiff and Plaintiff's attorneys.

35. I am unaware of any competing litigation apart from the case entitled *Picchi v. World Financial Network Bank*, 11-CV-61797 ("Picchi Action"); however, the Class here has been crafted in such a manner to exclude the persons that are covered by the class definition in the Pic chi Action.

### RISKS OF CONTINUED LITIGATION

36. Taking into account the burdens, uncertainty and risks inherent in this litigation, Class Counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

37. The named Plaintiff and her counsel believe that the claims asserted in the action have merit. However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation including the risks in any subsequent appeal, they believe that it is desirable that the action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. Class Counsel have concluded that with the Settlement Benefit and with the deterrent effects of the this Settlement, Class Counsel believe the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

38. Additionally, further developments in case law under the TCPA show substantial risks that these types of cases may not be certified. *See Smith v. Microsoft Corp.*, 2014 U.S. Dist. LEXIS 12799 (Class certification denied);

*Connelly v. Hilton Grand Vacations Co.*, LLC, 2013 U.S. Dist. LEXIS 157951 (Class certification denied).

39. A settlement was finalized, agreed upon by all Parties and counsel and a formal Settlement Agreement was executed. This motion for preliminary approval of class action settlement followed, which Defendant has agreed in the Settlement Agreement not to oppose.

40. The Plaintiff and the Class will provide a global release to the Released Parties as outlined in the Agreement. Agr. § 16.01, pp. 31-34.

## CLASS COUNSEL'S EXPERIENCE

### A. EXPERIENCE RELEVANT TO THE TELEPHONE CONSUMER PROTECTION ACT

41. I have filed and litigated several other class actions based on the Telephone Consumer Protection Act in the past three years. The following is a list of other TCPA class actions which I am or have been personally involved in:

   a. *Bellows v. NCO Financial Systems, Inc.*, 07-CV-01413 W(AJB) (S.D. Cal)(One of the first class action settlements under the TCPA in the nation; Hyde & Swigart served as co-lead counsel; final approval grated in 2009);

   b. *Rose v. Bank of America Corporation, et al.*, 11-CV-02390-EJD (N.D. Cal 2014)(Nationwide TCPA class settlement providing class relief to over 6.9 million class members, which created a common fund in the amount in excess of $32 million dollars);

   c. *Gehrich v. Chase Bank, USA, N.A.*, 12-CV-05510 (N.D. Il. 2014) (Nationwide TCPA class settlement providing class relief creating a common fund in the amount of $34 million dollars);

   d. *Adams v. AllianceOne, Inc.*, 08-CV-0248 JAH (S.D. Cal) (Nationwide TCPA class settlement providing class relief of $40 per claiming class member resulting in over $2,500,000 paid to claiming class members; final approval granted in 2013);

e. *Lemieux v. Global Credit & Collection Corp.*, 08-CV-1012 IEG(POR) (S.D. Cal.)(Co-lead counsel on a national TCPA class settlement providing class recovery in the amount of $70 for each claiming class member; final approval granted in 2011);

f. *Gutierrez, et al. v. Barclays Group, et al.*, 10-CV-1012 DMS(BGS) (Common fund created in the amount of $8,262,500 based on the receipt of unsolicited text messages; final approval granted 2012);

g. *Knutson, et al. v. Schwan's Home Service, Inc.*, 12-CV-00964-GPC-DHB (S.D. Cal.)(Heavily contested TCPA class action; preliminary approval granted July 14, 2014);

h. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290 IEG(BLM)(Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

i. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284 DMS(BGS) (S.D. Cal.)(Currently serving as co-lead counsel for the settlement class of borrowers in connection with residential loans and TCPA violations stemming from the collection of those accounts);

j. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286 MMA(MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

k. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH(BGS)(Counsel for a Plaintiff in the lead action, prior to the action being recategorized through

the multi-district litigation process;   still actively involved in the MDL litigation and settlement process);

  l. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.)(Nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15; final approval granted in 2012);

  m. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.)(Achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

  n. *Sarabi v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.)(Approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

  o. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC-KSC (S.D. Cal.) (Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; preliminary approval granted April 2014);

  p. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

  q. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

42. Many the cases listed above, which have settled, have resulted in the creation of combined common funds and/or distribution to class member in the tens of millions of dollars.  The outstanding results mentioned above are a direct result of the diligence and tenacity shown by both myself and Hyde & Swigart in successfully prosecuting complex class actions.

43. As listed above, I have been appointed by the court and served as lead and co-lead counsel on numerous multi-state and nationwide class actions.

## B. HYDE & SWIGART'S OTHER CONSUMER RELATED EXPERIENCE AND RESULTS

44. Hyde & Swigart has extensive experience in other consumer related issues, including the Telephone Consumer Protection Act, the Fair Debt Collection

Practices Act and other related consumer statutes. A brief summary of a non-inclusive list of notable published decisions are as follows:

a. *Knell v. FIA Card Services, N.A., et al.*, 12-CV-426 AJB(WVG)(S.D. Cal. 2014); (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,750,000. Counsel obtained final approval on August 15, 2014);

b. *Hoffman v. Bank of America, N.A.*, 12-CV-539 JAH(DHB) (S.D. Cal. 2014); (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $2,600,000. Preliminary approval granted on February 13, 2014);

c. *Zaw v. Nelnet Business Solutions, Inc.*, et al., C 13-05788 RS (N.D. Cal. 2014); (Co-lead counsel on a California class action involving privacy rights under Cal. Penal Code § 632 et seq. Class relief provided for a common fund in the amount of $1,188,110. Preliminary approval granted on August 4, 2014);

d. *CashCall, Inc. v. Superior Court*, 159 Cal. App. 273 (2008); (Allowing the original plaintiff who lacked standing in a class action to conduct pre-certification discovery of the identities of potential plaintiffs with standing);

e. *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377 (2011); (Co-lead counsel on a class action involving privacy rights under Cal. Penal Code § 632 et seq. Appeals court reversing the trial courts granting of Defendant's motion for summary judgment after case was certified);

f. *Engelen v. Erin Capital Management, LLC*, et al., No. 12-55039 (9th Cir. 2013, not for publication, D.C. No.: 3:10-cv-01125-BEN-RBB)(Reversing the lower court's granting of summary judgment to the defendant debt

collector on the basis of the bona fide error defense and remanding for further proceedings);

g. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.)(TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA);

h. *Olney v. Progressive Casualty Insurance Company*, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.); 13-CV-2058-GPC-NLS (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA);

i. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (The court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS).

j. *Catala v. Resurgent Capital Servs., L.P.*, 08-CV-2401 NLS, 2010 U.S. Dist. LEXIS 63501 (S.D. Cal.)(Co-lead counsel on a class settlement involving the Fair Debt Collection Practices Act);

k. *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005) (Summary judgment was granted *sua sponte* in favor of a debtor where debt collector violated the Fair Debt Collection Practices Act, when its employees failed to disclose the debt collector's identity and the nature of its business in the messages left on the debtor's answering machine). This case has now been followed in at least four different districts throughout the country.

l. *Edstrom v. All Servs. & Processing*, 2005 U.S. Dist. LEXIS 2773 (N.D. Cal. 2005)(Numerous omissions from a letter sent by a debt collector to members of a homeowners association, and a statement requiring any dispute to be put in writing, violated 15 U.S.C. § 1692g(a) of the FDCPA

SWIGART DECL. IN SUPP. OF MTN. FOR PRELIMINARY APPROVAL OF SETTLEMENT     14 OF 18     CASE NO.: 12-CV-02484-MMA-BGS

and Cal. Civ. Code §1788.17. The FDCPA required strict compliance; actual confusion on debtors' part was not required);

m. *Forsberg v. Fid. Nat'l Credit Servs.*, 2004 U.S. Dist. LEXIS 7622 (S.D. Cal. 2004)(Plaintiff alleged sufficient facts to support his claim that a collection company, in its initial communication, did not comply with the statutory requirements for notice of validation of debts under the FDCPA)

n. *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063 (N.D. Cal. 2005); (Court struck Defendant's counter claim of the underlying debt in a fair debt action based on lack of subject matter jurisdiction);

o. *Geoffroy, et al. v. Washington Mutual Bank,* 484 F. Supp. 2d 1115 (S.D. Cal. 2007)(Court striking down Defendant's arbitration agreement as both procedurally and substantively unconscionable);

p. *Yang v. DTS Financial Group*, 07-CV-1731 JLS (WMc); (Holding that for profit debt settlement companies are covered under the FDCPA and can be construed as "debt collectors" under 15 U.S.C. § 1692a(6));

q. *Mason v. Creditanswers,* 2008 U.S. Dist. LEXIS 68575; (Holding that a forum selection clause causing a California consumer to litigate its claims seems contrary to the polices advanced by certain consumer protection statutes).

r. *Myers v. LHR, Inc.*, 543 F.Supp.2d 1215 (2008); (Recognizing actual and statutory damages in the amount of $92,000 in a default judgment based on violations of the State and Federal collection statutes);

s. *Yates v. Allied Intl Credit Corp.*, 578 F. Supp. 2d 1251 (2008); (Holding a debtors claim based on the FDCPA stemming from the filing of a false police report was not subject to the litigation privilege under Cal. Civ. Code § 47(b));

t. *Owings v. Hunt & Henriques, et al.*, 2010 U.S. Dist. LEXIS 91819 (S.D. Cal.); (Recognizing that the Service Members Civil Relief Act applies to

California National Guard Members and that the debt collection attorney's false declaration the court violates the FDCPA);

u. *Heathman v. Portfolio Recovery Assocs., LLC*, 2013 U.S. Dist. LEXIS 98742 (S.D. Cal. 2013)(Holding that failing to properly list and disclose the identify of the original creditor in a state collection pleading is a violation of the Fair Debt Collection Practices Act under 15 U.S.C. § 1692e).

C. **ADDITIONAL RELEVANT TRAINING, SPEAKING/TEACHING ENGAGEMENTS AND ASSOCIATIONS**

45. I have undergone extensive training in the area of consumer law and the Telephone Consumer Protection Act. The following is a list of recent training conferences I attended, some of which I have presented:

   a. National Consumer Law Conference; Oakland, CA – 2003;
   b. National Consumer Law Conference (FDCPA Mini-Conference); Kansas City, MO – 2004;
   c. National Consumer Law Conference; Boston, MA – 2004;
   d. Five-day extensive one-on-one training with The Barry Law Office; San Diego, CA –2005;
   e. Three-day FDCPA Mini-Conference; Minneapolis, MN – 2005;
   f. Four-day extensive one-on-one training with The Barry Law Office; Minneapolis, MN – 2005;
   g. Four-day National Association of Consumer Advocates Conference; Minneapolis, MN – 2005;
   h. Four-day National Consumer Law Center Conference; Nashville, TN – 2008;
   i. Three-day National Consumer Law Center Conference; Portland, OR -2008;
   j. Speaker at a Three-day National Consumer Law Center Conference; San Diego, CA - 2009;

    k. Speaker ABA/JAG presentation to military service members and counsel; MCRD, San Diego CA – 2010;

    l. Speaker ABA teleconference on defending consumer credit card debt and related issues; San Diego, CA – 2010;

    m. Three-day National Consumer Law Center Conference; Seattle, WA -2011;

    n. Two-day FDCPA Mini-Conference; New Orleans; LA - 2012;

    o. Two-day National Consumer Law Center Conference on the FDCPA; Seattle, WA - 2012;

    p. National Consumer Law Center Conference, National Convention; Balitmore, MD - 2013;

    q. Speaker ABA National Conference, Business Litigation Section; Trends in Consumer Litigation; San Francisco, CA - 2013;

    r. Speaker National Consumer Law Center; Nuts and Bolts of TCPA Litigation; San Antonio, TX - 2014;

    s. Speaker San Diego County Bar Association; Convergence of the FDCPA and Consumer Bankruptcy; San Diego, CA - 2014;

    t. Guest Speaker at California Western School of Law; Consumer Law class - 2014;

    u. 8th Annual Class Action Seminar; San Francisco, CA - 2014;

46. I am a member in good standing of the following local and national associations:

    a. National Association of Consumer Advocates;

    b. Federal Bar Association, Southern District of California Chapter;

    c. San Diego County Bar Association;

    d. Riverside County Bar Association;

    e. San Bernardino County Bar Association;

    f. Enright Inns of Court (2011-2014);

    g. American Association for Justice;

    h. Public Justice.

47. Therefore, I believe my experience is sufficient to act as Class Counsel in this case.

    I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on September 3, 2014.

                                          By: /s/ Joshua B. Swigart
                                                 Joshua B. Swigart

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523