**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

[Additional Counsel On Signature Page]

Attorneys for the Plaintiff and Proposed
Settlement Class

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>     PLAINTIFF,<br>V.<br><br>COMENITY BANK,<br><br>    DEFENDANT. | Case No.: 12-CV-02484-MMA-BGS<br><br>**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS** |

*Kazerouni Law Group, APC*
*Costa Mesa, California*

## DECLARATION OF TODD M. FRIEDMAN

**I, TODD M. FRIEDMAN, declare:**

1. I am one of the attorneys for the plaintiff in this action, Carrie Couser ("Ms. Couser" or "Plaintiff"). I am an attorney licensed to practice law in the State of California since 2001, the State of Illinois since 2002, and the State of Pennsylvania since 2011. I have been continuously licensed in California since 2001, Illinois since 2002, and Pennsylvania since 2011, and am in good standing with the California State Bar, Illinois State Bar, and Pennsylvania State Bar. I have litigated cases in both state and federal courts in California and Illinois.  I am also admitted in every Federal district in California and have handled federal litigation in the federal districts of California.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I submit this declaration in support of the Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class in the action against defendant, Comenity Bank ("Comenity Bank" or "Defendant").

4. This action was commended on October 12, 2012, against Comenity Bank, by filing a putative class action complaint asserting causes of action for: (1) negligent violation of Section 227(b)(3)(B) of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 et seq., and (2) willful violation of Section 227(b)(3)(B) of the TCPA.

5. Comenity Bank filed an Answer on December 20, 2012.

6. Counsel for Plaintiff and Defendant appeared before Judge Skomal on February 1, 2013, for a telephonic attorneys-only Early Neutral Evaluation Conference ("ENE").

7. A Case Management Conference ("CMC") was held before Judge Skomal on March 20, 2013.

8. Following the ENE and CMC, Plaintiff and Defendant (collectively the "Parties") engaged in further extensive settlement discussions and negotiations regarding this Action, including discussions regarding the methodology, databases used, and technical details of the database searches and other issues related to the parameters of the Settlement Class. As a result of this process and the Parties' representations to each other, I believe that the Parties are fully apprised of the relative strengths and weaknesses of each other's claims and defenses and the potential risks to each party of pursuing further litigation in this matter.

9. The Parties to the Action participated in three (3) mediation sessions before the Honorable Leo S. Papas (Ret.), which helped the Parties progress towards a settlement on a class basis.

10. In an attempt to put the settlement details in writing, and in projecting the implementation of its terms, the Parties negotiated for a few additional months after mediation before agreeing on how the Settlement details would be resolved, including how best to identify the persons in the Settlement Class and the amount of the Settlement Fund. The Parties agreed to settle on the terms in the Settlement Agreement as set forth therein, on behalf of a Settlement Class of approximately 4.3 millions person called on their cell phones using an automated dialer or prerecorded voice for debt collection purposes without consent. Plaintiff's counsel is satisfied the information provided about the number of persons in the Settlement Class and the number of cell phones called is correct.

11. Conformed written confirmatory discovery and two Fed. R. Civ. P. 30(b)(6) depositions of a representative of Comenity Bank conformed the efficacy of the processes and methodology used by Comenity Bank to assemble the

Kazerouni Law Group, APC
Costa Mesa, California

data and determining the estimated number of Class Members.

12. Plaintiff has also conducted information and formal discovery regarding Plaintiff's claims and Defendant's defenses.

13. Pursuant to the Settlement Agreement (the "Agreement"), those persons in the Settlement Class will receive a pro rata distribution from the Settlement Fund after payment of administration costs, attorneys' fees, costs of litigation, and any incentive payment.

14. As part of that Agreement, Defendant will make a Maximum Payment of $8,475,000 as the settlement benefits (the "Settlement Fund") for all approved claims. Defendant will also pay all attorneys' fees and expenses, and costs of notice and claims administration from the Settlement Fund. Further, Defendant will pay for the Class Action Fairness Act Notice.

15. It is my opinion that the Class as defined satisfies the requirements of Rule 23 because all persons in the Settlement Class are persons with names associated with cellular telephone numbers that Defendant called at least once using an automatic telephone dialing system and/or prerecorded voice during the Class Period for debt collection purposes. I also believe the Settlement is fair and reasonable.

16. The Settlement Class Members for whom address information is known will be sent a direct mail notice in the form of a postcard explaining they are entitled to make a claim and how to file such claim. They are part of the members of the Class and are entitled to a monetary payment.

17. The claims administrator shall establish and maintain a Settlement Website that (i) enables Class Members to submit a claim and access and download the Class Notice and Claim Form, (ii) provides contact information for Class Counsel, (iii) and provides access to relevant documents. Such documents shall include the Settlement Agreement and Class Notice, the Preliminary Settlement Approval Order, a downloadable Claim Form for

Kazerouni Law Group, APC
Costa Mesa, California

anyone wanting to print a hard copy and mail in the Claim Form, the Complaint, a list of frequently asked questions and answers, and when filed, the Final Settlement Approval Order. The Class Notice shall include the address (URL) of the Settlement Website. The claims administrator shall maintain the Settlement Website until at least 30 days following Final Approval of the Settlement. Class Members will be permitted to submit a claim via the Settlement Website by downloading, completing and submitting electronically a Claim Form.

18. By the date required by the Court to send out notice, the claims administrator shall set up a toll-free telephone number for receiving toll-free calls related to the Settlement. That telephone number shall be maintained until thirty (30) days after the Claims Deadline. Class Members will not be permitted to submit a claim by calling the toll-free telephone number established by the claims administrator. After that time, and for a period of ninety (90) days thereafter, either a person or a recording will advise any caller to the toll-free telephone number that the Claims Deadline has passed and the details regarding the Settlement may be reviewed on the related settlement website.

## CLASS DEFINITION

19. The Class or Settlement Class Members refers to:

> All persons whose cellular telephone number's were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which personas are included in the putative class in Picchi v. World Financial Network Bank, et al., Case No.: 11-CV-61797, currently pending in the

Kazerouni Law Group, APC
Costa Mesa, California

Southern District of Florida.

Agr. § 2.08.

20. The Settlement will be terminable at the option of the Parties if written notice of his, their, or its election to do so is provided to all other Parties hereto within ten (10) calendar days of any of the following occurrences:

    A.    The Court rejects, materially modifies, materially amends or changes, or declines to preliminary or finally approve the Settlement Agreement;

    B.    An appellate court reverses the Final Approval Order, and the Settlement Agreement is not reinstated without material change by the Court on remand;

    C.    Any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval Order, or the Settlement Agreement in a way that Plaintiff or Defendant reasonably considers material, unless such modification or amendment is accepted in writing by all Parties;

    D.    The Effective Date does not occur; or

    E.    Any other ground for termination provided for elsewhere in this Agreement occurs.

21. After approval of Preliminary Approval of Settlement, the pertinent cellular telephone numbers will be disclosed by Defendant to the claims administrator approved by the Court to create the Notice Database.

22. The Parties propose that Kurtzman Carlson Consultants ("KCC") be appointed as claims administrator. KCC specializes in providing administrative services in class action litigation, and has extensive experience in administering consumer protection and privacy class action settlements.

Kazerouni Law Group, APC
Costa Mesa, California

**ADEQUACY OF SETTLEMENT**

23. Defendant shall provide class benefits for a maximum of $8,475,000. The Settlement Class Members stand to receive a cash payment from the Settlement Fund in the form of a check per Approved Claim on a pro rata basis after deducting Settlement Costs.

24. Costs of litigation, notice, claims administration and attorneys' fees are being paid by the Defendant from the Settlement Fund.

25. Any incentive payment awarded to the Representative Plaintiff, Ms. Couser, any attorneys' fees and costs awarded to Class Counsel and certain expenses including Claims Administration Costs, are to be paid from the Settlement Fund by Defendant as follows:

    a. Administration Expenses and payment of notice, estimated by KCC is $2,092,278;

    b. Attorneys' fees and costs to Class Counsel, as approved by the Court, up to $2,118,750;

    c. Incentive/Service Award to Representative Plaintiff in an amount up to $1,500; and,

    d. Payment of reasonable and appropriate costs of litigation (to be itemized), and not to exceed $25,000.

26. Defendant will be permitted to maintain that they deny liability. If the claims administrator approved by the Court determines that a Settlement Class Member's cell phone number was not called because it is not on the list of called cell phone numbers according to the information to be provided by Defendant to the claims administrator, that person will not be entitled to file a claim for a monetary payment.

27. The costs of notice by mail and claims administration will be paid as part of the Settlement Fund.

Kazerouni Law Group, APC
Costa Mesa, California

28. The proposed Settlement contemplates that Class Counsel will request an incentive award in the amount of $1,500 to Ms. Couser, as proposed by Class Counsel, subject to Court approval. Defendant has agreed not to oppose a request for such incentive award in the agreed-upon amount.

29. The proposed Settlement contemplates that Class Counsel shall be entitled to apply to the Court for an award of attorneys' fees, costs, and expenses to be paid from within the Settlement Fund. Defendant has agreed not to oppose an application by Class Counsel for an award of attorneys' fees up to $2,118,750 from the Settlement Fund, which represents 25% of $8,475,000. I believe the excellent results of this Settlement warrant attorneys fees in this amount. Class Counsel also intend to request that the costs of litigation and any costs of Notice and Claims administration, to be paid from the Settlement Benefits. Class Counsel further intend to also ask for costs of litigation not to exceed $25,000 to be paid from the Settlement Benefit.

30. The attorneys' fees and costs application will be prepared solely by Class Counsel, and any attorneys' fees and costs shall be paid to all counsel through Class Counsel.

31. As Defendant does not necessarily have address information for all Settlement Class Members called by Defendant, Class Notice is to be provided by mail to persons in the class for which Defendant has addresses and via publication notice to those Settlement Class Member's for which Defendant does not have address information.

32. The $8,475,000 in Settlement Fund shall pay for the Settlement. Class Counsel have prepared a direct mail notice (Exhibit B to Settlement Agreement) and also a formal lengthy Notice in a Question & Answer format (Exhibit D to Settlement Agreement) to be posted on the Settlement Website that will be created upon preliminary approval of this class action settlement by the Court. Plaintiff will also provide notice by national

Kazerouni Law Group, APC
Costa Mesa, California

publication in USA Today (Exhibit C to the Settlement Agreement). Those notices adequately inform the Settlement Class Members about the settlement and their rights to opt out or object to the Settlement. I believe the proposed notice complies with any notice requirements. KCC, the Parties' proposed claims administrator, will use the Class List from Defendant containing all Class Members' names and addresses, to send out the direct mail notice within thirty (30) days of preliminary approval, where possible.

33. The claims process requires that the members of the Settlement Class: (i) provide his or her name and current address to which the compensation may be sent; and (ii) provide the telephone number on which he or she received the allegedly unlawful call. Claims may be rejected at Defendant's option if the cell number does not match a number actually called by or on behalf of Defendant. Claims may be submitted via mail or the Settlement Website.

34. I am unaware of any conflict of interest between Plaintiff and any putative class member or between Plaintiff and Plaintiff's attorneys.

35. I am unaware of any competing litigation apart from the case entitled *Picchi v. World Financial Network Bank*, 11-CV-61797 ("*Picchi* Action"); however, the Class here has been crafted in such a manner to exclude the persons that are covered by the class definition in the *Picchi* Action.

### RISKS OF CONTINUED LITIGATION

36. Taking into account the burdens, uncertainty and risks inherent in this litigation, Class Counsel have concluded that further prosecution of this action could be protracted, unduly burdensome, and expensive, and that it is desirable, fair, and beneficial to the class that the action now be fully and finally compromised, settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

37. The named Plaintiff and her counsel believe that the claims asserted in the action have merit. However, taking into account the risks of continued

Kazerouni Law Group, APC
Costa Mesa, California

litigation, as well as the delays and uncertainties inherent in such litigation including the risks in any subsequent appeal, they believe that it is desirable that the action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement. Class Counsel have concluded that with the Settlement Benefit and with the deterrent effects of the this Settlement, Class Counsel believe the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

38. Additionally, further developments in case law under the TCPA show substantial risks that these types of cases may not be certified. *See Smith v. Microsoft Corp.*, 2014 U.S. Dist. LEXIS 12799 (Class certification denied); *Connelly v. Hilton Grand Vacations Co.*, LLC, 2013 U.S. Dist. LEXIS 157951 (Class certification denied).

39. A settlement was finalized, agreed upon by all Parties and counsel and a formal Settlement Agreement was executed. This motion for preliminary approval of class action settlement followed, which Defendant has agreed in the Settlement Agreement not to oppose.

40. The Plaintiff and the Class will provide a global release to the Released Parties as outlined in the Agreement. Agr. § 16.01, pp. 31-34.

### CLASS COUNSEL'S EXPERIENCE

41. The Law Offices of Todd M. Friedman, P.C., Hyde & Swigart and Kazerouni Law Group, APC seek appointment as Class Counsel in this Action. As will be reflected in both my declaration and the declaration to be submitted by Joshua B. Swigart and Abbas Kazerounian, I am informed and believe that Class Counsel are qualified and able to conduct this litigation as a class action. It is my understanding that Kazerouni Law Group, APC and the Hyde & Swugart are submitting separate declarations with this

Kazerouni Law Group, APC
Costa Mesa, California

unopposed submission in support of their adequacy to continue to serve as Class Counsel.

42. As one of the main plaintiff litigators of consumer rights cases in the Southern of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights.

43. I have extensive experience prosecuting cases related to consumer issues. My firm, The Law Offices of Todd M. Friedman, P.C., in which I am a principal, has litigated over 1000 individual based consumer cases and litigated over 60 consumer class actions. These class actions were litigated in federal courts in California, as well as California State Courts. Approximately 100% percent of my practice concerns consumer litigation in general, and approximately 50% percent of my class action practice involves litigating claims under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"). Therefore, my experience in litigating class actions and my years in practice allow me to provide outstanding representation to the Settlement Class. I will continue to strive to fairly, responsibly, vigorously and adequately represent the putative class members in this action.

44. I have served as plaintiff's counsel in at least the following cases involving various consumer rights claims (including class actions claims) under the TCPA:

   a. *Vacarro v. I.C. Systems, Inc.*, 12-CV-02371-JAH-NLS (S.D. Cal.);

   b. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal);

   c. *Dancer v. L.A. Times*, BC472154 (L.A. Superior Court);

   d. *Couser v. Comenity Bank*, 3:12-cv-02484-MMA-BGS (S.D. Cal.);

Kazerouni Law Group, APC
Costa Mesa, California

e.  *Stemple v. QC Financial Services Group of California, Inc.*, 3:12-cv-01997-CAB-WVG (S.D. Cal.);

f.  *Abdejalil v. GE Capital Retail Bank*, 3:12-cv-02078-IEG-RBB (S.D. Cal.);

g.  *Groina v. Doc Prep Solutions*, 3:12-cv-02578-BTM-BGS (S.D. Cal.);

h.  *Alexander v. Manasseh Jordan Ministries*, 3:12-cv-02584-IEG-BLM (S.D. Cal.);

i.  *Neuls  v. Dish Network*, 1:13-cv-01181-WJM-KMT (D. CO.);

j.  *Lecesse v. My Financial Gateway*, 3:12-cv-02375-JLS-KSC (S.D. Cal.);

k.  *Auerbach v. Successful Education Online, LLC*, 3:12-cv-05248-JSC (N.D. Cal.);

l.  *Raffin v. E-Choice Healthcare LLC*, 3:12-cv-02517-LAB-BLM (S.D. Cal.);

m. *Olney v. Job.com*, 1:12-cv-01724-LJO-GSA (E.D. Cal.);

n.  *Couser v. Legal Shield*, 3:12-cv-02575-LAB-WVG (S.D. Cal.);

o.  *Langley v. Homeward Residential*, 2:12-cv-02623-JAM-EFB (E.D. Cal.);

p.  *Hunter v. Palisades Collection*, 3:12-cv-02401-JAH-JMA (S.D. Cal.);

q.  *Couser v. Worldwide Commerce Associates, LLC*, 3:13-cv-00118-H-BGS (S.D. Cal.);

r.  *Tarizzo v. United Agencies, Inc., Et Al.*, CV12-10248 JFW (MRWx) (C.D. Cal.);

s.  *Richard Chen v. National Enterprise Systems*, 3:12-cv-05910-JCS (N.D. Cal.);

t.  *Couser v. Apria Healthcare, Inc*. 8:13-cv-00035-JVS-RNB (C.D. Cal.);

Kazerouni Law Group, APC
Costa Mesa, California

u. *Willis, Et Al. v. Chase Retail Services, Et Al.*, CV12-10252 DMG (SHx) (C.D. Cal.);

v. *French v. Target*, 0:13-cv-02626 (District of MN);

w. *Williams v. Credit Management, LP*, 5:12-cv-01924-TJH-OP (C.D. Cal.);

x. *Murdock v. Western Dental Services, Inc.*, 3:12-cv-02449-GPC-BLM (S.D. Cal.);

y. *Senesac v. Santander*, 3:12-cv-1193-J-20JRK (M.D. FL.);

z. *Kielbasinski v. American Publishing Co.*, 841 Civil 2012 (Somerset County, PA);

aa. *Friedman, Et Al. v. United American Insurance Company*, 3:12-cv-02837-IEG-BGS (S.D. Cal.);

bb. *Malis v. Saveology.com, LLC*, 2:13-cv-10013-BAF-LJM (E.D. MI.);

cc. *Blotzer v. Vital Recovery Services, Inc.*, 3:13-cv-00119-H-JMA (S.D. Cal.);

dd. *Friedman v. Massage Envy*, 2:13-cv-04607-JAK-FFM (C.D. Cal.);

ee. *Labou v. Cellco Partnership, et al*, 2:13-cv-00844-MCE-EFB (S.D. Cal.);

ff. *Pacleb v. Career Education Corporation,* 2:13-cv-03090-R-FFM (C.D. Cal.);

gg. *McNally v. Commonwealth Financial Systems, Inc. et al*, 3:12-cv-02770-IEG-MDD (S.D. Cal.);

hh. *Franco v. Consumer Portfolio Services, Inc.*, 3:13-cv-01364-EDL (N.D. Cal.);

ii. *Zimmer, Jr. v. 24 Hour Fitness, et al*, NC057484 (L.A. Superior Court);

jj. *Webb v. Healthcare Revenue Recovery Group, LLC*, 3:13-cv-00737-RS (N.D. Cal.);

Kazerouni Law Group, APC
Costa Mesa, California

kk. *Couser v. Central Credit Services, Inc.*, 3:12-cv-02424-LAB-WMC (S.D. Cal.);

ll. *Abdeljalil v. General Electric Capital Corporation,* 12-CV-02078-IEG-RBB (S.D. Cal.);

mm. *Rivera v. Nuvell Credit Company et al,* 5:13-cv-00164-TJH-OP (C.D. Cal.);

nn. *Blotzer v. Dura Medic, LLC,* 2:13-cv-00675-JAK-JCG (C.D. Cal.);

oo. *Foote v. Credit One Bank*, 2:13-cv-00512-MWF-PLA (C.D. Cal.);

pp. *Rodriguez v. Real Time Resolutions,* 3:13-cv-00728-JM-RBB (S.D. Cal.);

qq. *Fox v. Asset Acceptance,* 3:13-CV-00922-DMS-BGS (S.D. Cal.);

rr. *Couser v. Financial Recovery Services, Inc.*, 3:12-cv-02541-CAB-WVG (S.D. Cal.);

ss. *Friedman v. LAC Basketball Club, Inc.,* 2:13-cv-00818-CBM-AN (C.D. Cal.); and,

tt. *Chen v. Allstate Insurance Company, et al,* 3:13-CV-00685-LB (N.D. Cal.)

45. I have been appointed class counsel for purpose of preliminary approval of class action settlement in two cases: (1) *Ari Friedman v. LAC Basketball Club, Inc.*, 13-cv-00818-CBM-AN; and (2) *Dancer v. The Los Angeles Times Communications LLC*, BC472154.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on September 5, 2014.

By:/s/ Todd M. Friedman
Todd M. Friedman

Kazerouni Law Group, APC
Costa Mesa, California