# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, *on behalf of herself and all others similarly situated*<br><br>    Plaintiff,<br>vs.<br><br>COMENITY BANK, *et al.*<br><br>    Defendants. | Case No. 12CV2484-MMA-BGS<br><br>**ORDER:**<br><br>**GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**DIRECTING DISSEMINATION OF CLASS NOTICE**<br><br>[Doc. No. 52] |

The parties in this action have reached a settlement ("Settlement Agreement" or "Agreement"), which, if approved, would resolve this putative class action. Plaintiff Carrie Couser now seeks an order preliminarily approving the settlement pursuant to Federal Rule of Civil Procedure 23(e), certifying a settlement class, directing dissemination of class notice, and scheduling a final approval hearing. Defendant Comenity Bank has not opposed the motion. Having considered the Agreement, supporting documents, and Plaintiff's motion, the Court **GRANTS** the motion and **ORDERS** as follows:

   1.   For purposes of this Order, all capitalized terms shall have the

meanings defined herein and/or in the Agreement submitted as Exhibit 1 to the Declaration of Abbas Kazerounian, in support of Plaintiff's motion.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      The Court preliminarily approves the Settlement of this Action, on the terms and conditions set forth in the Agreement and the exhibits thereto, as being fair, reasonable, and adequate to warrant dissemination of notice of the proposed settlement to persons in the Settlement Class. This finding is subject to further consideration at the Final Approval Hearing, after dissemination of notice to the members of the Settlement Class, as set forth below.

## CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS

3.      The Court preliminarily certifies, for settlement purposes only, a class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), consisting of:

> All persons whose cellular telephone number's were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which persons are included in the putative class in Picchi v. World Financial Network Bank, et al., Case No.: 11-CV-61797, currently pending in the Southern District of Florida.)

Excluded from the Class is Defendant, its parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom the Action is assigned; and, any member of those judges' staffs and immediate families, as well as persons who validly request exclusion from the Settlement Class.

4.      The Court preliminarily finds, for purposes of settlement only, that the Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, subject to further consideration at the Final Approval Hearing after dissemination of notice to the members of the Settlement Class, as set forth below.

### APPOINTMENT OF CLASS REPRESENTATIVE AND CLASS COUNSEL

6. The Court appoints Plaintiff Carrie Couser as the Class Representative pursuant to Federal Rule of Civil Procedure 23(a)(4).

7. Having considered the factors set forth in Federal Rule of Civil Procedure 23(g)(1), the Court appoints Joshua B. Swigart of Hyde & Swigart, Abbas Kazerounian of the Kazerouni Law Group, APC, and Todd M. Friedman of the Law Offices of Todd M. Friedman, P.C. as Class Counsel.

### NOTICE TO CLASS MEMBERS

8. The Court hereby appoints KCC Class Action Administrators ("KCC") as the Claims Administrator to perform the duties set forth in the Settlement Agreement and this Order.

9. The Court approves the form and method of notice set forth in the Agreement. Comenity Bank shall provide the Notice Database and Class List for those Settlement Class Members who can be identified from its databases to the Claims Administrator and Class Counsel. **Within thirty (30) days after entry of this Order**, or as soon as practicable thereafter, KCC shall mail a postcard-type Notice to each known Settlement Class Member at their last known address as provided by Comenity Bank. Any Notices that are returned as non-deliverable with a forwarding address shall promptly be re-mailed by the Claims Administrator to such forwarding address. Additionally, **within thirty (30) days after entry of this Order**, or as soon as practicable thereafter, the Claims Administrator shall cause a Publication Notice, substantially in the same form as Exhibit B of the Settlement Agreement, to be published on a nationwide basis, in a national edition of USA Today. The postcard and the published notice shall reference a website established for this Settlement, and that website shall contain the full details, in question and answer format, of the Settlement and permit the filing of claims on the website. The mailed and published notices shall also contain the Claims Administrator's toll free telephone number so that the Class Members can inquire about the Settlement and

also make a claim over the telephone.

10.     On or before *April 10, 2015*, the Claims Administrator shall file a declaration of compliance with the notice procedures set forth in the Agreement. The Court finds that the form and method of notice set forth in the Agreement satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, and constitutes the best practicable procedure under the circumstances.

11.     The Court preliminarily approves the process set forth in the Agreement for reviewing, approving and paying claims from the Settlement Fund on a pro rata basis, after deducting claims administration costs, attorneys fees, litigation costs, and any incentive payment ("Settlement Costs").

12.     Any Class Member who desires to be excluded from the class must send a written request for exclusion **to the Claims Administrator, not to the Court**, with a postmark date **no later than ten (10) days after the last date to file claims**. The Claims Administrator's address shall be provided in the notice mailed to the Class Members and also shall be posted on the website. The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than *April 10, 2015*. A copy of that list will be filed with the Motion for Final Approval of the Class Action Settlement.

13.     To be effective, a written request for exclusion must contain the Class Member's full name and address and be signed by the Class Member. The request must also state generally that the person wishes to be excluded from the Settlement.

14.     Any Class Member who submits a valid and timely request for exclusion shall not be a member of the Settlement Class, and shall not be bound by the Agreement or Settlement.

15.     Any Settlement Class Member who intends to object to the fairness of the Settlement must file a written objection with the Court, at United States District Court, Southern District of California, 221 West Broadway, Suite 3130, San Diego,

1  CA 92101, **no later than ten (10) days after the last date to file claims**. Further,
2  any such Settlement Class Member must, within the same time period, provide a
3  copy of the written objection to Class Counsel and Defense Counsel, whose
4  addresses shall be set forth in the website's notice advising the Settlement Class
5  Members about objections.

6  16. The written objection must be signed by the Settlement Class Member
7  and state: the Settlement Class Member's full name, address and telephone number,
8  the reasons for the objection, and whether the objector intends to appear at the Final
9  Approval Hearing on their own behalf or through counsel. Further, the Settlement
10 Class Member must attach to the written objection any documents supporting the
11 objection.

12 17. Any Settlement Class Member who does not file a valid and timely
13 objection to the Settlement shall be barred from seeking review of the Settlement by
14 appeal or otherwise.

FINAL APPROVAL HEARING

16 18. Pursuant to Federal Rule of Civil Procedure 23(e), the Court shall
17 conduct a hearing (hereinafter the "Final Approval Hearing") on *__April 20, 2015 at__*
18 *__2:30 p.m.__* at 221 West Broadway, Courtroom 3A, San Diego, CA 92101. The Final
19 Approval Hearing may be rescheduled or continued by the Court without further
20 notice to the Class Members. At the hearing, the Court will consider the following
21 issues: (1) whether this action satisfies the applicable prerequisites for class action
22 treatment for settlement purposes under Federal Rule of Civil Procedure 23; (2)
23 whether the proposed settlement is fundamentally fair, reasonable, adequate, and in
24 the best interest of the Settlement Class Members and should be approved by the
25 Court; (3) whether the Final Judgment and Order of Dismissal With Prejudice, as
26 provided under the Agreement, should be entered, dismissing the Action with
27 prejudice and releasing the Released Claims against the Released Parties; and (4)
28 such other issues as the Court deems appropriate. The Court **ORDERS** that the date

and time of the Final Approval Hearing shall be set forth in the Notice to be mailed to members of the Settlement Class.

19. All papers supporting final approval of the Settlement Agreement, the application by Class Counsel for attorneys' fees and costs, and the application by Class Representatives for incentive awards, shall be filed with the Clerk of Court on or before ***March 23, 2015***.

20. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. However, Settlement Class Members wishing to be heard shall indicate in their written objection whether they intend to appear at the Final Approval Hearing.

21. If the Agreement is not finally approved for any reason, then this order shall be vacated, the Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

22. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

## CAFA NOTICE

23. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, and as set forth in the Agreement, Comenity Bank is ordered to serve written notice of the proposed settlement on the U.S. attorney general and the attorney general of each state, unless written notice has already been served by Comenity Bank.

**IT IS SO ORDERED.**

DATED: October 2, 2014

_Michael M. Anello_
Hon. Michael M. Anello
United States District Judge