**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff and Proposed
Settlement Class

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMENITY BANK,<br><br>Defendant. | Case No.: 12-CV-02484-MMA-BGS<br><br>**DECLARATION OF ABBAS KAZEROUNIAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT**<br><br>**Date**: April 20, 2015<br>**Time**: 2:30 p.m.<br>**Place**: Courtroom 3A<br>**Judge**: Hon. Michael M. Anello |

KAZEROUNIAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS

# DECLARATION OF ABBAS KAZEROUNIAN

I, Abbas Kazerounian, declare:

1. I am an attorney admitted to the State Bar of California in 2007 and have been a member in good standing since that time. I have litigated cases in both state and federal courts in California, Washington, Nevada, Arizona, Tennessee, Ohio, Illinois and Texas. I am admitted in every federal district in California and have handled federal litigation in the federal districts of California. I am also admitted to the state bar of Texas, Illinois, the Ninth Circuit Court of Appeals, and the Supreme Court of the United States. I am a partner with the law firm Kazerouni Law Group, APC, and co-counsel for plaintiff Carrie Couser ("Plaintiff") in the above-captioned action against defendant Comenity Bank ("Defendant").

2. I have personal knowledge of the following facts and, if called upon as a witness, could and would competently testify thereto, except as to those matters which are explicitly set forth as based upon my information and belief and, as to such matters, I am informed and believe that they are true and correct.

3. I am writing this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs and Incentive Payment.

4. Plaintiff seeks the Court's approval of the following to be paid from $8,475,000 Settlement Fund:

    a. Attorneys' fees in the amount of $2,118,750, representing 25% of the $8,475,000 Settlement Fund;

    b. Costs of litigation incurred by Class Counsel in the amount of $25,000 (actual costs are $28,110.64 as of January 7, 2015);

    c. Notice and claims administration costs estimated to be $2,092,278 ($1,998,988.85 as of December 15, 2014); and

---

**KAZEROUNIAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT**
**CASE NO. 12-CV-02484-MMA-BGS**                1

d. An incentive award of $1,500 to the named Plaintiff.

5. As part of the Settlement Agreement, previously filed as Exhibit 1 to the Declaration of Abbas Kazerounian In Support of Preliminary Approval of Class Action Settlement and Certification of Settlement Class (Dkt. No. 52:3), Plaintiff and Defendant (hereinafter the "Parties"), agreed that Defendant would pay the following from the Settlement Fund: (i) the settlement administration and notice costs (estimated at $2,092,278); (ii) attorneys' fees not to exceed 25% of the Settlement Fund (iii) costs of litigation not to exceed $25,000; (iv) an incentive award of $1,500 for the named Plaintiff. Settlement Agreement or "SA" § 2.20, 2.31, 5.01, 6.01 and 6.02.

6. The Settlement Agreement was the result of good faith, arm's length settlement negotiations over many months, including a telephonic Early Neutral Evaluation Conference presided over by Magistrate Judge Bernard G. Skomal and three full-day mediation sessions before the Honorable Judge Leo Papas (Ret.). *See* Recitals to SA § 1.02 and 1.03. Plaintiff also Plaintiff conducted substantial confirmatory discovery (including two sets of written discovery, and two Fed. R. Civ. P. 30(b)(6) depositions taken on January 21, 2014 and August 21, 2014), confirming the total number of cell phones called, the efficacy of the processes and methodology used by Comenity Bank to assemble the data, and determining the estimated number of class members. The parties also conducted informal and formal discovery surrounding Plaintiff's claims and Defendant's defenses.

## I. COUNSEL'S EXPERIENCE

7. The Kazerouni Law Group, APC, has been preliminarily approved as Class Counsel for purposes of this action and proceeding with the settlement. Dkt. No. 54. I believe that my experience and expertise in this practice area in

California is sufficient to justify my hourly billing rate in this case of $560 per hour. To that end, I hereby submit for the court's consideration my qualifications and a summary of my experience which justify that hourly rate.

8. As one of the main plaintiff litigators of consumer rights cases in the Southern District of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights, including the Telephone Consumer Protection Act ("TCPA"). These organizations include Whittier Law School, Iranian American Bar Association, Trinity School of Law and Chapman Law School, University of Southern California, Irvine, and California Western School of Law. I was the principle anchor on Time Television Broadcasting every Thursday night as an expert on consumer law generally, and the TCPA specifically, between 2012 and 2013. I am a member of the following organizations: (i) Consumer Attorneys Association of Los Angeles; (ii) the Orange County Bar Association; (iii) former President of the Orange County Iranian American Bar Association; (iv) a member in good standing of National Association of Consumer Advocates; (v) member of Consumer Attorneys of California; and (vi) and member of the Federal Bar Association.

9. I am an adjunct professor at California Western School of Law where I teach a three-credit course in consumer law.

10. I have extensive experience prosecuting cases related to consumer issues. My firm, Kazerouni Law Group, APC, in which I am a principal, has litigated over 1000 individual based consumer cases and litigated over 300 consumer class actions. These class actions were litigated in federal courts in California, Washington, Ohio, Nevada, Arizona, Tennessee, Illinois and Texas, as well as California State Courts. Approximately 95% percent of

my practice concerns consumer litigation in general, and approximately 50% percent of my class action practice involves litigating claims under the TCPA.

11. I have also been named Rising Star by San Diego Daily Tribune in 2012, and Rising Star in Super Lawyers Magazine in 2013 and 2014.

12. Throughout this litigation, I have strived to fairly, responsibly, vigorously and adequately represent the putative class members in this action, and I believe that I have been successful in that endeavor.

13. My co-counsel Hyde & Swigart and Law Offices of Todd M. Friedman, P.C. are very experienced in the area of consumer law, including the TCPA. I have and currently work with these firms in a number of other class action cases as co-counsel, including cases under the TCPA.

14. I have filed and litigated numerous consumer rights class actions based on the TCPA and federal and state debt collection statutes in the past several years. The following is a non-exhaustive list of consumer rights class actions which I am or have been personally involved in:

  a. *Hoffman v. Bank of America Corporation*, 12-CV-00539-JAH-DHB (S.D. Cal.) (California class action settlement under Penal Code 632 et seq., for claims of invasion of privacy. Settlement resulted in a common fund in the amount of $2,600,000; preliminary approval set for February 18, 2014)

  b. *Malta, et al. v. Wells Fargo Home Mortgage, et al.*, 10-CV-1290 IEG (BLM) (Served as co-lead counsel for a settlement class of borrowers in connection with residential or automotive loans and violations of the TCPA in attempts to collect on those accounts; obtained a common settlement fund in the amount of $17,100,000; final approval granted in 2013);

c. *Conner v. JPMorgan Chase Bank, et al.*, 10-CV-1284-DMS (BGS) (S.D. Cal.) (preliminarily approved for $11,973,558; awaiting written order finally approving settlement after court finally approved settlement at hearing);

d. *In Re: Midland Credit Management, Inc., Telephone Consumer Protection Act Litigation*, 11-md-2286-MMA (MDD) (S.D. Cal.) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

e. *In Re: Portfolio Recovery Associates, LLC Telephone Consumer Protection Act Litigation*, 11-md-02295-JAH (BGS) (Counsel for a Plaintiff in the lead action, prior to the action being recategorized through the multi-district litigation process; still actively involved in the MDL litigation and settlement process);

f. *Arthur v. SLM Corporation*, 10-CV-00198 JLR (W.D. Wash.) (nationwide settlement achieving the then-largest monetary settlement in the history of the TCPA: $24.15m; final approval granted in 2012)

g. *Lo v. Oxnard European Motors, LLC, et al.*, 11-CV-1009-JLS-MDD (S.D. Cal.) (achieving one of the highest class member payouts in a TCPA action of $1,331.25; final approval granted in 2012);

h. *Sarabri v. Weltman, Weinberg & Reis Co., L.P.A.*, 10-01777-AJB-NLS (S.D. Cal.) (approved as co-lead counsel and worked to obtain a national TCPA class settlement where claiming class members each received payment in the amount of $70.00; final approval granted in 2013);

i. *Barani v. Wells Fargo Bank, N.A.*, 12-CV-02999-GPC-KSC (S.D. Cal.) (Class action settlement under the TCPA for the sending of unauthorized text messages to non-account holders in connection to wire transfers; preliminarily approved for $1,033,361.95);

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

    j. *Sherman v. Yahoo!, Inc.*, 2014 U.S. Dist. LEXIS 13286; 13-CV-0041-GPC-WVG (S.D. Cal.) (TCPA class action where Defendant's motion for summary judgment was denied holding that a single call or text message with the use of an ATDS may be actionable under the TCPA).

    k. *Olney v. Progressive Casualty Insurance Company*, 2014 U.S. Dist. LEXIS 9146 (S.D. Cal.); 13-CV-2058-GPC-NLS (Defendant's motion to dismiss or in the alternative to strike the class allegations was denied finding that debt collection calls were not exempt from coverage under the TCPA, case pending);

    l. *Iniguez v. The CBE Group, Inc.*, 2013 U.S. Dist. LEXIS 127066 (E.D. Cal.); 13-CV-00843-JAM-AC (the court denying Defendant's motion to dismiss and to strike class allegations holding that the TCPA applies to any call made to a cellular telephone with an ATDS).

    m. *Mills v. HSBC Bank Nevada, N.A.*, Case No. 12-CV-04010-SI (N.D. Cal.) (Approved preliminarily for $39,975,000);

    n. *Martin v. Wells Fargo Bank, N.A.*, 12-CV-06030-SI (N.D. Cal.);

    o. *Heinrichs v. Wells Fargo Bank, N.A.*, 13-CV-05434-WHA (N.D. Cal.);

    p. *Newman v. ER Solutions, Inc.*, 11-CV-0592H (BGS);

    q. *In Re Jiffy Lube International, Inc.*, MDL No. 2261 (Finally approved for $47,000,000.00);

    r. *Ridley v. Union Bank, N.A.*, 11-CV-1773 DMS (NLS) (S.D. Cal.);

    s. *Ryabyshchuk v. Citibank (South Dakota) N.A., et al,* 11-CV-1236-IEG (WVG);

    t. *Sherman v. Kaiser Foundation Health Plan, Inc.*, 13-CV-0981-JAH (JMA) (S.D. Cal.) (preliminarily approved for $5,350,000);

    u. *Couser v. Comenity Bank,* No. (S.D. Cal.) (preliminarily approved TCPA class action with common fund of $8,475,000);

v. *Fox v. Asset Acceptance, LLC*, No. 14-cv-00734 -GW-FFM (C.D. Cal.) (TCPA class action, settled and drafting preliminary approval papers);

w. *Olney v. Job.com, Inc. et al.*, No. 12-cv-01724-LJO-SKO (E.D. Cal.); and

x. *Montoya v. SLM Corp. et al.*, No. 4:14-cv-00287 (N.D. Cal.);

y. *Lemieux v. EZ Lube, Inc. et al.*, 12-cv-01791-BAS-JLB (S.D. Cal.) (finally approved for $479,364); and

z. *Knutson v. Schwan's Home Service, Inc. et al.*, (preliminarily approved for $ 2,535,280).

15. I argued before the Ninth Circuit Court of Appeals in *Knutson v. Sirius XM Radio*, No. 12-56120 (9th Cir. 2014), which resulted in an order in favor of my client.

16. Therefore, I believe that my experience and years in practice are sufficient to justify my hourly billing rate in this case of $560 per hour.

## II. OVERVIEW OF KAZEROUNI LAW GROUP, APC'S EFFORTS IN THIS ACTION

### A. CONTINGENT NATURE OF ACTION

17. This action, filed on October 12, 2012, required Kazerouni Law Group, APC, to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed my time as well as my firm's resources. My firm has not been paid anything for our work on this case since it was filed. It is my opinion that law firms in such a position expect to receive a multiplier in cases such as these because of the risk taken, the extent to which firms are unable to take on other cases, the delay in getting paid and the costs we have to advance.

### B. KAZEROUNI LAW GROUP, APC'S LODESTAR

18. Kazerouni Law Group, APC, has maintained contemporaneous time records since the commencement of this action. To date, I have incurred 240.2 hours

of attorney time for this case, with a total lodestar of $134,512.[1] This figure includes an additional estimated 25-30 hours for preparing the final approval hearing papers, appearing at the hearing and overseeing the settlement adminsitration. At my billing rate of $560 per hour in this case, the fees incurred to date by my firm, including the hours of my assoicate Jason A. Ibey, total $154,378.50 (*see* Declaration of Jason A. Ibey, filed concurrently). Of course, if I need to incur more than 25 hours to finalize the settlement, that would increase my lodestar.

19. It is my understanding that co-counsel Joshua B. Swigart at Hyde & Swigart has incurred 239.8 hours of attorney time, which includes an expected additional 45 hours for preparing the final approval hearing papers, appearing at the hearing and overseeing the settlement adminsitration, including responding to any objections from class members. Further, it is my understanding that Mr. Swigart's hourly billing rate is $595.00, and that Hyde & Swigart has to date incurred fees in the amount of $142,681.[2] *See* Declaration of Joshua B. Swigart, filed concurrently.

20. Additionally, it is my understanding that co-counsel Todd M. Friedman at Law Offices of Todd M. Friedman, P.C. has incurred 224.4 hours of attorney time, which includes an expected additional 25 hours for preparing the final approval hearing papers, appearing at the hearing and overseeing the settlement adminsitration. It is also my understanding that Mr. Friedman's hourly billing rate is $535.00, and that Law Offices of Todd M. Friedman, P.C. has to date incurred fees in the amount of $120,054. *See* Declaration of Todd M. Friedman, filed concurrently.

---

[1] The hourly rate sought and used in this lodestar calculation is $560, with 240.2 hours.

[2] It is my understanding that this amount does not include hours of paralegal time.

KAZEROUNIAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS             8

### C. KAZEROUNI LAW GROUP, APC'S COSTS

21. My firm has incurred litigation costs in this matter in the amount of $14,038.55 for which my firm is seeking reimbursement. Also, it is my understanding that Hyde & Swigart incurred and is seeking reimbursement for $9,175.49 in litigation costs and that Law Offices of Todd. M. Friedman, P.C. incurred and is seeking reimbursement for $4,896.60 in litigation costs. Thus, actual costs are $28,110.64, which exceeds the $25,000 in costs authorized by the Settlement Agreement, meaning that Class Counsel are taking a loss of $3,110.64. SA § 6.01. Should my firm, Hyde & Swigart or Law Offices of Todd M. Friedman, P.C. incur costs through final approval of this action, Plaintiff will seek reimbursement of such costs, which additional costs are not expected to increase by more than $5,000.

### D. REASONABLENESS OF HOURLY RATES

22. Kazerouni Law Group, APC's hourly rates are reasonable in respect to the ranges charged by comparable law firms in the State of California.[3]

23. My hourly rate has increased over time, and different rates have been approved based on the complex or non-complex nature of the litigation. I have been approved at a rate of $495 in *Malta v. Wells Fargo Home Mortgage*, 10-CV-1290-BEN (NLS), Dkt. 92 (2013). *Malta* was filed and litigated beginning in 2010. The hourly rate sought in this matter of $560 reflects a modest increase in my hourly rate attributable to an additional four (4) years of experience litigating complex class action since the *Malta* action was filed and litigated.

24. More recently, I have been approved for $545 in *Lemieux v. EZ Lube, Inc. et al.*, 12-cv-01791-BAS-JLB (S.D. Cal.) [Dkt. No. 83], *Hoffman v. Bank of*

---

[3] *See* Survey of the National Law Journal in 2012, attached hereto as Exhibit A.

KAZEROUNIAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS                    9

*America, N.A.*, 12-cv-00539-JAH-DHB (S.D. Cal.) [Dkt. No. 67]; and *Zaw v. Nelnet Business Solutions, Inc.*, 13-cv-05788-RS (N. D. Cal.) [Dkt. No. 39].

### E. OVERVIEW OF WORK PERFORMED BY KAZEROUNI LAW GROUP, APC

25. To provide the Court with an overview of the work done by the Kazerouni Law Group, APC, in this case, without requiring the review of the time records themselves, I divided my work into specific phases that track the progress of the litigation from our initial investigation through settlement.

26. *Initial Case Investigation and Drafting the Complaint*. I spent approximately 9.2 hours on combined initial case investigation, research and drafting the Complaint. Such investigation included the following: Conducting factual and legal research into the merits of the TCPA claims; discussing the facts with our client; conducting research on the Defendant, including whether Defendant had been investigated for any prior TCPA violations of similar sort; drafting the Complaint and reviewing Defendant's responsive pleadings.

27. *Discovery*. I spent approximately 104.2 hours on discovery matters, which included the following: preparation of a discovery plan, review of the parties' initial disclosures; numerous written and telephonic meet and confer conferences with opposing counsel to resolve discovery disputes and respond to requests for extensions, preparing deposition notices, taking depositions (including two Fed. R. Civ. P. 30(b)(6) depositions and the deposition of objector Chairman Alicer Abrazado) and reviewing deposition transcripts.

28. *Settlement Negotiations and Settlement Approval*. I spent approximately 89.5 hours negotiating settlement and seeking the Court's approval of the settlement thereafter. My efforts included following: preparing for the Early

Neutral Evaluation Conference and Case Management Conference, and preparing for and participating in three full-day mediation sessions; negotiating specific settlement details subsequent to establishing general settlement terms through mediation; reviewing the settlement agreement including claims and notice forms, working on the motion for preliminary approval, and preparing the present Motion.

29. *Settlement Administration*. I spent approximately 5 hours engaged in settlement administration, which includes such tasks as answering inquiries from Class Members and communicating with the settlement administrator.

30. *Anticipated Additional Hours Expended for Overseeing Settlement Administration and Final Approval*. I anticipate I will spend an additional 25-30 hours for preparing the final approval hearing papers, appearing at the hearing, and overseeing the settlement administration.

### III. INCENTIVE AWARD SOUGHT

31. As set forth in the Motion, the Class Representative, Carrie Couser, is applying for a modest incentive award of $1,500. Ms. Couser has been active in this litigation and provided critical information to their counsel, which made the successful litigation of this matter possible. Ms. Couser assisted with the factual investigation in her claims, reviewed settlement proposals and made herself available for settlement negotiations that took place over many months.

32. The incentive award sought is modest $1,500 for serving as class representative. SA § 6.02.

33. Based on the amount of work and involvement by Plaintiff, the small incentive award of $1,500 in this case is justified.

### IV. CLAIMS RATE

34. As of December 30, 3014, the claims admistrator reports that 265,564 of the known approximately 3,982,645 settlement Class Members, representing a

claims rate of approximately 6.67%, which is much heigher than anticipated by Class Counsel based on similar TCPA class action settlements.

## V. OBJECTORS

35. To date, one Class Member (Chairman Alicer Abrazado) has filed an objection to the settlement; however, that objection was withdrawn after Class Counsel took the deposition of the objector on January 7, 2015 in San Francisco, California.

## VI. EXHIBITS

36. Attached hereto as **Exhibit A** is a true and correct copy of the National Law Journal 2012 Billing Survey, accessed online on July 1, 2014.

37. Attached hereto as **Exhibit B-1** is a true and correct copy of select portions of the transcript of the deposition of Daniel Gervais, taken on January 21, 2014.

38. Attached hereto as **Exhibit B-2** is a true and correct copy of select portions of the transcript of the deposition of Daniel Gervais, taken on August 21, 2014.

39. Attached hereto as **Exhibit C** is a true and correct copy of final approval order in *Wojcik v. Buffalo Bills Inc.,* No. 8:12-cv-02414-SDM-TBM, Dkt. No. 79 (M.D. Florida Aug. 25, 2014).

40. Attached hereto as **Exhibit D** is a true and correct copy the letter signed by Class Member Chairman Alicer Abrazado on January 7, 2015 changing his objection to the settlement to a request for exclusion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2015, pursuant to the laws of the United States and the State of California at Costa Mesa, California.

/s/ Abbas Kazerounian
Abbas Kazerounian

KAZEROUNIAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS      12