# PLAINTIFF'S EXHIBIT C

Order Granting Final Approval of Class Action Settlement in
*Wojcik v. Buffalo Bills Inc.*,
No. 8:12-cv-02414-SDM-TBM (M.D. Florida August 25, 2014).

_____

*In The Case Of*

*Carrie Couser, Individually and On Behalf of All Others Similarly Situated*
*v.*
*Comenity Bank*

*12-CV-02482-MMA-BGS*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1, COSTA MESA, CALIFORNIA 92626
(800) 400-6808

Exhibit C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY WOJCIK, an individual, on
behalf of himself and all others similarly
situated,

    Plaintiff,

v.                                CASE NO.  8:12-cv-2414-T-23TBM

BUFFALO BILLS, INC.,

    Defendant.
_____/

**FINAL JUDGMENT AND ORDER OF DISMISSAL**

    The plaintiff moves (Doc. 77) for final approval of a class action settlement, for an award of attorneys' fees for the plaintiff's counsel, for an award of expenses, and for an incentive award.  A "fairness hearing" on the settlement occurred on August 20, 2014.

    1.    An April 17, 2014 order (Doc. 73) grants preliminary approval of the settlement and certifies a settlement class[*] that comprises:

> All Persons in the United States and its territories who during the Class Period (from the period of September 12, 2008 until the date of a final Settlement Agreement) subscribed to the Text Service by texting the word "BILLS" from their cellular telephone to SMS short code 64621 in order to receive SMS text message alerts from Defendant during the Class Period and who received text messages from Defendant within a Weekly period (a period of seven (7) days

---

[*] The terms and phrases in this order retain the meaning ascribed to them in the settlement agreement.

Exhibit C

measured from 12:00:01 a.m. Sunday to 11:59:59 p.m. Saturday) during the Class Period where the number of text messages sent as part of the Text Service exceeded five (5) text messages in that Week.

2.   Excluded from the settlement class are (1) the defendant, Buffalo Bills, Inc. ("BBI"), and BBI's agents, subsidiaries, parents, successors, and predecessors; (2) any entity in which BBI has a controlling interest; (3) BBI's current and former employees, officers, and directors; (4) the attorneys, other legal representatives, successors, and assigns of any excluded person; and (5) any person whose claim against the defendant has been adjudicated or released in another action.

3.   The settlement is approved because the settlement is fair, reasonable, and adequate and because the settlement is in the best interests of the settlement class, which is confirmed by the legal and factual composition of this action, the arm's-length negotiations that preceded the settlement, the maturity of the litigation, and participation by both experienced and skillful counsel for the parties and an experienced and skillful mediator.  The plaintiff and the class counsel adequately represented the settlement class in entering and implementing the settlement agreement.  Accordingly, the settlement agreement is **APPROVED**.  This order incorporates by reference (1) the settlement agreement and (2) the findings of fact and conclusions of law announced during the August 20, 2014 fairness hearing.

4.   An April 17, 2014 order preliminarily approves, as the best notice practicable under the circumstances, the parties' plan to notify the settlement class.

Exhibit C

Now successfully implemented, the notice plan satisfies the requirements of Rule 23, Federal Rules of Civil Procedure.

5. In accord with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, BBI properly and timely notified state and federal officials of the settlement agreement. BBI's notice and the accompanying material comply with the applicable requirements of CAFA.

6. On the effective date of the settlement agreement, the plaintiff and each settlement class member fully, finally, completely, and forever release, acquit, and discharge each released party from each released claim. The settlement agreement binds each settlement class member not excluded from the settlement class. Each settlement class member not excluded from the settlement class is permanently barred and enjoined from filing, commencing, or prosecuting and from intervening or participating in (as a class member or otherwise) any other action in any jurisdiction, if the action is based on, or arises from, a released claim.

7. As an award of attorneys' fees, the defendant must pay the plaintiff's counsel $562,500.

8. BBI must pay the plaintiff an incentive award of $5,000 in consideration (1) of his assuming the risk of litigation and (2) of his contributing to the result achieved for the settlement class.

9. In good faith and with the application of best efforts, the parties must deliver the BBI debit cards to eligible members of the settlement class no later than

Exhibit C

November 1, 2014. If either party appeals or causes a tolling of the time to appeal, the parties must deliver the BBI debit cards to eligible members of the settlement class within sixty days after this order becomes final (for example, by expiration of the time to appeal or by receipt of the mandate of the appellate court).

10. Except as specified in this order, the parties must bear their own costs and attorneys' fees.

11. Neither the settlement agreement nor the settlement itself nor the acts, statements, documents, or proceedings pertaining to the settlement agreement admits, concedes, or evidences any fault, wrongdoing, or liability by a party; the validity of any claim or defense; the existence or amount of damages; or the recovery, if any, that might have resulted from a trial.

12. Until the settlement agreement is wholly performed, jurisdiction is retained over the parties and the action (a) to implement, enforce, and administer the settlement agreement and (b) to resolve any dispute concerning the composition of the settlement class or the entitlement to a benefit under the settlement agreement.

ORDERED in Tampa, Florida, on August 25, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

Exhibit C