**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

Attorneys for Plaintiff and Proposed Settlement Class

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMENITY BANK,<br><br>Defendant. | Case No.: 12-CV-02484-MMA-BGS<br><br>**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT**<br><br>**Date**: April 20, 2015<br>**Time**: 2:30 p.m.<br>**Place**: Courtroom 3A<br>**Judge**: Hon. Michael M. Anello |

**FRIEDMAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT**
**CASE NO. 12-CV-02484-MMA-BGS**

# DECLARATION OF TODD M. FRIEDMAN

I, Todd. M. Friedman, declare:

1. I am one of the attorneys for the plaintiff in this action, Carrie Couser ("Ms. Couser" or "Plaintiff"). I am an attorney licensed to practice law in the State of California since 2001, the State of Illinois since 2002, and the State of Pennsylvania since 2011. I have been continuously licensed in California since 2001, Illinois since 2002, and Pennsylvania since 2011, and am in good standing with the California State Bar, Illinois State Bar, and Pennsylvania State Bar. I have litigated cases in both state and federal courts in California and Illinois. I am also admitted in every Federal district in California and have handled federal litigation in the federal districts of California.

2. The declaration is based upon my personal knowledge, except where expressly noted otherwise.

3. I am writing this declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs and Incentive Payment.

4. Plaintiff seeks the Court's approval of the following to be paid from $8,475,000 Settlement Fund:

    a. Attorneys' fees in the amount of $2,118,750, representing 25% of the $8,475,000 Settlement Fund;

    b. Costs of litigation incurred by Class Counsel in the amount of $25,000 (actual costs are $28,110.64 as of January 7, 2015);

    c. Notice and claims administration costs estimated to be $2,092,278 ($1,998,988.85 as of December 15, 2014); and

    d. An incentive award of $1,500 to the named Plaintiff.

5. As part of the Settlement Agreement, previously filed as Exhibit 1 to the Declaration of Abbas Kazerounian In Support of Preliminary Approval of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Class Action Settlement and Certification of Settlement Class (Dkt. No. 52:3), Plaintiff and Defendant (hereinafter the "Parties"), agreed that Defendant would pay the following from the Settlement Fund: (i) the settlement administration and notice costs (estimated at $2,092,278); (ii) attorneys' fees not to exceed 25% of the Settlement Fund (iii) costs of litigation not to exceed $25,000; (iv) an incentive award of $1,500 for the named Plaintiff. Settlement Agreement or "SA" § 2.20, 2.31, 5.01, 6.01 and 6.02.

6. The Settlement Agreement was the result of good faith, arm's length settlement negotiations over many months, including a telephonic Early Neutral Evaluation Conference presided over by Magistrate Judge Bernard G. Skomal and three full-day mediation sessions before the Honorable Judge Leo Papas (Ret.). *See* Recitals to SA § 1.02 and 1.03. Plaintiff also Plaintiff conducted substantial confirmatory discovery (including two sets of written discovery, and two Fed. R. Civ. P. 30(b)(6) depositions taken on January 21, 2014 and August 21, 2014), confirming the total number of cell phones called, the efficacy of the processes and methodology used by Comenity Bank to assemble the data, and determining the estimated number of class members. The parties also conducted informal and formal discovery surrounding Plaintiff's claims and Defendant's defenses.

## I. COUNSEL'S EXPERIENCE

7. The law Offices of Todd M. Friedman, P.C., has been preliminarily approved as Class Counsel for purposes of this action and proceeding with the settlement. Dkt. No. 54. I believe that my experience and expertise in this practice area in California is sufficient to justify my hourly billing rate in this case of $535 per hour. To that end, I hereby submit for the court's consideration my qualifications and a summary of my experience which

justify that hourly rate.

8. As one of the main plaintiff litigators of consumer rights cases in the Southern of California, I have been requested to and have made regular presentations to community organizations regarding debt collection laws and consumer rights.

9. I have extensive experience prosecuting cases related to consumer issues. My firm, The Law Offices of Todd M. Friedman, P.C., in which I am a principal, has litigated over 1000 individual based consumer cases and litigated over 60 consumer class actions. These class actions were litigated in federal courts in California, as well as California State Courts. Approximately 100% percent of my practice concerns consumer litigation in general, and approximately 50% percent of my class action practice involves litigating claims under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 et seq. ("TCPA"). Therefore, my experience in litigating class actions and my years in practice allow me to provide outstanding representation to the Settlement Class. I will continue to strive to fairly, responsibly, vigorously and adequately represent the settlement class members in this action.

10. I have served as plaintiff's counsel in at least the following cases involving various consumer rights claims (including class actions claims) under the TCPA:
   a. *Vacarro v. I.C. Systems, Inc.*, 12-CV-02371-JAH-NLS (S.D. Cal.);
   b. *Rivera v. Nuvell Credit Company LLC*, 13-CV-00164-TJH-OP (E.D. Cal);
   c. *Dancer v. L.A. Times*, BC472154 (L.A. Superior Court);
   d. *Couser v. Comenity Bank*, 3:12-cv-02484-MMA-BGS (S.D. Cal.);
   e. *Stemple v. QC Financial Services Group of California, Inc.*, 3:12-cv-01997-CAB-WVG (S.D. Cal.);

FRIEDMAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS          3

f. *Abdejalil v. GE Capital Retail Bank*, 3:12-cv-02078-IEG-RBB (S.D. Cal.);

g. *Groina v. Doc Prep Solutions*, 3:12-cv-02578-BTM-BGS (S.D. Cal.);

h. *Alexander v. Manasseh Jordan Ministries*, 3:12-cv-02584-IEG-BLM (S.D. Cal.);

i. *Neuls v. Dish Network*, 1:13-cv-01181-WJM-KMT (D. CO.);

j. *Lecesse v. My Financial Gateway*, 3:12-cv-02375-JLS-KSC (S.D. Cal.);

k. *Auerbach v. Successful Education Online, LLC*, 3:12-cv-05248-JSC (N.D. Cal.);

l. *Raffin v. E-Choice Healthcare LLC*, 3:12-cv-02517-LAB-BLM (S.D. Cal.);

m. *Olney v. Job.com*, 1:12-cv-01724-LJO-GSA (E.D. Cal.);

n. *Couser v. Legal Shield*, 3:12-cv-02575-LAB-WVG (S.D. Cal.);

o. *Langley v. Homeward Residential*, 2:12-cv-02623-JAM-EFB (E.D. Cal.);

p. *Hunter v. Palisades Collection*, 3:12-cv-02401-JAH-JMA (S.D. Cal.);

q. *Couser v. Worldwide Commerce Associates, LLC*, 3:13-cv-00118-H-BGS (S.D. Cal.);

r. *Tarizzo v. United Agencies, Inc., Et Al.*, CV12-10248 JFW (MRWx) (C.D. Cal.);

s. *Richard Chen v. National Enterprise Systems*, 3:12-cv-05910-JCS (N.D. Cal.);

t. *Couser v. Apria Healthcare, Inc.* 8:13-cv-00035-JVS-RNB (C.D. Cal.);

u. *Willis, Et Al. v. Chase Retail Services, Et Al.*, CV12-10252 DMG (SHx) (C.D. Cal.);

v. *French v. Target*, 0:13-cv-02626 (District of MN);

w. *Williams v. Credit Management, LP*, 5:12-cv-01924-TJH-OP (C.D. Cal.);

x. *Murdock v. Western Dental Services, Inc.*, 3:12-cv-02449-GPC-BLM (S.D. Cal.);

y. *Senesac v. Santander*, 3:12-cv-1193-J-20JRK (M.D. FL.);

z. *Kielbasinski v. American Publishing Co.*, 841 Civil 2012 (Somerset County, PA);

aa. *Friedman, Et Al. v. United American Insurance Company*, 3:12-cv-02837-IEG-BGS (S.D. Cal.);

bb. *Malis v. Saveology.com, LLC*, 2:13-cv-10013-BAF-LJM (E.D. MI.);

cc. *Blotzer v. Vital Recovery Services, Inc.*, 3:13-cv-00119-H-JMA (S.D. Cal.);

dd. *Friedman v. Massage Envy*, 2:13-cv-04607-JAK-FFM (C.D. Cal.);

ee. *Labou v. Cellco Partnership, et al*, 2:13-cv-00844-MCE-EFB (S.D. Cal.);

ff. *Pacleb v. Career Education Corporation,* 2:13-cv-03090-R-FFM (C.D. Cal.);

gg. *McNally v. Commonwealth Financial Systems, Inc. et al,* 3:12-cv-02770-IEG-MDD (S.D. Cal.);

hh. *Franco v. Consumer Portfolio Services, Inc.*, 3:13-cv-01364-EDL (N.D. Cal.);

ii. *Zimmer, Jr. v. 24 Hour Fitness, et al,* NC057484 (L.A. Superior Court);

jj. *Webb v. Healthcare Revenue Recovery Group, LLC,* 3:13-cv-00737-RS (N.D. Cal.);

kk. *Couser v. Central Credit Services, Inc.*, 3:12-cv-02424-LAB-WMC (S.D. Cal.);

ll. *Abdeljalil v. General Electric Capital Corporation,* 12-CV-02078-IEG-RBB (S.D. Cal.);

mm. *Rivera v. Nuvell Credit Company et al,* 5:13-cv-00164-TJH-OP (C.D. Cal.);

nn. *Blotzer v. Dura Medic, LLC,* 2:13-cv-00675-JAK-JCG (C.D. Cal.);

oo. *Foote v. Credit One Bank*, 2:13-cv-00512-MWF-PLA (C.D. Cal.);

pp. *Rodriguez v. Real Time Resolutions,* 3:13-cv-00728-JM-RBB (S.D. Cal.);

qq. *Fox v. Asset Acceptance,* 3:13-CV-00922-DMS-BGS (S.D. Cal.);

rr. *Couser v. Financial Recovery Services, Inc.*, 3:12-cv-02541-CAB-WVG (S.D. Cal.);

ss. *Friedman v. LAC Basketball Club, Inc.,* 2:13-cv-00818-CBM-AN (C.D. Cal.); and,

tt. *Chen v. Allstate Insurance Company, et al,* 3:13-CV-00685-LB (N.D. Cal.)

11. I have been appointed class counsel for purpose of final approval of class action settlements in two previous cases: (1) *Ari Friedman v. LAC Basketball Club, Inc.*, 13-cv-00818-CBM-AN; and (2) *Dancer v. The Los Angeles Times Communications LLC*, BC472154.

12. Therefore, I believe that my experience and years in practice are sufficient to justify my hourly billing rate in this case of $535 per hour.

## II. OVERVIEW OF LAW OFFICES OF TODD M. FRIEDMAN, P.C.'S EFFORTS IN THIS ACTION

### A. CONTINGENT NATURE OF ACTION

13. This action, filed on October 12, 2012, required the Law Offices of Todd M. Friedman, P.C. to spend time on this litigation that could have been spent on other matters. At various times during the litigation of this class action, this lawsuit has consumed my time as well as my firm's resources. My firm has not been paid anything for our work on this case since it was filed. It is my

opinion that law firms in such a position expect to receive a multiplier in cases such as these because of the risk taken, the extent to which firms are unable to take on other cases, the delay in getting paid and the costs we have to advance.

### B.   LAW OFFICES OF TODD M. FRIEDMAN, P.C.'S LODESTAR

14. Law Offices of Todd M. Friedman, P.C. has maintained contemporaneous time records since the commencement of this action. To date, I have incurred 224.4 hours of attorney time for this case, with a total lodestar of $120,054.00.[1] This figure includes an additional estimated 25 hours for preparing the final approval hearing papers, appearing at the hearing and overseeing the settlement adminsitration.  At my billing rate of $535 per hour in this case, the fees incurred to date by my firm.  Of course, if more than 25 hours are needed to finalize the settlement, that would increase my lodestar.

15. It is my understanding that co-counsel Joshua B. Swigart at Hyde & Swigart has incurred 239.80 hours of attorney time, which includes an expected additional 45 hours for preparing the final approval hearing papers, appearing at the hearing and overseeing the settlement adminsitration, including responding to any objections from class members. Further, it is my understanding that Mr. Swigart's hourly billing rate is $595.00, and that Hyde & Swigart has to date incurred fees in the amount of $150,416.[2] *See* Declaration of Joshua B. Swigart, filed concurrently.

16. Additionally, it is my understanding that co-counsel at Kazerouni Law Group, APC has incurred 302.3 hours of attorney time, which includes an expected additional 40 hours for preparing the final approval hearing

---

[1] The hourly rate sought and used in this lodestar calculation is $535.

[2] It is my understanding that this amount does not include hours of paralegal time.

FRIEDMAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS           7

papers, appearing at the hearing and overseeing the settlement adminsitration. It is also my understanding that Mr. Kazerounian's hourly billing rate is $560.00 and that Jason A. Ibey's billing rate is $365, and that Kazerouni Law Group, APC to date incurred fees in the total amount of $157,178.50.[3] *See* Declaration of Abbas Kazerounian, filed concurrently.

### C. LAW OFFICES OF TODD M. FRIEDMAN, P.C.'S COSTS

17. My firm has incurred litigation costs in this matter in the amount of $4,896.60, for which my firm is seeking reimbursement. Also, it is my understanding that Hyde & Swigart incurred and is seeking reimbursement for $9,175.49 in litigation costs and that Kazerouni Law Group, APC incurred and is seeking reimbursement for $14,038.55 in litigation costs. Thus, the costs exceed the $25,000 in costs authorized by the Settlement Agreement, which means that Class Counsel are taking a loss of $3,110.64. SA § 6.01. Should my firm, Hyde & Swigart, Abbas Kazerounian incur costs through final approval of this action, Plaintiff will seek reimbursement of such costs, which additional costs are not expected to increase by more than $5,000.

### D. REASONABLENESS OF HOURLY RATES

18. Law Offices of Todd M. Friedman, P.C.'s hourly rates are reasonable in respect to the ranges charged by comparable law firms in the State of California.[4] The hourly rate sought in this matter of $535.

///

///

---

[3] It is my understanding that this amount includes 62.1 hours incurred by associated Jason A. Ibey at Kazerouni Law Group, APC. *See* Declaration of Jason A. Ibey, filed concurrently.

[4] *See* Survey of the National Law Journal in 2012, attached hereto as Exhibit A to Declaration of Abbas Kazerounian.

FRIEDMAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS            8

### E. OVERVIEW OF WORK PERFORMED BY LAW OFFICES OF TODD M. FRIEDMAN, P.C.

19. To provide the Court with an overview of the work done by the Law Offices of Todd M. Friedman, P.C. in this case, without requiring the review of the time records themselves, I divided my work into specific phases that track the progress of the litigation from our initial investigation through settlement.

20. *Initial Case Investigation and Pleadings*. Law Offices of Todd M. Friedman, P.C. spent approximately 33.1 hours on combined initial case investigation, research, and pleadings. Such efforts included: consulting with co-counsel regarding factual and legal research into the merits of the TCPA claims; discussing the facts with our client; consult with co-counsel regarding research on the Defendant, including whether Defendant had been investigated for any prior TCPA violations of similar sort; and, review and revise Complaint and Defendant's Answer.

21. *Discovery*. Law Offices of Todd M. Friedman, P.C. spent approximately 33 hours on discovery which included the following: preparing Plaintiff's initial disclosures; review of the Defendant's initial disclosures; draft subsequent sets of written discovery; several telephonic meet and confer conferences with opposing counsel in regards to discovery; and reviewing documents provided by Defendant's in response to requests for production and the deposition transcripts.

22. *Settlement Negotiations and Settlement Approval*. Law Offices of Todd M. Friedman, P.C. spent approximately 121.9 hours negotiating settlement over many months and seeking the Court's approval of the settlement thereafter. This included the following: preparing for an Early Neutral Evaluation Conference and Case Management Conference, and preparing for and attending three full-day mediation sessions; negotiating specific settlement

details subsequent to establishing general settlement terms through mediation; preparing the settlement agreement including claims and notice forms, and preparing the Motion for Preliminary Class Approval.

23. *Claims Administration and Responding to Class Member's Inquires.* Law Offices of Todd M. Friedman, P.C. spent approximately 36.4 hours responding to class member's inquires and consulting with the Claims Administrator and Defendant's counsel regarding notice, claims, and website issues.

24. *Anticipated Additional Hours Expended for Overseeing Settlement Administration and Final Approval.* I anticipate Law Offices of Todd M. Friedman, P.C. will incur an additional 25 hours for preparing the final approval hearing papers, appearing at the hearing, and overseeing the settlement administration, including addressing any objections by settlement Class Members.

## III. INCENTIVE AWARD SOUGHT

25. As set forth in the Motion, the Class Representative, Carrie Couser, is applying for a modest incentive award of $1,500. Ms. Couser has been active in this litigation and provided critical information to their counsel, which made the successful litigation of this matter possible. Ms. Couser assisted with the factual investigation in her claims, reviewed settlement proposals and made herself available for settlement negotiations that took place over many months.

26. In my opinion, the incentive award sought is modest $1,500 for serving as class representative. SA § 6.02.

27. Based on the amount of work and involvement by Plaintiff, the small incentive award of $1,500 in this case is justified.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 7, 2015, pursuant to the laws of the United States and the

FRIEDMAN DECL. IN SUPP. OF MTN. FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT
CASE NO. 12-CV-02484-MMA-BGS          10

State of California at Los Angeles, California.

/s/ Todd M. Friedman
Todd M. Friedman