HOESCH & VANDER PLOEG, P.L.C.
Scott Mancinelli (SBN 171858)
lawmance@live.com
Scottm@hvplaw.com
156 W. Washington
Zeeland, MI 49464-1120
616-772-5221
616-772-1181

Attorney for: Class Member Amy O'Keefe

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>PLAINTIFF,<br><br>v.<br><br>COMENITY BANK,<br><br>DEFENDANT. | CASE No.: .: 12-CV-02484-MMA-BGS<br><br>JUDGE: Hon. Michael M. Anello<br><br>OBJECTION BY CLASS MEMBER AMY O'KEEFE TO MOTION FOR APPROVAL OF CLASS SETTLEMENT (Dkt. No. 52) & MOTION FOR APPROVAL OF PLAINTIFF'S ATTORNEY FEES (Dkt. No. 63) |

    Class Member Amy O'Keefe (Claim # CYC-12635956801 1925746) whose address is 4619 Castle Ct Holland, Michigan, 49423 and telephone number (through counsel) 616-772-5221, hereby submits objection to the class settlement and to the motion for approval of class counsel's attorney fees as follows:

    O'Keefe's primary objection is that the fees requested by class counsel are unreasonable and excessive and significantly deplete the overall amount available for distribution to the claimants. The requested fees would significantly overcompensate class counsel for their efforts in this matter and should be reduced to a reasonable level.

//

//

The following chart, using information stated in the affidavits of class counsel, shows that class counsel spent less than 767 hours working on the case:

| Counsel | Hourly Rate | Total Hours Claimed | Total Fee Based on Rate |
|---|---|---|---|
| Friedman | $535 | 225 | $120,054 |
| Swigart | $595 | 240 | $150,416 |
| Kazerouni | $365 to $560 | 302 | $157,178 |
| **Totals** | | **767** | **$427,648** |

According to the affidavits of class counsel, the above total of hours also include a substantial number of hours for future work related to the settlement. Although counsels provided affidavits no actual time records were included as exhibits to the affidavits (at least this writer did not see them). Thus the foundation for the hours claimed is essentially hearsay, as the affiants are testifying from some record they kept of their hours which has not been provided to the court.

Objector concedes that class counsel provided a valuable service to members of the class in bringing the action and negotiating a settlement. Objector does not doubt that class counsel are highly experienced in their field, but they are also claiming top tier hourly rates (according to their own exhibits) usually reserved for the most senior attorneys in the largest markets at the most expensive firms in the country, yet none of the class counsels have been in practice for

Obj. to Mot. for Approval of Class
Settlement & Attorney Fees

Case No.: 12-CV-02484-MMA-BGS

//
//
more than 15 years, and several have been in practice for less than ten years.

All of the class counsels have stated in their affidavits that they are primarily consumer attorneys that work on contingency actions such as the present matter. Consequently, their claimed hourly rates cannot be based on actual market rates for their services because no one actually hires or pays them based on an hourly rate. For purposes of this objection, O'Keefe will assume that the rates claimed are reasonable. Those premium hourly rates, though, appear to contain at least some level of built-in compensation for the risk taken by class counsel in pursuing this litigation on a contingent fee basis. If we accept the claimed hourly rates and the stated hours, then $427,648 seems to be reasonable compensation for the services rendered. Counsel would be receiving top billing rates that typically would go to attorneys with perhaps twice the number of years of experience. They would also be receiving payment for every hour claimed, without any real oversight or review of their actual time records. However, class counsel do not stop there instead they are seeking 25% of the settlement worth $2,118,750 which clocks out at the incredible hourly rate of $2,762.38! Nearly quintuple their highest hourly rate of $595! This is excessive and not reasonable in relation to the risk or the result obtained.

Class counsel indicate that they have expended approximately $28,000 in costs but seek reimbursement for only $25,000. Counsel deserve credit for their frugality as this amount is probably less than what might be incurred in costs for a single plaintiff medical malpractice case. Spread over three different law firms the risk of costs taken by each class counsel is less

//

//

than ten thousand each. Put a different way, class counsel are seeking approval for a return 78 times greater than the $28,000 they have invested so far.

In regards to the result obtained, class counsel have obtained a settlement that would pay each of the potential 4.3 million claimants less than a dollar if each submitted a claim, or less than $40 if only 3% submit a claim. Yet if each class member has a claim worth at least $500 under the statutes sued upon then the total damages are in the range of $2,150,000,000. Thus the class is walking away and leaving over $2 billion in damages on the table.

The motion to approve the settlement argues that the proposed resolution will have substantial deterrent effect against future violations but it certainly cannot have the same deterrent effect as actually prosecuting these claims to judgment. Class counsel point out that they have prosecuted many similar claims, also to a settlement, which apparently have had no significant deterrent effect as the violations continue to occur as demonstrated by Comenity's mass violation as recently as 2014. Moreover, the fact that class counsel has prosecuted many similar claims with nearly identical legal and factual issues, demonstrates that counsel cannot reasonably argue that the settlement it achieved in this case required extraordinary skill, or a great assumption of risk. Counsel walked a well-trod path – while counsel should be awarded for their efforts, nothing in this case justifies such a high lodestar multiplier or high fee award.

If the Court is inclined to compensate counsel with a lodestar multiplier, O'Keefe suggests that a more reasonable fee would be $855,296, which is double the hourly fees claimed

//
//

by class counsels this would be slightly higher than ten percent of the settlement, and would also mean that all counsels would receive an effective hourly rate of $1,115.00. An award of that size would not only adequately compensate counsel for their efforts, it will still provide adequate incentive for counsel to continue pursuing other similar cases on a contingent fee basis.

The above resolution would put $1,263,454 back into the settlement for distribution to the claimants and increase the payout per claim (assuming 3% claim rate about 129,000 claims) to about $43.00 per claim.

If this Court agrees and upholds this objection, then counsel for O'Keefe respectfully requests an award of attorney fees in the amount of $22,300 for approximately twenty hours of review and work at the proposed effective hourly rate of $1,115.00 as set forth above, for benefiting the class as a whole and increasing the distribution to the class.

Due to the cost and distance Objector is unable to appear in person at the fairness hearing, however, Objector would like to appear telephonically at the fairness hearing if the Court allows.

                                            Respectfully Submitted
                                            HOESCH & VANDER PLOEG, P.L.C.

Dated:  February 9, 2015          By:    /s/ Scott Mancinelli
                                                  Scott Mancinelli (SBN 171858)
                                                  Attorney for Class Member Amy O'Keefe

Obj. to Mot. for Approval of Class
Settlement & Attorney Fees

                                                    CASE NO.: 12-CV-02484-MMA-BGS