SCOTT A. KRON, ESQ.   [State Bar No. 237769]
scott@kronandcard.com
KRON & CARD LLP
A Limited Liability Partnership
23421 S. Pointe Dr., Ste. 280
Laguna Hills, CA 92653-1556
Telephone:   (949) 367-0520
Facsimile:   (949) 613-8472

Attorney for Objector
Anne L. Card

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, individually and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> COMENITY BANK and DOES 1 through 10, inclusive, and each of them, <br><br> Defendants. | Case No.: 12-cv-02484-MMA-BGS <br><br> **CLASS ACTION** <br><br> **OBJECTIONS TO PROPOSED CLASS ACTION SETTLEMENT** <br><br><br><br> **The Hon. Michael M. Anello** |

Class member, Anne L. Card, pursuant to the proposed settlement makes the following statement:

   a.  My name is Anne L. Card;

   b.  My address is 1158 Quail Ridge, Irvine, CA 92603;

   c.  My telephone number is (805) 252-7205;

   d.  I am a member of this class pursuant to a post card notice Anne Card 10551584001;

   e.  Neither I nor my attorney will appear at the fairness hearing; and

f.   I object to the proposed settlement as stated herein.

Class member, Anne L. Card, pursuant to the proposed settlement makes the following objections to such settlement in this case:

## OBJECTIONS

### I. Claims Procedure

The claims process is unfair and unreasonable for many Class Members. The claims-made nature of the settlement is unnecessary for Class Members that the Settlement Administrator has a current address for. For those Class Members, the Parties have all of the information necessary to pay them directly (excluding those that opt-out); however, the settlement requires all Class Members to submit a Claim Form. As a result, out of 4,329,064 Class Members, only 6.67% of the Class will receive a settlement benefit in exchange for a full release of claims. In a case like this, where the Parties and the Settlement Administrator have the necessary information to process settlement checks, a claims-made settlement process is unnecessary and unreasonable for those Class Members. The low claims rate demonstrates that the process—and not necessarily the amount of the settlement payment—is unfair. The Parties should have mailed a settlement check directly to each Class Member with a current address, thereby cutting administration costs and ensuring that the settlement benefited more than a small minority of the Class.

The Settlement Notice does not sufficiently explain *Picchi v. World Financial Network Bank*, how that settlement compares to the settlement in this case, how individuals know which class they are in, or the contact information for Picchi's counsel. Based on this case's Notice, the two lawsuits are related: both classes received unauthorized calls. Did counsel for each class speak together, share discovery, and draft Releases that did not harm either class?

## II. Overbroad Release

The Settlement Release is overbroad and unfair to the Class. The Release includes any claim against Comenity Bank arising out of or related in any way to the facts alleged in this case, including the allegation that Comenity Bank called cellphone numbers with an automatic telephone dialing system or prerecorded voice message without prior express consent. As written, the Release extends beyond the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") and includes claims under the federal Fair Debt Collection Practices Act. Even claims for physical injury would be swept into the Release. The Release is especially dangerous considering that courts and parties cannot agree on the meaning of "automatic telephone dialing system" under the TCPA. There is no evidence that Class Members are receiving additional compensation for such an expansive Release. The Court should specifically limit the Release to claims under the TCPA during the Class Period. The settlement did not result in any injunctive relief or change in Defendant's business practices, therefore, if Defendant used or uses a pre-recorded message to call Class Members and the public between the date of filing of the Complaint in this action and the Final Approval Hearing, especially for debt collection purposes, then this Release should not prevent another class action lawsuit.

## III. Class Counsel's Fee Award

The Court should reduce Class Counsel's fee request and eliminate or reduce Class Counsel's request for expenses. Class Counsel's fee and expense request is excessive and unreasonable because (1) Class Counsel anticipated a low claims rate and failed to ensure more Class Members received benefits, and (2) the request is more than half of the class benefits.

First, as previously mentioned, Class Counsel anticipated a low claims rate and failed to ensure more Class Members received benefits. Class Counsel's decision to agree to a claims-made settlement for all Class Members, even when

1  updated addresses for valid Class Members could have been obtained, is contrary
2  to the Class' interests.

3      Second, Class Counsel's fee request for "25%" of the total settlement fund
4  equals more than 50% of the Class benefits, which is excessive and unreasonable.
5  Class Counsel has inflated the size of the settlement fund by including: notice and
6  administration costs; Class Counsel's expenses; and the named plaintiff's
7  incentive award, within the total settlement benefits. Notice and administration
8  costs are not benefits to the Class; they are costs. The Class should not be forced
9  to pay for these costs because the Class has no assurance that Class Counsel
10 economized the costs. Additionally, the Class should not be forced to pay for a
11 notice and administration plan that was not the most cost effective; the Parties
12 could have cut costs by directly sending settlement payments to Class Members,
13 as opposed to sending out a postcard notice for the purpose of soliciting claim
14 forms from Class Members. A direct payment plan would have cut costs and
15 provided benefits to more than the current 6.67% of the Class. Further, the Class
16 has no assurance Class Counsel economized its own expenses. Class Counsel is
17 requesting millions of dollars for its work, surely it can absorb $25,000 in out-of-
18 pocket expenses in exchange for such a windfall.

19     The Court should reduce Class Counsel's fee award. Class Counsel should
20 receive no more than 25% of $6,304,558 (actual class benefits), which is
21 $1,576,140. The Court also should deny Class Counsel's expense request. More
22 than $1.5 million sufficiently compensates Class Counsel for its work and
23 incentivizes future litigation.

24 ///
25 ///
26 ///
27 ///
28 ///

**Conclusion**

For the foregoing reasons Objector, Anne L. Card, objects to the proposed class action settlement.


DATED: February 9, 2015          KRON AND CARD LLP


By:    /s/ Scott A. Kron
       SCOTT A. KRON, ESQ.
       Attorney for Objector
       Anne L. Card

OBJECTOR

_____
Anne L. Card

SCOTT A. KRON, ESQ.   [State Bar No. 237769]
scott@kronandcard.com
KRON & CARD LLP
A Limited Liability Partnership
23421 S. Pointe Dr., Ste. 280
Laguna Hills, CA 92653-1556
Telephone:   (949) 367-0520
Facsimile:   (949) 613-8472

Attorney for Objector
Anne L. Card

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARRIE COUSER, individually and on behalf of all other similarly situated, | Case No.: 12-cv-02484-MMA-BGS |
| Plaintiffs, | **CERTIFICATE OF SERVICE** |
| vs. | |
| COMENITY BANK and DOES 1 through 10, inclusive, and each of them, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that February 9, 2015, I caused the foregoing Objections To Proposed Class Action Settlement to be filed with the Clerk of the Court and to be served upon all counsel of record in this action using the United States District Court for the Southern District of California Electronic Case Filing ("EFC") System.

The document is available for reviewing and downloading from the ECF System.

/s/ Scott A. Kron
Scott A. Kron, Esq.