# EXHIBIT C

*Order granting final approval of class action settlement in Bellows v. NCO Financial Systems, Inc., 07-cv-01413-W-AJB (S.D. Cal. Dec. 22, 2008)*

---

### In The Case Of

### Carrie Couser, Individually and on Behalf of All Others Similarly Situated,

### v.

### Comenity Bank

### 3:12-cv-02484-MMA-BGS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**FILED**

DEC 22 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
CA          DEPUTY

| | |
|---|---|
| DOUGLAS E. BELLOWS, on behalf of himself and all others similarly situated, ) ) ) | Case No. 3:07-cv-01413-W-AJB |
| Plaintiff, ) ) | **FINAL ORDER AND JUDGMENT** |
| -against- ) ) | |
| NCO FINANCIAL SYSTEMS, INC., ) ) | |
| Defendant. ) ) | |

On August 2, 2007, plaintiff, Douglas E. Bellows (hereinafter referred to as "Plaintiff" or "Class Representative"), filed the above-captioned class action lawsuit (hereinafter referred to as the "Lawsuit") against defendant, NCO Financial Systems, Inc. (hereinafter referred to as "NCO"). Plaintiff asserted class claims against NCO under the Telephone Consumer Protection Act (hereinafter referred to as the "TCPA"), 47 U.S.C. § 227. Specifically, Plaintiff alleged that NCO violated the TCPA by calling his cellular telephone, without "prior express consent," using an "automatic telephone dialing system" and using an "artificial or prerecorded voice."

NCO denied any and all liability alleged in the Lawsuit.

On December 27, 2007, at the Parties' request, the Court appointed Judge Herbert B. Hoffman (Ret.) to serve as a Special Master per Fed. R. Civ. P. 53. Judge Hoffman was appointed to assist with all settlement issues, including issuing necessary reports and recommendations on proposed findings and orders in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

On August 14, 2008, after extensive arms-length negotiations, and 3 mediations before Special Master Hoffman, Plaintiff and NCO (hereinafter jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23. Further, NCO agreed to a 12-month Stipulation and Order for Injunction (hereinafter referred to as the "Stipulated Injunction").

On August 29, 2008, the Parties filed the Agreement, along with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").

In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, on September 4, 2008, NCO served written notice of the proposed class settlement on the United States Attorney General and the attorney general of each state.

On September 10, 2008, upon consideration of the Agreement, Preliminary Approval Motion, Special Master Hoffman's Report and Recommendation, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement and Stipulated Injunction; (iii) appointed Plaintiff

Final Order and Judgment                                                    Case No. 3:07-cv-01413-W-AJB

1   Douglas E. Bellows as the Class Representative; (iv) appointed HYDE & SWIGART

2   and the LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel; and, (v) set

3   the date and time of the Fairness Hearing.

4

5       On November 24, 2008, the Parties filed their Motion for Final Approval of

6   Class Action Settlement Agreement (hereinafter referred to as the "Final Approval

7   Motion").  Pursuant to their Final Approval Motion, the Parties request final

8   certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and (b)(3) and final

9   approval of the proposed class action settlement.

10

11      On December 2, 2008, a Fairness Hearing was held by Special Master Hoffman

12  pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable

13  prerequisites for class action treatment and whether the proposed settlement is

14  fundamentally fair, reasonable, adequate, and in the best interest of the Class Members

15  and should be approved by the Court.

16

17      Special Master Hoffman has issued another Report and Recommendation,

18  recommending that the Court finally certify this Lawsuit as a class action and finally

19  approve the proposed class action settlement, as requested by the Parties.

20

21      The Court has read and considered the Agreement, Final Approval Motion,

22  Special Master Hoffman's Report and Recommendation, and the record.  All

23  capitalized terms used herein have the meanings defined herein and/or in the

24  Agreement.

25      NOW, THEREFORE, IT IS HEREBY ORDERED:

26

27

28
                                        3
Final Order and Judgment                          Case No. 3:07-cv-01413-W-AJB

1    1.    <u>JURISDICTION</u> – The Court has jurisdiction over the subject matter of

2 the Lawsuit and over all settling parties hereto.

3    2.    <u>CLASS MEMBERS</u> – Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3),

4

5 the Lawsuit is hereby finally certified, for settlement purposes only, as a class action

6 on behalf of the following Class Members with respect to the claims asserted in the

7 Lawsuit:

8

> All natural and juridical persons within the United States who were
> called by NCO, without prior express consent, on their paging service,
> cellular telephone service, mobile radio service, radio common carrier
> service, or other service for which they were charged for the call,
> through the use of any automatic telephone dialing system (including an
> automated dialing machine, dialer, and auto-dialer) or artificial or
> prerecorded voice, between August 2, 2003 and September 10, 2008, *i.e.*,
> the date the Order of Preliminary Approval of Class Action Settlement
> was entered by the Court.

9

10

11

12

13

14

15    3.    However, the Class Members do not include any officer, director,

16 attorney, or heir or assign of NCO.  Further, the Class Members do not include any

17 judicial officer or juror who may consider this case.

18    4.    <u>CLASS    REPRESENTATIVE    AND    CLASS    COUNSEL</u>

19

20 <u>APPOINTMENT</u> – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff

21 Douglas E. Bellows as the Class Representative and HYDE & SWIGART and the

22 LAW OFFICES OF DOUGLAS J. CAMPION as Class Counsel.

23    5.    <u>NOTICE AND CLAIM PROCESS</u> – Pursuant to the Court's

24

25 Preliminary Approval Order, NCO, with the cooperation of the third-party class action

26 administrator, complied with the approved notice process.  NCO published the

27

28

Final Order and Judgment              Case No. 3:07-cv-01413-W-AJB

summary notice in the USA Today in 2 Monday editions on September 22 and 29, 2008.  NCO also posted the full notice on the Settlement Website.  Considering the Class Members were unidentifiable, the form and method for notifying the Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.  The Court finds that the notice process was clearly designed to advise the Class Members of their rights.  Further, the Court finds that the claim process set forth in the Agreement was followed and that said process was the best practicable procedure under the circumstances.

6.     FINAL CLASS CERTIFICATION – The Court again finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.     The Class Members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

B.     There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.     The claims of the Plaintiff are typical of the claims of the Class Members;

D.     The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

5

Final Order and Judgment                                              Case No. 3:07-cv-01413-W-AJB

E.      Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7.      The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

8.      SETTLEMENT TERMS – The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

A.      NCO must pay Plaintiff $1,000 for his services as the Class Representative;

B.      NCO must pay each of the 29 Class Members who made a timely accepted claim $70;

C.      NCO must pay a total *cy pres* award of $197,970 to one or more

Final Order and Judgment                                Case No. 3:07-cv-01413-W-AJB

mutually agreed-upon organizations, subject to approval by Special Master Hoffman;

D.     NCO must comply with the Stipulated Injunction filed with the Court and entered along herewith; and

E.     NCO must pay Class Counsel a total of $300,000 in attorneys' fees, costs, and expenses.

9.     <u>STIPULATED INJUNCTION</u> – The Court finally approves and hereby enters the Stipulated Injunction.  Pursuant to the Stipulated Injunction, NCO shall (i) conduct regular training sessions with all NCO debt collectors to ensure that they understand their obligation to stop calling a consumer's cell phone or other wireless number when requested by the consumer; (ii) revise its FDCPA collector testing materials to include questions regarding a collector's obligation to stop calling a consumer's cell phone or other wireless number when requested by the consumer; and, (iii) use its best efforts to ensure that all existing and newly hired NCO debt collectors execute an acknowledgement confirming their understanding of their obligation to stop calling cell or wireless numbers upon request. As set forth in the Stipulated Injunction, NCO shall also provide Class Counsel proof of compliance with the injunction and shall comply with the provisions permitting Class Counsel to ensure compliance with the Stipulated Injunction.  The Stipulated Injunction will lapse and expire 12 months after it is entered by the Court.

10.     <u>EXCLUSIONS AND OBJECTIONS</u> – A total of 67 exclusions were

Final Order and Judgment                                    Case No. 3:07-cv-01413-W-AJB

1   timely submitted, but NCO has objected to 62 of the exclusions submitted by Donald

2   A. Yarbrough, as the purported lawyer for the 62 proposed opt-outs.  NCO contends

3   the 62 exclusions submitted by Mr. Yarbrough were not submitted in compliance with
4
    the Court's Preliminary Approval Order because the Class Members did not sign their
5
6   exclusions.  NCO requests that these 62 exclusions be ruled upon in a separate order,

7   so as not to delay the finality of this order.

8
        11.    As requested, the Court will rule upon the validity of the 62 exclusions
9
10  submitted by Mr. Yarbrough in a separate order.  As to the remaining 5 Class

11  Members who made valid and timely requests for exclusion (*i.e.*, Daniel Laplante;

12  Kevin T. Lemieux; Gretchen Moehrle; Carolyn Palmer; and, Lewis A.D. Smith), the
13
    Court hereby excludes these individuals from the class and settlement.
14
15      12.    The Class Members were given an opportunity to object to the

16  settlement. Only 1 Class Member filed an objection, but the objection was withdrawn.

17
        13.    This order is binding on all Class Members, except those individuals
18
19  identified in ¶ 11 above, who validly and timely excluded themselves from the class.

20      14.    <u>RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT</u> – The Class

21  Representative, Class Members, and their successors and assigns are permanently

22  barred and enjoined from instituting or prosecuting, either individually or as a class, or
23
    in any other capacity, any of the Released Claims against any of the Released Parties,
24
25  as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the

26  Released Claims are compromised, settled, released, discharged, and dismissed with

27

28
                                            8
    Final Order and Judgment                              Case No. 3:07-cv-01413-W-AJB

1   prejudice by virtue of these proceedings and this order.

2       15.     The Lawsuit is hereby dismissed with prejudice in all respects.

3

4       16.     This order is not, and shall not be construed as, an admission by NCO of

5   any liability or wrongdoing in this or in any other proceeding.

6       17.     Without affecting the finality of this Final Order and Judgment in

7   anyway, the Court hereby retains continuing and exclusive jurisdiction over the Parties

8   and all matters relating to the Lawsuit and/or Agreement, including the administration,

9

10  interpretation, construction, effectuation, enforcement, and consummation of the

11  settlement and this order.

12                          ORDER

13  IT IS SO ORDERED.

14

15  DATED: _____12/22/08_____      _____

16                          THE HONORABLE THOMAS J. WHELAN
                            UNITED STATES DISTRICT COURT JUDGE

17  N:\NCO\Bellows, Douglas E. (6947-07-21970) CLASS ACTION\Settlement Pleadings\R&R Re Final Approval\Exhibit 2.Final Order and Judgment.doc

18

19

20

21

22

23

24

25

26

27

28

Final Order and Judgment                                    Case No. 3:07-cv-01413-W-AJB