# EXHIBIT C

**Long Form Notice**
*In The Case Of*
***Carrie Couser, On Behalf of Herself and All Others Similarly Situated***
*v.*
***Comenity Bank et al.***
***3:12-CV-02484-MMA-BGS***
***Couser v. Comenity Bank*** **Case No***: 3:12-cv-02484-MMA-BGS (S.D. Cal)*
United States District Court - Southern District of California
www.CouservComenitySettlement.com

**Frequently Asked Questions**

1.  *Why did I get a postcard?*
2.  *What if I did not get a postcard?*
3.  *What is this lawsuit about?*
4.  *Are you included in the Settlement Class?*
5.  *What are the terms of the Settlement?*
6.  *How can I make a claim for monetary payment?*
7.  *What is the deadline to submit a claim?*
8.  *When would I get my payment?*
9.  *In return for Settlement benefits, what am I giving up?*
10. *How do I get out of the Settlement?*
11. *If I do not exclude myself, am I bound by the Settlement?*
12. *Do I have a lawyer in this case?*
13. *How will the lawyers, class representative and administrator be paid?*
14. *How do I tell the Court that I do not like the Settlement?*
15. *What is the difference between "objecting" and "excluding" yourself?*
16. *When and where is the fairness hearing?*
17. *Do I have to come to the hearing?*
18. *What if I do nothing at all?*
19. *Are there more details about the Settlement?*

1.  *Why did I get a postcard?*

    Comenity Bank's records indicate that you may have been called on a cell phone, either with an automatic telephone dialing system ("ATDS") or by a prerecorded voice message, by Comenity Bank between August 1, 2010 through May 26, 2014 (the "Class Period"). Comenity Bank's records list the cell phone numbers that were called during the Class Period, but do not necessarily include the names of the persons associated with the cell phone numbers that were called. Therefore, the postcard notice has been sent to all persons associated with accounts with cell phone numbers that were called during the Class Period. If you believe you may have been called on your cell phone number by Comenity Bank during the Class Period, you may contact the Claims Administrator to confirm whether your cell phone number was called. If your cell phone number matches one of the cell phone numbers called, you may be entitled to receive a payment. If your cell number was not called during the Class Period, you are not eligible to make a claim. If, however, your telephone number was marked in Comenity Bank's records as a "wrong number," you will not be entitled to receive a payment because there is a different lawsuit, entitled, *Picchi v. World Financial Network Bank, et al.*, Case No.: 11-CV-61797 (Southern District of Florida), that involves such wrong number calls by Comenity Bank.

2.  *What if I did not get a postcard?*

    If you did not receive a postcard regarding the class action settlement in this case, it is likely because Comenity Bank does not have address information for you or the address information is incomplete or inaccurate. However, if your cell phone number was called by Comenity Bank during the Class Period, you may still contact the Claims Administrator to confirm whether your cell phone number was called. If your cell phone number matches one of the cell phone numbers called, you may be entitled to receive a payment. If your cell number was not called during the Class Period, you are not eligible to make a claim. Again, if your telephone number was marked in Comenity Bank's records as a "wrong number," you will not be entitled to receive a payment because there is a different lawsuit, entitled, *Picchi v. World Financial Network Bank, et al.*, Case No.: 11-CV-61797 (S.D. Fl.), that involves such wrong number calls by Comenity Bank.

3.  *What is this lawsuit about?*

    Carrie Couser, the Plaintiff in this lawsuit, alleges that Comenity Bank, the Defendant in this lawsuit, violated the Telephone Consumer Protection Act ("TCPA") by calling persons on their cell phones with either an automated telephone dialing system or by an artificial or prerecorded voice message, without the person's prior express consent. The lawsuit is entitled Carrie Couser v. Comenity Bank, Case No. 3:12-cv-02484-MMA-BGS (Southern District of California) (the "Lawsuit"). The TCPA provides that a plaintiff may seek statutory damages of up to $500 for each call placed, or up to $1,500 for each call placed willfully. Comenity Bank denies that it violated the TCPA. This settlement provides class members less than what they might have received if they took an individual case to judgment. Also, the TCPA does not provide for the recovery of attorneys' fees.

4. *Are you included in the Settlement Class?*

   Those persons in the Settlement Class are defined in the Settlement Agreement as:

   > All persons whose cellular telephone number/s were called by Defendant, released parties, or a third party dialing company on behalf of Defendant or the released parties, using an automatic telephone dialing system and/or an artificial or prerecorded voice, without consent, from August 1, 2010 through May 26, 2014, excluding those persons whose cellular telephone number/s were marked with a "wrong number" code in Defendant's database (which persons are included in the putative class in *Picchi v. World Financial Network Bank, et al.*, Case No.: 11-CV-61797, currently pending in the Southern District of Florida).

5. *What are the terms of the settlement?*

   The Court did not decide in favor of either side. Instead, both sides have voluntarily agreed to a settlement before any trial, which provides for several benefits:

   "Settlement Fund" means an all-in, non-reversionary payment of Eight Million Four Hundred Seventy-Five Thousand Dollars ($8,475,000). The Settlement Fund shall pay for: (1) first, notice and Settlement Administration Costs, (2) second, attorneys' fees and costs to Class Counsel, as approved by the Court, (3) third, an incentive award, if any, to named Plaintiff (Ms. Couser), and (4) fourth, a Class recovery on a pro rata basis to Class Members who submit a Valid Claim Form. An exact estimated pro rata distribution amount paid per class member is determined based on the number of claims filed. The estimated class size is 4,329,064 persons. If all class members filed a valid and timely claim, each class member would receive $1.36. Based on statistical claims rate, it is Class Counsel's best estimate that each claiming class member will receive between $15 and $35.

6. *How can I make a claim for monetary payment?*

   You may make a claim for monetary payment in a number of ways:

   (1) Calling the Claims Administrator, *Couser v. Comenity Bank* Claims Administrator, at its toll-free number, 1-888-939-8042, between the hours of 7:00 a.m. and 5:00 p.m. PST. You will need to provide your cell phone number and/or claim number (if you receive a postcard), which the Claims Administrator will check against the list of class members and cell phone numbers called. If your number is on the Class List, you may file a claim for payment;

   (2) Submitting a claim online at the website: www.CouservComenitySettlement.com; or

   (3) Submitting a claim in writing by completing the Claim Form received by mail or downloaded from the settlement website and mailing the completed Claim Form to the Claims Administrator by the Claims Deadline.

   You must include your:
   a. name;
   b. claim number, if you received a postcard sent to you about the Settlement;
   c. cell phone number on which you may have been called;
   d. current address for receipt of the Settlement payment, if different from the postcard notice address; and
   e. the last four digits of your social security number.

   After your claim is submitted, if the Claims Administrator determines that your cell phone number is on the list, your claim will be processed. Only one claim may be submitted per cellular telephone number called by Comenity Bank. If the Claims Administrator determines that your cell phone number is not on the list, or if your claim is incomplete, you will receive a deficiency notice from the Claims Administrator.

   Written requests must be submitted to the following address:

   *Couser v. Comenity Bank* Claims Administrator
   P.O. Box 43315
   Providence, RI  02940-3315

7. *What is the deadline to submit a claim?*

   All calls or online claims must be made on or before close of business January 29, 2015. If you submit your claim by mail, your claim must be **postmarked** on or before this date.

8. *When would I get my payment?*

   The Court will hold a Final Approval or Fairness Hearing on April 20, 2015, which may be rescheduled by the Court, to decide whether to grant final approval of the Settlement. If Judge Anello grants final approval, and there is no appeal of the approval ruling, the ruling will become final by law in thirty days from the date of the ruling, or it will become final on the date of entry of the ruling if there is no person with standing to appeal. The Claims Administrator will attempt to pay all claims within 60 days of the date the ruling becomes final. Also, there may be appeals. If so, the approval order does not take effect until those appeals are resolved. It is always uncertain whether and when appeals would be resolved, and payment under this Settlement cannot be made until the approval order is final.

9. *In return for Settlement benefits, what am I giving up?*

   Unless you exclude yourself, you will be bound by the terms of this Settlement Agreement, including but not limited to, its release. The full terms of this Release are contained in the Settlement Agreement available, on the settlement website, or at the public court records on file in this lawsuit. You will release (give up) any claim against Comenity Bank arising out of or related in any way to the facts alleged in this case, including the allegation that Comenity Bank called your cellular telephone number with an automatic telephone dialing system or prerecorded voice message without your prior express consent, during the Class Period. Individual calls that violate the TCPA could be worth up to $500 for negligent violation and $1,500 for willful violations. It also means that all of the Court's orders will apply to you and legally bind you. By staying in the Class, you agree to release any claims, known and unknown, arising from the facts alleged in this lawsuit. The full text of the Release of Claims sections of the Settlement Agreement are set forth in the Appendix at the end of this Notice on page 4.

You are releasing those "Released Claims" against the "Released Parties", which means Defendant Comenity Bank, ADS Alliance Data Systems, Inc., Alliance Data Systems Corporation, Comenity Servicing, LLC, Comenity Capital Bank, Comenity, LLC, and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives, directly or indirectly involved in the Lawsuit. As mentioned above, you may receive less money from this settlement than if you file your own lawsuit.

10. *How do I get out of the Settlement?*

If you do not want to participate in this Settlement, then you must take steps to get out of the Settlement. This is called "excluding yourself" from or "opting out" of the Class.

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement in Couser v. Comenity Bank, Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.). Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than February 9, 2015 to the Claims Administrator at the following address:

*Couser v. Comenity Bank* Claims Administrator
P.O. Box 43315
Providence, RI  02940-3315

You cannot exclude yourself on the phone or by email. If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You also will not be legally bound by anything that happens in the Lawsuit.

11. *If I do not exclude myself, am I bound by the Settlement?*

Yes.

12. *Do I have a lawyer in this case?*

The Court appointed the law firms of Kazerouni Law Group, APC, Hyde & Swigart, and Law Offices of Todd M. Friedman, P.C. to represent you and other Settlement Class Members. Their contact information is below. These lawyers are called Class Counsel. If you want your own lawyer, you may hire one at your own expense and enter an appearance through your own counsel.

13. *How will the lawyers, class representative and administrator be paid?*

At the final approval hearing Class Counsel will seek attorneys' fees that will not exceed 25% of the $8,475,000 maximum settlement amount and actual litigation costs not to exceed $25,000. In addition, Class Counsel will seek a service award not to exceed $1,500 for Plaintiff Carrie Couser (the Class Representative), and class notice and administrative costs estimated at $2,093,778.

14. *How do I tell the Court that I do not like the Settlement?*

If you are a Settlement Class Member, and you want to object to the settlement if you do not like any part of it, the deadline to object is February 9, 2015. To object, you must send a letter saying that you object to the settlement in Couser v. Comenity Bank, Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.). Be sure to include your name, address, telephone number, your signature, the reason/s you object to the Settlement and any supporting documents. Mail the objection to each of the following addresses no later than: February 9, 2015.

| Clerk of the Court | Class Counsel | Defense Counsel |
| --- | --- | --- |
| U.S. District Court | KAZEROUNI LAW GROUP APC | CARLSON & MESSER LLP |
| Southern District of California | Abbas Kazerounian, Esq. | David J. Kaminski, Esq. |
| 221 West Broadway, Ste. 3130 | 245 Fischer Ave., Suite D1 | 5959 West Century Blvd., Suite 1214 |
| San Diego, CA 92101 | Costa Mesa, CA 92626 | Los Angeles, CA 90045 |

You may also ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in Couser v. Comenity Bank, Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.)." Be sure to include your name, address, telephone number, and your signature. **Your Notice of Intention to Appear must be postmarked no later than February 9, 2015, and be sent to the Court, Class Counsel and Defense Counsel at the above addresses.**

You cannot object or speak at the hearing if you "excluded yourself" from the Class.

15. *What is the difference between "objecting" and "excluding" yourself?*

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class, which you must do if you want to file your own lawsuit against Comenity Bank. If you exclude yourself, you have no basis to object because the case no longer affects you.

16. *When and where is the fairness hearing?*

The Court will hold a final fairness hearing at 2:30 p.m. on April 20, 2015 at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 3A, before the Honorable Michael M. Anello. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. If anyone has asked to speak at the hearing, Judge Anello will listen to them at that time. The Court will decide after the hearing whether to approve the Settlement as fair and reasonable, to give final approval to the amount of attorneys' fees and costs of notice and claims administration to be paid from the Settlement Fund, and to the incentive payments from the Settlement Fund to be provided to the Class Representative for bringing and litigating this Lawsuit. We do not know how long these decisions will take.

17.   *Do I have to come to the hearing?*

No. Class Counsel will answer questions Judge Anello may have that are directed to the Class. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it.

18.   *What if I do nothing at all?*

If you do nothing, you will be part of the Class and you will receive the benefits detailed above, including the monetary payment if you make a valid and timely claim.

You will also be precluded from being part of any other lawsuit against Comenity Bank or any other released party relating to the Released Claims in this case. It also means that all of the Court's orders will apply to you and legally bind you.

19.   *Are there more details about the Settlement?*

This Notice summarizes the proposed Settlement, and more details are in a Settlement Agreement, which can be downloaded on the settlement website and is part of the Court's file, a public record. Many of the court papers, including the Settlement Agreement, are also posted on the Settlement website www.CouservComenitySettlement.com. You can get a copy of the Settlement Agreement or review any other part of the papers relating to the lawsuit by examining the records of this case, *Couser v. Comenity Bank,* Case No. 3:12-cv-02484-MMA-BGS (S.D. Cal.) at the Clerk's office at the U.S. District Court, Southern District of California, 221 West Broadway, San Diego, CA 92101, Courtroom 3A. The Clerk's office has the ability to make copies of any such public documents for you. Also, all filed documents in the case, including the Settlement documents, are available for viewing online for a fee through the Court's PACER document review system.

Important Dates

| Date: | Deadline: |
|---|---|
| Deadline to submit claim | January 29, 2015 |
| Deadline to opt-out | February 9, 2015 |
| Deadline to object | February 9, 2015 |
| Final Fairness Hearing | April 20, 2015, 2:30 p.m. |

Your Options

• To participate in the Settlement, download a *claim form*

**Appendix**

"Released Parties" means Defendant Comenity Bank, ADS Alliance Data Systems, Inc., Alliance Data Systems Corporation, Comenity Servicing, LLC, Comenity Capital Bank, Comenity, LLC, and each of their respective past, present, and future parents, subsidiaries, holding companies, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and each of their respective executors, successors, assigns, and legal representatives.

Released Claims. Plaintiff and each Settlement Class Member, as well as their respective assigns, heirs, representatives, executors, administrators, successors and agents, hereby release, resolve, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below). The Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity, or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims. The release does not apply to class members who timely opt-out of the Settlement.

A.   "Released Claims" means any and all claims, causes of actions, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorney's fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, and regulatory promulgation (including, but not limited to, an opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or related in any way to the Released Parties' use of an "automatic telephone dialing system" or an "artificial or prerecorded voice" to contact or attempt to contact Settlement Class Members, to the fullest extent that those terms are used, defined, or interpreted by the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., relevant regulatory or administrative promulgations and case law, including, but not limited to, claims under or for a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., and any other statutory or common law claim arising from the use of an automatic telephone dialing system and/or artificial or prerecorded voice calls to cellular telephones, or pagers.

B.   <u>Waiver of Unknown Claims</u>. Without limiting the foregoing, the Released Claims specifically extend to claims that Plaintiff and Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement and the releases contained therein become effective. This Section constitutes a waiver, without limitations as to any other applicable law, under Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and Settlement Class Members understand and acknowledge the significance of these waivers under California Civil Code Section 1542 and similar federal and state statutes, case law, rules or regulations relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiff and the Settlement Class Members acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts that they now know or believe to be true with respect to the subject matter of the Settlement, but that it is their intention to release fully, finally, and forever, all Released Claims with respect to the Released Parties, and in furtherance of such intention, the releases of the Released Claims will be, and remain in effect, notwithstanding the discovery or existence of any such additional or different facts.